IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IOWASKA CHURCH OF HEALING,<br>4114 – 27th Street<br>Des Moines, IA 50310<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CHARLES P. RETTIG, *in his official capacity*<br>*as* Commissioner of Internal Revenue,<br>1111 Constitution Avenue NW<br>Washington, DC 20224<br><br>　　　　Defendant. | Civil Case No. 1:21-cv-02475 |

## ANSWER

The United States of America, as the proper party of interest in place of Charles P. Rettig, in his official capacity as Commissioner of Internal Revenue, by counsel, answers and responds to the allegations set forth in the Complaint of Plaintiff Iowaska Church of Healing as follows:

### FIRST DEFENSE

Charles Rettig, in his official capacity, is not a proper party defendant. The United States of America is the only proper defendant to this action.

### SECOND DEFENSE

Plaintiff is not entitled to litigation costs under 26 U.S.C. § 7430 because this action is not in connection with the determination, collection, or refund of any tax, interest, or penalty.

### THIRD DEFENSE

In further response to the Plaintiff's Complaint, the United States answers the enumerated paragraphs of that pleading as follows:

## I.   Jurisdiction and Venue

1. The Defendant lacks sufficient knowledge to admit or deny all averments in Paragraph 1.

2. The United States denies that Charles P. Rettig, in his Official Capacity, is a proper party to this lawsuit. The remaining allegations are admitted.

3. Admitted.

4. The United States denies that Charles P. Rettig, in his Official Capacity, is a proper party to this lawsuit. The remaining allegations are admitted.

## II.   Introduction

5. The Defendant lacks sufficient knowledge to admit or deny all averments in Paragraph 5.

6. The Defendant admits a final adverse determination letter denying Plaintiff exempt status under 26 U.S.C. § 501(c)(3) was issued on June 28, 2021. The Defendant admits it found Plaintiff's use of DMT was illegal because Plaintiff did not obtain an exemption under the Controlled Substances Act. The remainder of the allegations are denied.

7. Denied.

8. Denied.

## III.   Legal Background

9. The Defendant admits that organizations that are organized and operated exclusively for religious, charitable, scientific, or other designated purposes may qualify for exemption from federal income tax under 26 U.S.C. § 501(c)(3). The remainder of the allegations are denied.

10. The Defendant admits that an organization may apply to secure exemption as an organization described in 26 U.S.C. § 501(c)(3) by submitting IRS Form 1023. The Defendant further admits that, under 26 U.S.C. § 7428(a)(1)(A), an applicant that receives an adverse determination with regards to its initial qualification as an organization described in § 501(c)(3) is permitted to file a declaratory judgment action in the United States District Court for the District of Columbia. The remainder of the allegations are denied.

11. The allegations in this paragraph consist of allegations of law; to the extent a response is required, admitted.

12. The allegations in this paragraph consist of allegations of law; to the extent a response is required, admitted.

13. The allegations in this paragraph consist of allegations of law; to the extent a response is required, admitted.

14. The Defendant admits the facts of *Gonzales v. O Centro Espirita Beneficente Uniao de Vegetal*, 546 U.S. 418 (2006) are as stated in the Supreme Court Opinion. All other averments in Paragraph 14 are denied.

### IV. Facts

15. The Defendant lacks sufficient knowledge to admit or deny all averments in Paragraph 15.

16. The Defendant lacks sufficient knowledge to admit or deny all averments in Paragraph 16.

17. The Defendant admits Plaintiff filed Internal Revenue Service (IRS) Form 1023 requesting recognition as an organization described in 26 U.S.C. § 501(c)(3), specifically as a church within the meaning of 26 U.S.C. § 170(b)(1)(A)(i). The Defendant further admits

receiving Plaintiff's Form 1023 on January 14, 2019.  The Defendant lacks sufficient knowledge to admit or deny all other averments in Paragraph 17.

18. The Defendant lacks sufficient knowledge to admit or deny all averments in Paragraph 18.

19. The Defendant lacks sufficient knowledge to admit or deny all averments in Paragraph 19.

20. The Defendant lacks sufficient knowledge to admit or deny all averments in Paragraph 20.

21. The Defendant lacks sufficient knowledge to admit or deny all averments in Paragraph 21.

22. The Defendant lacks sufficient knowledge to admit or deny all averments in Paragraph 22.

23. The Defendant admits requesting information from the Plaintiff concerning whether the Plaintiff received a religious exemption from the Controlled Substances Act by the Drug Enforcement Administration.  All other averments in Paragraph 23 are denied.

24. The Defendant lacks sufficient knowledge to admit or deny all averments in Paragraph 24.

25. The Defendant admits requesting information from the Plaintiff concerning whether the Plaintiff received a religious exemption from the Controlled Substances Act by the Drug Enforcement Administration.  All other averments in Paragraph 25 are denied.

26. The Defendant admits issuing a preliminary adverse determination letter to the Plaintiff, dated June 16, 2020.  The Defendant further admits the preliminary adverse

determination letter found that Plaintiff was not organized and operated exclusively for exempt purposes under 26 U.S.C. § 501(c)(3). All other averments in Paragraph 26 are denied.

27. The Defendant admits the IRS received a Protest of Proposed Adverse Determination on July 21, 2020. The Defendant further admits the Protest of Proposed Adverse Determination was denied on September 1, 2020. The Defendant admits the final adverse determination letter was issued on June 28, 2021, which stated, in part, that the *O Centro* case was "an organization with activities strikingly similar to your own." The Defendant admits the adverse decision was made for multiple reasons, including because Plaintiff is not organized and operated exclusively for exempt purposes, Plaintiff's activities are illegal under federal law and violate public policy, and Plaintiff is not a church or a convention or association of churches within the meaning of 26 U.S.C. § 170(b)(1)(A)(i). All other averments in Paragraph 27 are denied.

28. The Defendant lacks sufficient knowledge to admit or deny all averments in Paragraph 28.

29. The Defendant incorporates by reference Paragraphs 1 through 28.

30. Admitted.

31. Denied.

32. Denied.

33. Denied.

34. The Defendant incorporates by reference Paragraphs 1 through 33.

35. Admitted.

36. Denied.

37. Denied.

WHEREFORE, having fully answered the allegations of the Plaintiff's Complaint, the United States respectfully requests that this Court deny the relief sought in the Plaintiff's Complaint, dismiss the claims with prejudice, and grant any further relief to which the United States may be entitled.

Dated: November 26, 2021

DAVID A. HUBBERT
Deputy Assistant Attorney General

*/s/ Emily K. Miller*
EMILY K. MILLER (KY #97725)
JOSEPH E. HUNSADER (DC #453328)
KRISTINA M. PORTNER (DC #1002793)
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C. 20044
202-353-7509 (v)
202-514-6866 (f)
Emily.K.Miller@usdoj.gov
Joseph.E.Hunsader@usdoj.gov
Kristina.M.Portner@usdoj.gov
*Counsel for the United States of America*

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of November, 2021, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to those parties registered to receive it.

                                                      */s/ Emily K. Miller*
                                                     EMILY K. MILLER
                                                     Trial Attorney
                                                     United States Department of Justice, Tax Division