IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IOWASKA CHURCH OF HEALING, <br><br> Plaintiff, <br><br> v. <br><br> CHARLES P. RETTIG, <br> In his Official Capacity as <br> Commissioner, Internal Revenue Service <br><br> Defendant. | Case No. 1:21-cv-02475-BAH <br><br><br> **PLAINTIFF'S MOTION** <br> FOR LEAVE TO JOIN ADDITIONAL <br> DEFENDANT, RE-CAPTION CASE, AND <br> FILE AMENDED COMPLAINT |

COMES NOW the Plaintiff, Iowaska Church of Healing (hereinafter "Plaintiff"), by and through the undersigned counsel, and, for its Motion for Leave to Join Additional Defendant, Re-Caption Case, and File Amended Complaint, states as follows:

1. Plaintiff filed its Complaint against Defendant, Charles P. Rettig, in his Official Capacity as Commissioner, Internal Revenue Service, on September 22, 2021. (Compl., *passim*).

2. Defendant Rettig filed an Answer and Affirmative Defenses to Plaintiff's Complaint on November 26, 2021. Therein, and in subsequent communications with counsel for Plaintiff, Defendant Rettig alleged that he was not a proper party in this litigation, and that the United States of America is the correct party. (See, e.g., Def. Answer, ¶2).

3. "A suit against a federal government employee in [their] 'official capacity' qualifies as a suit against the United States." Harris v. Bowser, 404 F.Supp.3d 190, 201 (D. D.C. 2019) (citing Kentucky v. Graham, 473 U.S. 159, 165–66 (1985)); see also Fed. R. Civ. P. 17(d) ("A public officer who sues or is sued in an official capacity may be designated by official title rather than by name, but the court may order that the officer's name be added.").

4.      Although Plaintiff maintains that Defendant Rettig is a correct party to this litigation, and notwithstanding Plaintiff's unchallenged assertion of this Court's jurisdiction in paragraphs 2 and 3 of its Complaint, Plaintiff agrees with opposing counsel that the United States of America may and should be added as an additional named party pursuant to this Court's jurisdiction under 28 U.S.C. § 1346(e).

5.      Federal Rule of Civil Procedure 21 is entitled "Misjoinder and Non-Joinder of Parties." That Rule provides, in relevant and applicable part, that "[p]arties may be dropped or added by order of the court on motion of any party . . . at any stage of the action and on such terms as are just." Fed. R. Civ. P. 21.

6.      Federal Rule of Civil Procedure 15 is entitled "Amended and Supplemental Pleadings." That Rule provides, in relevant and applicable part, that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

7.      Pursuant to Federal Rule of Civil Procedure 21, Plaintiff moves the Court for leave to join the United States of America as a named Defendant in this litigation.

8.      In connection with Plaintiff's motion for leave to join the United States of America as a Defendant, and pursuant to Federal Rule of Civil Procedure 15(a)(2), Plaintiff also moves the Court for leave to file an Amended Complaint identifying the United States of America as a Defendant, and for leave to perfect service of process on the United States of America in accordance with the procedures set forth in the applicable Rules regarding the same.

9.      Service on the United States should not come as a surprise to the United States because Plaintiff has already effected service of the existing Complaint on the United States

Attorney General and on the United States Attorney for the District of Columbia, and intends simply to repeat the process for the proposed Amended Complaint.

10.     Further, counsel for Plaintiff has conferred with counsel for Defendant Rettig concerning the relief requested in this Motion.

11.     Attached hereto is Plaintiff's proposed Amended Complaint.

12.     The claims of Plaintiff against the named Defendant, as well as the proposed, additional Defendant, arise out of the same transaction, occurrence, or series of occurrences, and involve common questions of law or fact, as set forth in the original Complaint.

13.     The proposed Amended Complaint will not alter Plaintiff's previously stated theories of relief in the case; only the caption and number of named defendants will change.

14.     The Amended Complaint will not otherwise affect the Court's jurisdiction.

15.     Granting Plaintiff's Motion will not result in any significant delay in this case, as the litigation is in its early stages.  Applicable dates and deadlines are not yet passed.

16.     Granting Plaintiff's Motion will not result in any prejudice to any present party to this litigation, nor to any party to be added to this litigation.  Indeed, Defendant Rettig answered the Complaint as though the United States of America was already a named party. (Compare Def. Answer at ¶2, "[t]he United States denies . . ." with Def. Answer at ¶6, "[t]he Defendant admits it found Plaintiff's use of DMT was illegal because . . . ").

WHEREFORE, the Plaintiff, Iowaska Church of Healing, prays that its Motion for Leave to Join Additional Defendant, Re-Caption Case, and File Amended Complaint be granted

in the particulars requested above, and for all such further relief as the Court deems just and equitable.

Respectfully submitted,

DENTONS DAVIS BROWN PC

/s/ William A. Boatwright
WILLIAM A. BOATWRIGHT       (Pro Hac Vice)
MICHAEL A. GILMER            (Pro Hac Vice)
Dentons Davis Brown PC
215 10th Street, Ste. 1300
Des Moines, IA  50309
Phone:   (515) 288-2500
Fax:      (515) 243-0654
Email:   Bill.boatwright@dentons.com
Email:   Michael.gilmer@dentons.com
*Counsel for Iowaska Church of Healing*

DENTONS US LLP

/s/ Kenneth J. Pfaehler
KENNETH   J. PFAEHLER (DC #461718)
Dentons US LLP 1
900 K. Street, N.W.
Washington, D.C. 20006
Phone:   (202) 496-7500
Fax:      (202) 496-7756
Email:   Kenneth.pfaehler@dentons.com
*Counsel for Iowaska Church of Healing*

Original Filed.

Copies To:

MERRICK B. GARLAND
United States Attorney General

MATTHEW M. GRAVES
United States Attorney, District of Columbia

DAVID A. HUBBERT
Deputy Assistant Attorney General

EMILY K. MILLER          (KY #97725)
JOSEPH E. HUNSADER    (DC #453328)
KRISTINA M. PORTNER  (DC #1002793)
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C. 20044
Phone:   202-353-7509
Fax:       202-514-6866
Email:   Emily.K.Miller@usdoj.gov
Email:   Joseph.E.Hunsader@usdoj.gov
Email:   Kristina.M.Portner@usdoj.gov
*Counsel for the United States of America*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing instrument was served upon Merrick B. Garland, United States Attorney General, and Matthew M. Graves, United States Attorney for the District of Columbia, by Certified Mail on April 8, 2022.

The undersigned further certifies that on April 8, 2022, the foregoing instrument was electronically filed by CM/ECF to be served upon attorneys of record David A. Hubbert, Emily K. Miller, Joseph E. Hunsader and Kristina M. Portner.

/s/ William A. Boatwright
WILLIAM A. BOATWRIGHT
Dentons Davis Brown PC
*Counsel for Iowaska Church of Healing*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

IOWASKA CHURCH OF HEALING          )
4114 - 27th Street                 )
Des Moines, IA 50310               )
                                   )
   Plaintiff,      )
                                   )
   v.              )
                                   )
CHARLES P. RETTIG,                 )
in his Official Capacity as        )
Commissioner,                      )
Internal Revenue Service           )
1111 Constitution Avenue NW        )   **Civil Action No. 1:21-cv-02475-BAH**
Washington, D.C. 20224;            )
                                   )
and                                )
                                   )
THE UNITED STATES OF AMERICA,      )
a governmental entity,             )
c/o United States Attorney General )
Department of Justice              )
950 Pennsylvania Avenue N.W.       )
Washington, D.C. 20530             )
                                   )
   Defendants.     )

## AMENDED COMPLAINT FOR DECLARATORY RELIEF

COMES NOW, Plaintiff, Iowaska Church of Healing, which states as follows:

## I. JURISDICTION AND VENUE

1.    Plaintiff, Iowaska Church of Healing, was incorporated as an Iowa non-profit corporation on September 24, 2018. Plaintiff has also been registered to do business in the State of Florida since March 19, 2019.

2.    Defendant Charles P. Rettig, ("Rettig"), in his Official Capacity, is the current Commissioner of the Internal Revenue Service, an agency of the government of the United States of America within the meaning of 5 U.S.C. § 552(f) and 5 U.S.C. § 701.

3.      Defendant United States of America, ("USA"), is a governmental entity, and is named pursuant to I.R.C. § 7428 and 28 U.S.C. § 1346(e).   For avoidance of doubt, any reference herein to the USA or to "Defendant" shall also include a reference to "Rettig," and *vice versa*.   This Amended Complaint adding the USA as Defendant relates back to the date of Plaintiff's original Complaint pursuant to Rules 4 and 15(c) of the Federal Rules of Civil Procedure because the claims herein are identical to the original Complaint and because Plaintiff served the original Summons and Complaint on the Attorney General of the United States and the United States Attorney for the District of Columbia, by which the USA received sufficient notice.

4.      This Court has jurisdiction over the subject matter and parties hereto under 28 U.S.C. § 1331 because the action arises under the laws and Constitution of the United States and the action seeks to protect and enforce rights held by plaintiff under I.R.C. § 7428 and under the Religious Freedom Restoration Act of 1993, 42 U.S.C. §§ 2000bb, *et seq*.   The Court also has jurisdiction under 28 U.S.C. § 1346(e), which provides this Court with original jurisdiction over any civil matter against the United States asserted under I.R.C. § 7428.

5.      Venue is proper in this Court under 28 U.S.C. § 1391(e)(1) because this action is brought against an officer of the United States acting in his official capacity, and against the United States of America.   Venue is also statutorily conferred upon this Court under I.R.C. § 7428(a)(2).

## II.  INTRODUCTION

6.      Plaintiff brings this action for a declaratory judgment that it is entitled to recognition as an organization described in I.R.C.  § 501(c)(3) retroactive to the date of its incorporation.  Plaintiff timely filed an application with the Defendant seeking tax-exemption on January 10, 2019.

7.      A final adverse determination letter denying § 501(c)(3) status was issued by the Defendant on June 28, 2021, stating that Plaintiff's use of the Sacrament of Ayahuasca in its religious practices is "illegal."

8.      The Defendant's denial of tax-exemption to Plaintiff directly contradicts the United States Supreme Court's ruling in *Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal,* 546 U.S. 418 (2006), which is controlling in this case.

9.      In addition, by declaring Plaintiff's religious activities to be illegal, Defendant has violated the Religious Freedom Restoration Act of 1993, 42 U.S.C. §§ 2000bb, *et seq*.  As a result, Plaintiff also seeks a declaratory judgment that the Defendant violated that statute.

## III.  LEGAL BACKGROUND

10.      Under I.R.C.  § 501(c)(3), organizations that are organized and operated exclusively for religious, charitable, scientific, and other designated purposes qualify for exemption from federal income tax.

11.      In order to secure exemption as an organization described in I.R.C. § 501(c)(3), an organization is required to apply for such status by submitting IRS Form 1023.  I.R.C. § 508(a). Under I.R.C. § 7428(a)(1)(A), an applicant that receives an adverse determination with regard to its initial qualification as an organization described in § 501(c)(3) is authorized to file a declaratory judgment action in this Court with respect to its initial qualification.

12.     The First Amendment to the United States Constitution provides that Congress shall make no law respecting an establishment of religion or prohibiting the free exercise thereof. U.S. CONST. amend I.

13.     The Religious Freedom Restoration Act of 1993 (the "RFRA") provides that the framers of the United States Constitution, recognizing free exercise of religion as an unalienable right, secured its protection in the First Amendment to the Constitution.   42 U.S.C. § 2000bb(a)(1).  Section 2000bb-1(a) provides that the government shall not substantially burden a person's exercise of religion even if the burden results from a rule of general applicability. Section 2000bb-1(b) of that statute creates an exception to the general rule only if the government can demonstrate that the burden is in furtherance of a compelling governmental interest and is the least restrictive means of furthering that compelling interest.  Under § 2000bb-1(c), a person whose religious exercise has been burdened in violation of the Act may assert that violation as a claim or defense in a judicial proceeding and obtain appropriate relief against the government.

14.     Under the Controlled Substances Act, 21 U.S.C. §§ 801, *et seq*. ("CSA"), Dimethyltryptamine ("DMT") is a Schedule I drug.  DMT is a hallucinogenic alkaloid and is contained in the Sacrament of Ayahuasca.  No statutory exemption for the use of DMT in religious ceremonies is found in the CSA.

15.     *Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal,* 546 U.S. 418 (2006) involved a church whose members received communion by drinking Ayahuasca in the form of a tea brewed from plants found in the Amazonian Rainforest.  The tea contained DMT, a Schedule I controlled substance.  After U.S. Customs seized a shipment of Ayahuasca that was destined for the church and threatened prosecution under the CSA, the church filed suit for

4

declaratory and injunctive relief arguing that application of the CSA to the church's use of Ayahuasca violated the RFRA.  Of central importance to Plaintiff's instant case, the government conceded that the sacramental use of Ayahuasca is a sincere exercise of religion.  *O Centro* 546 U.S. at 1.  Nevertheless, the government argued that its sacramental use by the church was prohibited under the CSA.  The Supreme Court ruled that the government's actions violated the RFRA and affirmed the lower court's preliminary injunction in favor of the church.

## IV.  FACTS

16.     Plaintiff is a non-profit corporation organized under Chapter 504 of the Code of Iowa and is classified as a religious corporation under Iowa Code § 504.141(38) (2021).

17.     Plaintiff's mission is to help individuals attain healing of the mind, body, and spirit through the sacred Sacrament of Ayahuasca under the guidelines of North and South American indigenous traditions and cultural values.  Ayahuasca is consumed in the form of a tea during Plaintiff's religious ceremonies.

18.     On January 10, 2019, Plaintiff filed IRS Form 1023 requesting recognition as an organization described in I.R.C. § 501(c)(3) and, specifically, as a church within the meaning of I.R.C. § 170(b)(1)(A)(i).

19.     On February 28, 2019, Plaintiff filed a request for a religious exemption from the CSA with the Drug Enforcement Administration's ("DEA") Diversion Control Division in Springfield, Virginia.  To date, the Plaintiff has received no substantive response from the DEA with respect to the application despite repeated requests for a reply, including a follow up inquiry by United States Senator Charles Grassley's office.

20.     Legal counsel for Plaintiff notified the DEA offices in Des Moines, Iowa, Springfield, Virginia, and the Miami Division in Weston, Florida, of plaintiff's intention to begin

operations in those jurisdictions in the Spring of 2019.  Legal counsel also notified the Iowa Board of Pharmacy, the Iowa Attorney General's office and the Florida Attorney General's office of Plaintiff's plans to begin conducting its ceremonies at that same time.

21.     The primary purpose of Plaintiff is to operate a spiritual church in one or more fixed locations that conducts regular worship services using the Sacrament of Ayahuasca.  These services also involve prayers, smudging, and spiritual music.  Plaintiff will also operate various educational and mission groups, and conduct outreach designed to provide relief services to veterans of the United States Armed Services at no or reduced cost.

22.     The basis of Plaintiff's doctrine comes from the Ayahuasca Manifesto, a sacred document that details the role of Ayahuasca for human beings, its purpose and the expansion of consciousness.  It details the preparation and management of the Sacrament of Ayahuasca along with its social impact and preservation.  Plaintiff has also adopted Universal Laws of Respect, Mission, Vision & Value Statements that describes its ideology, purpose, and vision more fully.

23.     Plaintiff conducted weekend ceremonies in the State of Florida for its members using the Sacrament of Ayahuasca during the months of May, June, July, and August of 2019. During this time, Plaintiff received and approved 20 applications for membership.

24.     Defendant began challenging the legality of Plaintiff's use of Ayahuasca dating back to its September 10, 2019 second Information Request related to the exemption application.

25.     Plaintiff voluntarily suspended all of its ceremonies after its last ceremony held on August 18, 2019.  Plaintiff's members and its Board of Directors became fearful of conducting further ceremonies using the Sacrament of Ayahuasca after the Defendant questioned its ability to  legally  do  so.    Specifically,  Plaintiff's  members  and  Board  of  Directors  feared  law enforcement intrusion into their sacred ceremonies and prosecution under the CSA.

26.     Defendant again challenged the legality of Plaintiff's use of Ayahuasca in its third Information Request dated February 4, 2020.

27.     Rejecting Plaintiff's legal authorities submitted in its response to the third Information Request, Defendant issued its preliminary adverse determination letter to Plaintiff dated June 16, 2020.  In its determination letter, Defendant stated that Plaintiff was formed for an illegal purpose and its distribution of a controlled substance to individuals is an illegal activity. It was in this preliminary adverse determination letter that Defendant first noted the similarities between Plaintiff's activities and those of the church in the *O Centro* case.

28.     Plaintiff filed its Protest of Proposed Adverse Determination on July 13, 2020, which was denied by Defendant on September 1, 2020.  The case was transferred to Defendant's Appeals Office thereafter.  Plaintiff's appeal languished with no response from Defendant until Plaintiff enlisted the assistance of United States Senator Charles Grassley's office to expedite the appeals process and an appeals conference was held on April 1, 2021.  Defendant denied Plaintiff's appeal and issued its final adverse determination letter dated June 28, 2021, in which it stated that the church in the *O Centro* case was "an organization with activities strikingly similar to your own."  Notwithstanding this comparison, however, Defendant stated that the illegality of Plaintiff's activities was the rationale for its denial.

29.     Plaintiff has not conducted any religious ceremonies using the Sacrament of Ayahuasca since August 18, 2019.  Plaintiff's Board of Directors is fearful that law enforcement will determine that its religious activities are illegal, and that they and Plaintiff's members may be subject to criminal prosecution under the CSA and other pertinent criminal statutes for exercising their First Amendment rights.  As a result, contact with Plaintiff's original 20 members has ceased.

## V.  PLAINTIFF'S CLAIMS FOR RELIEF

### CLAIM ONE

(Declaration As Qualified Organization Under I.R.C. § 501(c)(3))

30.     Plaintiff incorporates by reference paragraphs 1 through 29.

31.     An organization that is organized and operated exclusively for religious purposes is entitled to exemption from federal income tax under I.R.C. § 501(c)(3), and may further be classified as a church within the meaning of I.R.C. § 170(b)(1)(A)(i).

32.     In the 2006 *O Centro* case, the United States Supreme Court recognized the use of the Sacrament of Ayahuasca in religious ceremonies as a sincere exercise of one's right to the free exercise of religion under the First Amendment.  The government conceded this fact in *O Centro*, and did not contest the validity of the church's religious use of the controlled substance. In the instant case, the Defendant noted the striking similarity of the activities of the Plaintiff and the church in the *O Centro* case, yet denied tax-exemption by wrongfully stating that Plaintiff's religious activities are nevertheless illegal.

33.     Pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57, Plaintiff is entitled to declaratory relief with respect to Defendant's recognition of its qualification as an organization described in I.R.C. §§ 501(c)(3) and 170(b)(1)(A)(i).

34.     Pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57, Plaintiff is further entitled to declaratory relief stating that its use of the Sacrament of Ayahuasca during its religious ceremonies is a sincere exercise of religion under the First Amendment to the United States Constitution.

**CLAIM TWO**

(Declaration of Violation of Religious Freedom Restoration Act)

35.     Plaintiff incorporates by reference paragraphs 1 through 34.

36.     The RFRA prohibits the government from substantially burdening a person's free exercise of religion unless the burden furthers a compelling governmental interest and is the least restrictive means of doing so.

37.     By ruling that Plaintiff's activities are illegal in a binding adverse determination letter, the Defendant has imposed a substantial burden on Plaintiff and its members' free exercise of their unalienable First Amendment rights.  Even if the Defendant's actions were found to further a compelling governmental interest, a government agency's public declaration that an activity is illegal is arguably the most restrictive means of furthering such an interest.

38.     Pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57, Plaintiff is entitled to declaratory relief with respect to the Defendant's violation of the RFRA by substantially burdening Plaintiff's and its members' exercise of religion.

**VI.  REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court:

A.     Declare that Plaintiff is entitled to recognition as an organization described in I.R.C. §§ 501(c)(3) and 170(b)(1)(A)(i).

B.     Declare that Plaintiff's use of the Sacrament of Ayahuasca in its religious ceremonies is a sincere exercise of religion under the First Amendment to the United States Constitution and that Plaintiff's use of the sacrament is therefore entitled to protection under the RFRA.

C. Declare that Defendant has substantially burdened Plaintiff's exercise of religion and violated the RFRA.

D. Declare that Plaintiff is entitled to its reasonable litigation costs in bringing this action pursuant to I.R.C. § 7430.

E. Grant such further relief as this Court deems proper.

Respectfully submitted,

/s/ William A. Boatwright
William A. Boatwright
(Pro Hac Vice)
Dentons Davis Brown PC
215 10th Street, Ste. 1300
Des Moines, IA  50309
Phone:  (515) 288-2500
Fax:     (515) 243-0654
Email:   Bill.Boatwright@dentons.com

Date: April 8, 2022


/s/ Kenneth J. Pfaehler
Kenneth J. Pfaehler
D.C. Bar No. 461718
Dentons US LLP
1900 K Street, N.W.
Washington, D.C. 20006
Phone:  (202) 496-7500
Fax:     (202) 496-7756
Email:   Kenneth.Pfaehler@dentons.com

Date: April 8, 2022

*Attorneys for Plaintiff*

Copies To:

MERRICK B. GARLAND
United States Attorney General

MATTHEW M. GRAVES
United States Attorney, District of Columbia

DAVID A. HUBBERT
Deputy Assistant Attorney General

EMILY K. MILLER          (KY #97725)
JOSEPH E. HUNSADER   (DC #453328)
KRISTINA M. PORTNER  (DC #1002793)
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C. 20044
Phone:   202-353-7509
Fax:        202-514-6866
Email:    Emily.K.Miller@usdoj.gov
Email:    Joseph.E.Hunsader@usdoj.gov
Email:    Kristina.M.Portner@usdoj.gov
*Counsel for the United States of America*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

~~IOWASKA CHURCH OF HEALING~~                    )
~~4114 - 27th Street~~                           )
~~Des Moines, IA 50310~~                         )
                                                 )
~~Plaintiff,~~                                   )
                                                 )
~~v.~~                                           )   ~~Civil Action No.~~
                                                 )
~~CHARLES P. RETTIG,~~                           )
~~in his Official Capacity as~~                  )
~~Commissioner,~~                                )
~~Internal Revenue Service~~                     )
~~1111 Constitution Avenue NW~~                  )
~~Washington, DC 20224~~                         )
                                                 )
~~Defendant.~~                                   )

IOWASKA CHURCH OF HEALING                        )
4114 - 27th Street                               )
Des Moines, IA 50310                             )
                                                 )
     Plaintiff,         )
                                                 )
     v.                  )
                                                 )
CHARLES P. RETTIG,                               )
in his Official Capacity as                      )
Commissioner,                                    )   Civil Action No. 1:21-cv-02475-BAH
Internal Revenue Service                         )
1111 Constitution Avenue NW                      )
Washington, D.C. 20224;                          )
                                                 )
and                                              )
                                                 )
THE UNITED STATES OF AMERICA,                    )
a governmental entity,                           )
c/o United States Attorney General              )
Department of Justice                            )
950 Pennsylvania Avenue N.W.                     )

<u>Washington, D.C.  20530</u>                    )
                                                 )
      <u>Defendants.</u>                          )

## <u>AMENDED</u> COMPLAINT FOR DECLARATORY RELIEF

COMES NOW, Plaintiff, Iowaska Church of Healing, which states as follows:

## I. JURISDICTION AND VENUE

1.      Plaintiff, Iowaska Church of Healing, was incorporated as an Iowa non-profit corporation on September 24, 2018.  Plaintiff has also been registered to do business in the State of Florida since March 19, 2019.

2.      Defendant, Charles P. Rettig, <u>("Rettig"),</u> in his Official Capacity, is the current Commissioner of the Internal Revenue Service, an agency <u>of the government of the United States of America</u> within the meaning of 5 U.S.C. ——§ § 552(f) and 5 U.S.C. § 701.

——3     3.      <u>Defendant United States of America, ("USA"), is a governmental entity, and is named pursuant to I.R.C. § 7428 and 28 U.S.C. § 1346(e).  For avoidance of doubt, any reference herein to the USA or to "Defendant" shall also include a reference to "Rettig," and vice versa.  This Amended Complaint adding the USA as Defendant relates back to the date of Plaintiff's original Complaint pursuant to Rules 4 and 15(c) of the Federal Rules of Civil Procedure because the claims herein are identical to the original Complaint and because Plaintiff served the original Summons and Complaint on the Attorney General of the United States and the United States Attorney for the District of Columbia, by which the USA received sufficient notice.</u>

4.      This Court has jurisdiction over the subject matter and parties hereto under 28

U.S.C. § 1331 because the action arises under the laws and Constitution of the United States and

itthe action seeks to protect and enforce rights held by plaintiff under I.R.C. § 7428 and under the

Religious Freedom Restoration Act of 1993, 42 U.S.C. §§ 2000bb, *et seq*.  The Court also has

jurisdiction under 28 U.S.C. § 1346(e), which provides this Court with original jurisdiction over

any civil matter against the United States asserted under I.R.C. § 7428.

45.      Venue is proper in this Court under 28 U.S.C. § 1391(e)(1) because this action is

brought against an officer of the United States acting in his official capacity., and against the

United States of America.  Venue is also statutorily conferred upon this Court under I.R.C. §

7428(a)(2).

## II.  INTRODUCTION

56.      Plaintiff brings this action for a declaratory judgment that it is entitled to

recognition as an organization described in I.R.C. § 501(c)(3) retroactive to the date of its

incorporation.  Plaintiff timely filed an application with the Defendant seeking tax-exemption on

January 10, 2019.

67.      A final adverse determination letter denying § 501(c)(3) status was issued by the

Defendant on June 28, 2021, stating that Plaintiff's use of the Sacrament of Ayahuasca in its

religious practices is "illegal"."

78.      The Defendant's denial of tax-exemption to Plaintiff directly contradicts the United

States Supreme Court's ruling in *Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal,*

546 U.S. 418 (2006), which is controlling in this case.

3

89.    In addition, by declaring Plaintiff's religious activities to be illegal, Defendant has

violated the Religious Freedom Restoration Act of 1993, 42 U.S.C. §§ 2000bb, *et seq*.  As a result,

Plaintiff also seeks a declaratory judgment that the Defendant violated that statute.

### III.  LEGAL BACKGROUND

910.    Under I.R.C. § 501(c)(3), organizations that are organized and operated exclusively

for religious, charitable, scientific, and other designated purposes qualify for exemption from

federal income tax.

1011.    In order to secure exemption as an organization described in I.R.C. § 501(c)(3), an

organization is required to apply for such status by submitting IRS Form 1023.  I.R.C.          §

508(a).  Under I.R.C. § 7428(a)(1)(A), an applicant that receives an adverse determination with

regard to its initial qualification as an organization described in § 501(c)(3) is authorized to file a

declaratory judgment action in this Court with respect to its initial qualification.

1112.    The First Amendment to the United States Constitution provides that Congress

shall make no law respecting an establishment of religion or prohibiting the free exercise thereof.

U.S. CONST. amend I.

1213.    The Religious Freedom Restoration Act of 1993 (the "RFRA") provides that the

framers of the United States Constitution, recognizing free exercise of religion as an unalienable

right, secured its protection in the First Amendment to the Constitution.  42 U.S.C.          §

2000bb(a)(1).  Section 2000bb-1(a) provides that the government shall not substantially burden a

person's exercise of religion even if the burden results from a rule of general applicability.  Section

2000bb-1(b) of that statute creates an exception to the general rule only if the government can

demonstrate that the burden is in furtherance of a compelling governmental interest and is the least

restrictive means of furthering that compelling interest.  Under § 2000bb-1(c), a person whose

religious exercise has been burdened in violation of the Act may assert that violation as a claim or defense in a judicial proceeding and obtain appropriate relief against the government.

~~13~~14.   Under the Controlled Substances Act, 21 U.S.C. §§ 801, *et seq.* ("CSA"), Dimethyltryptamine ("DMT") is a Schedule I drug.   DMT is a hallucinogenic alkaloid and is contained in the Sacrament of Ayahuasca.   No statutory exemption for the use of DMT in religious ceremonies is found in the CSA.

~~14~~15.   *Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal,* 546 U.S. 418 (2006) involved a church whose members received communion by drinking Ayahuasca in the form of a tea brewed from plants found in the Amazonian Rainforest.   The tea contained DMT, a Schedule I controlled substance.   After U.S. Customs seized a shipment of Ayahuasca that was destined for the church and threatened prosecution under the CSA, the church filed suit for declaratory and injunctive relief arguing that application of the CSA to the church's use of Ayahuasca violated the RFRA.   Of central importance to Plaintiff's instant case, the government conceded that the sacramental use of Ayahuasca is a sincere exercise of religion.   *O Centro* 546 U.S. at 1. Nevertheless, the government argued that its sacramental use by the church was prohibited under the CSA. The Supreme Court ruled that the government's actions violated the RFRA and affirmed the lower court's preliminary injunction in favor of the church.

## IV.  FACTS

~~15~~16.   Plaintiff is a non-profit corporation organized under Chapter 504 of the Code of Iowa and is classified as a religious corporation under Iowa Code § 504.141(38) (2021).

~~16~~17.   Plaintiff's mission is to help individuals attain healing of the mind, body, and spirit through the sacred Sacrament of Ayahuasca under the guidelines of North and South American

indigenous traditions and cultural values. Ayahuasca is consumed in the form of a tea during Plaintiff's religious ceremonies.

~~17~~18. On January 10, 2019, Plaintiff filed IRS Form 1023 requesting recognition as an organization described in I.R.C. § 501(c)(3) and, specifically, as a church within the meaning of I.R.C. § 170(b)(1)(A)(i).

~~18~~19. On February 28, 2019, Plaintiff filed a request for a religious exemption from the CSA with the Drug Enforcement Administration's ("DEA") Diversion Control Division in Springfield, Virginia. To date, the Plaintiff has received no substantive response from the DEA with respect to the application despite repeated requests for a reply, including a follow up inquiry by United States Senator Charles Grassley's office.

~~19~~20. Legal counsel for Plaintiff notified the DEA offices in Des Moines, Iowa, Springfield, Virginia, and the Miami Division in Weston, Florida, of plaintiff's intention to begin operations in those jurisdictions in the Spring of 2019. Legal counsel also notified the Iowa Board of Pharmacy, the Iowa Attorney General's office and the Florida Attorney General's office of Plaintiff's plans to begin conducting its ceremonies at that same time.

~~20~~21. The primary purpose of Plaintiff is to operate a spiritual church in one or more fixed locations that conducts regular worship services using the Sacrament of Ayahuasca. These services also involve prayers, smudging, and spiritual music. Plaintiff will also operate various educational and mission groups, and conduct outreach designed to provide relief services to veterans of the United States Armed Services at no or reduced cost.

~~21~~22. The basis of Plaintiff's doctrine comes from the Ayahuasca Manifesto, a sacred document that details the role of Ayahuasca for human beings, its purpose and the expansion of consciousness. It details the preparation and management of the Sacrament of Ayahuasca along

with its social impact and preservation.  Plaintiff has also adopted Universal Laws of Respect, Mission, Vision & Value Statements that describes its ideology, purpose, and vision more fully.

2223.  Plaintiff conducted weekend ceremonies in the State of Florida for its members using the Sacrament of Ayahuasca during the months of May, June, July, and August of 2019. During this time, Plaintiff received and approved 20 applications for membership.

2324.  Defendant began challenging the legality of Plaintiff's use of Ayahuasca dating back to its September 10, 2019 second Information Request related to the exemption application.

2425.  Plaintiff voluntarily suspended all of its ceremonies after its last ceremony held on August 18, 2019.  Plaintiff's members and its Board of Directors became fearful of conducting further ceremonies using the Sacrament of Ayahuasca after the Defendant questioned its ability to legally do so.  Specifically, Plaintiff's members and Board of Directors feared law enforcement intrusion into their sacred ceremonies and prosecution under the CSA.

2526.  Defendant again challenged the legality of Plaintiff's use of Ayahuasca in its third Information Request dated February 4, 2020.

2627.  Rejecting Plaintiff's legal authorities submitted in its response to the third Information Request, defendantDefendant issued its preliminary adverse determination letter to plaintiffPlaintiff dated June 16, 2020.  In its determination letter, defendantDefendant stated that plaintiffPlaintiff was formed for an illegal purpose and its distribution of a controlled substance to individuals is an illegal activity.  It was in this preliminary adverse determination letter that defendantDefendant first noted the similarities between Plaintiff's activities and those of the church in the *O Centro* case.

2728.  Plaintiff filed its Protest of Proposed Adverse Determination on July 13, 2020, which was denied by defendantDefendant on September 1, 2020.  The case was transferred to

Defendant's Appeals Office thereafter.   Plaintiff's appeal languished with no response from Defendant until Plaintiff enlisted the assistance of United States Senator Charles Grassley's office to expedite the appeals process and an appeals conference was held on April 1, 2021.   Defendant denied Plaintiff's appeal and issued its final adverse determination letter dated June 28, 2021, in which it stated that the church in the *O Centro* case was "an organization with activities strikingly similar to your own."   Notwithstanding this comparison, however, Defendant stated that the illegality of Plaintiff's activities was the rationale for its denial.

2829.   Plaintiff has not conducted any religious ceremonies using the Sacrament of Ayahuasca since August 18, 2019.   Plaintiff's Board of Directors is fearful that law enforcement will determine that its religious activities are illegal, and that they and Plaintiff's members may be subject to criminal prosecution under the CSA and other pertinent criminal statutes for exercising their First Amendment rights.   As a result, contact with Plaintiff's original 20 members has ceased.

## V.  PLAINTIFF'S CLAIMS FOR RELIEF

### CLAIM ONE

(Declaration As Qualified Organization Under I.R.C. § 501(c)(3))

2930.   Plaintiff incorporates by reference paragraphs 1 through 2829.

3031.   An organization that is organized and operated exclusively for religious purposes is entitled to exemption from federal income tax under I.R.C. § 501(c)(3), and may further be classified as a church within the meaning of I.R.C. § 170(b)(1)(A)(i).

3132.   In the 2006 *O Centro* case, the United States Supreme Court recognized the use of the Sacrament of Ayahuasca in religious ceremonies as a sincere exercise of one's right to the free exercise of religion under the First Amendment.   The government conceded this fact in *O Centro*, and did not contest the validity of the church's religious use of the controlled substance.   In the

8

instant case, the Defendant noted the striking similarity of the activities of the Plaintiff and the church in the *O Centro* case, yet denied tax-exemption by wrongfully stating that Plaintiff's religious activities are nevertheless illegal.

3233.   Pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57, Plaintiff is entitled to declaratory relief with respect to Defendant's recognition of its qualification as an organization described in I.R.C. §§ 501(c)(3) and 170(b)(1)(A)(i).

3334.   Pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57, Plaintiff is further entitled to declaratory relief stating that its use of the Sacrament of Ayahuasca during its religious ceremonies is a sincere exercise of religion under the First Amendment to the United States Constitution.

## CLAIM TWO

(Declaration of Violation of Religious Freedom Restoration Act)

3435.   Plaintiff incorporates by reference paragraphs 1 through 3334.

3536.   The RFRA prohibits the government from substantially burdening a person's free exercise of religion unless the burden furthers a compelling governmental interest and is the least restrictive means of doing so.

3637.   By ruling that Plaintiff's activities are illegal in a binding adverse determination letter, the Defendant has imposed a substantial burden on Plaintiff and its members' free exercise of their unalienable First Amendment rights.  Even if the Defendant's actions were found to further a compelling governmental interest, a government agency's public declaration that an activity is illegal is arguably the most restrictive means of furthering such an interest.

~~37~~38.   Pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57, Plaintiff is entitled to declaratory relief with respect to the Defendant's violation of the RFRA by substantially burdening ~~plaintiff's~~Plaintiff's and its members' exercise of religion.

## VI.  REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A.      Declare that Plaintiff is entitled to recognition as an organization described in I.R.C. §§ 501(c)(3) and 170(b)(1)(A)(i).

B.      Declare that Plaintiff's use of the Sacrament of Ayahuasca in its religious ceremonies is a sincere exercise of religion under the First Amendment to the United States Constitution and that Plaintiff's use of the sacrament is therefore entitled to protection under the RFRA.

C.      Declare that Defendant has substantially burdened Plaintiff's exercise of religion and violated the RFRA.

D.      Declare that Plaintiff is entitled to its reasonable litigation costs in bringing this action pursuant to I.R.C. § 7430.

E.      Grant such further relief as this Court deems proper.

Respectfully submitted,

_____

/s/ William A. Boatwright
William A. Boatwright
(Pro Hac Vice ~~Application Forthcoming~~)
Dentons Davis Brown PC
215 10th Street, Ste. 1300
Des Moines, IA  50309
Phone:   (515) 288-2500

Date: ~~September 20, 2021~~April 8, 2022

Fax:    (515) 243-0654
Email:   Bill.Boatwright@dentons.com


/s/ Kenneth J. Pfaehler
Kenneth J. Pfaehler
D.C. Bar No. 461718
Dentons US LLP
1900 K Street, N.W.
Washington, D.C. 20006
Phone:   (202) 496-7500
Fax:    (202) 496-7756
Email:   Kenneth.Pfaehler@dentons.com

~~Dated:~~ ~~Date:~~ April 8, 2022                    *Attorneys for Plaintiff*

11

Copies To:

MERRICK B. GARLAND
United States Attorney General

MATTHEW M. GRAVES
United States Attorney, District of Columbia

DAVID A. HUBBERT
Deputy Assistant Attorney General

EMILY K. MILLER          (KY #97725)
JOSEPH E. HUNSADER    (DC #453328)
KRISTINA M. PORTNER   (DC #1002793)
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C. 20044
Phone:   202-353-7509
Fax:       202-514-6866
Email:   Emily.K.Miller@usdoj.gov
Email:   Joseph.E.Hunsader@usdoj.gov
Email:   Kristina.M.Portner@usdoj.gov
*Counsel for the United States of America*

**PROOF OF SERVICE**

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on April X, 2022, by:

☐ U.S. Mail                    ☐ Certified U.S. Mail ☐
☐ Hand Delivered        ☐ Overnight Courier ☐
☐ Email                           ☐ CM/ECF ☐

Signature:   /s/ William A. Boatwright