IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| IOWASKA CHURCH OF HEALING,<br>4114 – 27th Street<br>Des Moines, IA 50310 | ) | Civil Case No. 1:21-cv-02475 |
| | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE UNITED STATES OF AMERICA, and | ) | |
| CHARLES P. RETTIG, *in his official capacity* | ) | |
| *as* Commissioner of Internal Revenue, | ) | |
| 1111 Constitution Avenue NW | ) | |
| Washington, DC 20224 | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ANSWER TO FIRST AMENDED COMPLAINT**

The Defendants, by counsel, answers and responds to the allegations set forth in the

Complaint of Plaintiff Iowaska Church of Healing as follows:

**FIRST DEFENSE**

Charles Rettig, in his official capacity, is not a proper party defendant. The United States

of America is the only proper defendant to this action.

**SECOND DEFENSE**

Plaintiff is not entitled to litigation costs under 26 U.S.C. § 7430 because this action is

not in connection with the determination, collection, or refund of any tax, interest, or penalty.

**THIRD DEFENSE**

 In further response to the Plaintiff's Complaint, the Defendants answer the enumerated

paragraphs of that pleading as follows:

## I. Jurisdiction and Venue

1.      The Defendants lack sufficient knowledge to admit or deny all averments in Paragraph 1.

2.      The Defendants deny that Charles P. Rettig, in his Official Capacity, is a proper party to this lawsuit. The remaining allegations are admitted.

3.      The Defendants admit that the United States is a governmental entity and a proper party to this lawsuit. The remaining allegations in this paragraph consist of allegations of law; to the extent a response is required, denied.

4.      Admitted.

5.      The Defendants deny that Charles P. Rettig, in his Official Capacity, is a proper party to this lawsuit. The remaining allegations are admitted.

## II. Introduction

6.      The Defendants lack sufficient knowledge to admit or deny all averments in Paragraph 5.

7.      The Defendants admit a final adverse determination letter denying Plaintiff exempt status under 26 U.S.C. § 501(c)(3) was issued on June 28, 2021. The Defendants admit the Internal Revenue Service (IRS) found Plaintiff's use of DMT was illegal because Plaintiff did not obtain an exemption under the Controlled Substances Act. The remainder of the allegations are denied.

8.      Denied.

9.      Denied.

### III. Legal Background

10.      The Defendants admit that organizations that are organized and operated exclusively for religious, charitable, scientific, or other designated purposes may qualify for exemption from federal income tax under 26 U.S.C. § 501(c)(3). The remainder of the allegations are denied.

11.      The Defendants admit that an organization may apply to secure exemption as an organization described in 26 U.S.C. § 501(c)(3) by submitting IRS Form 1023. The Defendants further admit that, under 26 U.S.C. § 7428(a)(1)(A), an applicant that receives an adverse determination with regards to its initial qualification as an organization described in § 501(c)(3) is permitted to file a declaratory judgment action in the United States District Court for the District of Columbia. The remainder of the allegations are denied.

12.      The allegations in this paragraph consist of allegations of law; to the extent a response is required, admitted.

13.      The allegations in this paragraph consist of allegations of law; to the extent a response is required, admitted.

14.      The allegations in this paragraph consist of allegations of law; to the extent a response is required, admitted.

15.      The Defendants admit the facts of *Gonzales v. O Centro Espirita Beneficente Uniao de Vegetal*, 546 U.S. 418 (2006) are as stated in the Supreme Court Opinion.  All other averments in Paragraph 15 are denied.

### IV. Facts

16.      The Defendants lack sufficient knowledge to admit or deny all averments in Paragraph 16.

17.     The Defendants lack sufficient knowledge to admit or deny all averments in Paragraph 17.

18.     The Defendants admit Plaintiff filed IRS Form 1023 requesting recognition as an organization described in 26 U.S.C. § 501(c)(3), specifically as a church within the meaning of 26 U.S.C. § 170(b)(1)(A)(i).  The Defendants further admit receiving Plaintiff's Form 1023 on January 14, 2019.  The Defendants lack sufficient knowledge to admit or deny all other averments in Paragraph 18.

19.     The Defendants lack sufficient knowledge to admit or deny all averments in Paragraph 19.

20.     The Defendants lack sufficient knowledge to admit or deny all averments in Paragraph 20.

21.     The Defendants lack sufficient knowledge to admit or deny all averments in Paragraph 21.

22.     The Defendants lacks sufficient knowledge to admit or deny all averments in Paragraph 22.

23.     The Defendants lack sufficient knowledge to admit or deny all averments in Paragraph 23.

24.     The Defendants admit the IRS requested information from the Plaintiff concerning whether the Plaintiff received a religious exemption from the Controlled Substances Act by the Drug Enforcement Administration. All other averments in Paragraph 24 are denied.

25.     The Defendants lack sufficient knowledge to admit or deny all averments in Paragraph 25.

26.     The Defendants admit the IRS requested information from the Plaintiff concerning whether the Plaintiff received a religious exemption from the Controlled Substances Act by the Drug Enforcement Administration. All other averments in Paragraph 26 are denied.

27.     The Defendants admit the IRS issued a preliminary adverse determination letter to the Plaintiff, dated June 16, 2020. The Defendants further admit the preliminary adverse determination letter found that Plaintiff was not organized and operated exclusively for exempt purposes under 26 U.S.C. § 501(c)(3). All other averments in Paragraph 27 are denied.

28.     The Defendants admit the IRS received a Protest of Proposed Adverse Determination on July 21, 2020. The Defendants further admit the Protest of Proposed Adverse Determination was denied on September 1, 2020. The Defendants admit the final adverse determination letter was issued on June 28, 2021, which stated, in part, that the *O Centro* case was "an organization with activities strikingly similar to your own." The Defendants admit the adverse decision was made for multiple reasons, including because Plaintiff is not organized and operated exclusively for exempt purposes, Plaintiff's activities are illegal under federal law and violate public policy, and Plaintiff is not a church or a convention or association of churches within the meaning of 26 U.S.C. § 170(b)(1)(A)(i). All other averments in Paragraph 28 are denied.

29.     The Defendants lack sufficient knowledge to admit or deny all averments in Paragraph 29.

## V. Plaintiffs' Claims for Relief
### Claim One

30.     The Defendant incorporates by reference Paragraphs 1 through 29.

31.     Admitted.

32.     Denied.

33.     Denied.

34.     Denied.

## Claim Two

35.     The Defendant incorporates by reference Paragraphs 1 through 34.

36.     Admitted.

37.     Denied.

38.     Denied.

WHEREFORE, having fully answered the allegations of the Plaintiff's Complaint, the

Defendants respectfully request that this Court deny the relief sought in the Plaintiff's

Complaint, dismiss the claims with prejudice, and grant any further relief to which the

Defendants may be entitled.


Dated: May 4, 2022                                DAVID A. HUBBERT
                                                  Deputy Assistant Attorney General

                                                  /s/ Emily K. Miller
                                                  EMILY K. MILLER (KY #97725)
                                                  JOSEPH E. HUNSADER  (DC #453328)
                                                  KRISTINA M. PORTNER (DC #1002793)
                                                  Trial Attorney, Tax Division
                                                  U.S. Department of Justice
                                                  P.O. Box 227
                                                  Washington, D.C.  20044
                                                  202-353-7509 (v)
                                                  202-514-6866 (f)
                                                  Emily.K.Miller@usdoj.gov
                                                  Joseph.E.Hunsader@usdoj.gov
                                                  Kristina.M.Portner@usdoj.gov
                                                  Counsel for the United States of America

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of May, 2022, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to those parties registered to receive it.

/s/ Emily K. Miller
EMILY K. MILLER
Trial Attorney
United States Department of Justice, Tax Division