UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IOWASKA CHURCH OF HEALING ) <br> ) <br>     **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> CHARLES P. RETTIG, ) <br> in his Official Capacity as ) <br> Commissioner, ) <br> Internal Revenue Service; ) <br> ) <br> and ) <br> ) <br> THE UNITED STATES OF AMERICA, ) <br> a governmental entity, ) <br> c/o United States Attorney General ) <br> Department of Justice ) <br> ) <br>     **Defendants.** ) | Civil Action No. 1:21-cv-02475-BAH |

**PLAINTIFF'S STATEMENT OF MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

COMES NOW, Plaintiff, Iowaska Church of Healing (the "Church"), pursuant to Federal Rule of Civil Procedure 56 and Local Rule 7(h) and hereby submits the following Statement of Material Facts in Support of its Motion for Summary Judgment:

1. The Church was incorporated as an Iowa non-profit corporation on September 24, 2018. (APP. 0039-0048, Articles of Incorp.).

2. The Church was organized as a religious corporation under Iowa Code § 504.141(38) (2021). (APP. 0066, Bylaws at P. 18).

3. The Church has been registered to do business in the State of Florida since March 19, 2019. (APP. 0205-0206, FL Regis.).

#3364379

4.     The Church was organized to operate a church for its members, and its mission is to inspire individuals to seek and embrace authentic, self-realized healing of the mind, body and spirit through the ceremonial use of the sacred, indigenous plant-medicine of Ayahuasca. (APP. 0015, 1023 Statement at P. 1).

5.     The Church wishes to offer the public access to spiritual growth, development and healing through the sacred Sacrament of Ayahuasca provided under the guidelines of North and South American Indigenous traditions and cultural values.  *Id.*

6.     The use of Ayahuasca originates from the Amazon and represents the basis of spiritual practice for at least 75 different indigenous tribes across the lower and upper Amazonian regions, who use Ayahuasca for medicinal, spiritual and divinatory purposes. (APP. 0016, 1023 Statement at P. 2).

7.     The plants used in the preparation of Ayahuasca have been used for millennia, and official, representative religions began to appear 90 years ago, which are referred to under the Churches of Santo Daime, Uniao do Vegetal and Barquinha.  *Id.*

8.     Official Ayahuasca churches first appeared in Brazilian Amazonian cities and have since spread to Europe, the United States and Asia.  *Id.*

9.     The religious use of Ayahuasca within these churches blends different elements of Christianity, afro-Brazilian religions and indigenous shamanism.  *Id.*

10.    Membership in the Church is available to all those who approach it with the sincere intention to become part of a spiritually directed community in which all members live by a code of love, unity, integrity and respect for all living things, and who sincerely seek a deeper relationship with Self, with Spirituality and with the living Spirit of Mother Earth. (APP. 0018, 1023 Statement at P. 4).

11. Prospective members of the Church are required to complete and return an application form, which is reviewed by the Church's President and Vice President (the Church's lead healers). (APP. 0018, 1023 Statement at P. 4); (APP. 0161, Response to 1st Information Request at P. 7).

12. A prospective member's responses to the membership application must echo sincerity of thought and spiritual reflection, indicating an earnest desire to be a part of a growing spiritual community in which each member is seeking personal growth, and the applicant's personal need for spiritual healing is also considered. *Id.*

13. The Church's leaders and Board of Directors reserve the right to assess, discuss, vote and if necessary, terminate the membership and involvement of any individual who disregards the Church Doctrine and the Universal Laws of respect, integrity, harmony, love and light. (APP. 0018, 1023 Statement at P. 4).

14. During the Church's religious ceremonies, the Sacrament of Ayahuasca is consumed in the form of a tea brewed using water and two plants that are indigenous to the Amazon Rainforest. (APP. 0025, 1023 Statement at P. 11).

15. One of the plants used to make Ayahuasca tea contains Dimethyltryptamine, which is a hallucinogenic Schedule I drug under the federal Controlled Substances Act, 21. U.S.C. §§ 801 *et seq.*("CSA"). *Id.*

16. In order to receive the Sacrament of Ayahuasca during the Church's religious ceremonies, individuals must apply and be approved for membership, and agree to comply with the *Rules and Regulations for Participating in the Sacrament of Ayahuasca.* (APP. 0018, 1023 Statement at P. 4); (APP. 0121-126, Rules and Regulations); (APP. 0050, Bylaws at P. 2).

17. Besides the receipt of the Sacrament of Ayahuasca, the Church's religious ceremonies also include sacred prayers, singing, music, smudging, reflections and readings from the *Ayahuasca Manifesto*, which is the foundation of the Church's religious doctrine. (APP. 0017, 0019, 0023, 1023 Statement at pp. 3, 5, 9); (APP. 0069-118, Ayahuasca Manifesto).

18. The Church's doctrine and literature also include the *Universal Laws of Respect*. (APP. 0015, 1023 Statement at P. 1); (APP. 0119-120, Universal Laws of Respect).

19. The Church's ceremonies are generally held on weekends, taking place on Friday, Saturday and Sunday, and typically consist of two evening ceremonies and the option for a daytime ceremony. (APP. 0020, 1023 Statement at P. 6).

20. Sunday ceremonies also include member "Integration", which provides members the chance to openly share their spiritual experiences with the Sacrament of Ayahuasca and to receive guidance from the mental health counselors, healers, facilitators and spiritual coaches present. (APP. 0019, 1023 Statement at P. 5).

21. Members who do not attend weekend ceremonies in person can still participate during Sunday Integration virtually through telephone or video call. (APP. 0158-159, Response to 1st Information Request at pp. 4-5).

22. The Church's members remain in frequent contact with the Church's healers through telephone and e-mail support in order to help guide them through their daily struggles both before and after they attend and participate in ceremonies. (APP. 0218, Resp. to 2d Information Request at P. 4).

23. The Church originally intended to purchase land in the State of Iowa upon which to build a permanent worship facility and related structures, with Florida as a potential secondary location. (APP. 0023, 1023 Statement at P. 9).

24. The Church and its counsel later determined that it would be prudent to first establish a physical location in Florida until there is greater clarity with respect to Iowa law, which, unlike Florida, does not have a state-level version of the federal Religious Freedom Restoration Act of 1993, 42 U.S.C. §§ 2000bb, *et seq.* (APP. 0156-157, Response to 1st Information Request at pp. 2-3).

25. After its organization, the Church had as many as 20 members, four of whom attended ceremonies on multiple weekends. (APP. 0160, Response to 1st Information Request at P. 6).

26. Many of the Church's members live in different states and several in foreign countries. (APP. 0218, Response to 2d Information Request at P. 4).

27. The Church conducted weekend ceremonies at the same location in Florida during the months of May, June, July and August of 2019. (APP. 0160-161, Response to 1st Information Request at pp. 6-7); (APP. 0238, Response to 3d Information Request at P. 4).

28. No ceremonies have taken place in Florida, or elsewhere, since the last ceremony was held on August 18, 2019. (APP. 0238, Response to 3d Information Request at P. 4).

29. The Church voluntarily suspended all of its ceremonies while it awaited its § 501(c)(3) Determination Letter and DEA religious exemption. *Id.*

30. The Church and its members were concerned with the delays related to the Church's governmental applications and were fearful of possible law enforcement intrusion into their sacred ceremonies and potential criminal prosecution for performing ceremonies before receiving the respective approvals. *Id.*

31. In addition to the Church's religious ceremonies and ongoing Integration activities, it will conduct workshops providing education on sacred Indigenous cultures and practices involving the use of Ayahuasca as a healing medicine and spiritual tool, and offer educational events for the public including, but not limited to, group meditations, Mother Earth (Pachamama) devotionals, and spiritual, emotional and physical wellness events. (APP. 0027, 1023 Statement at P. 13).

32. The Church also intends to raise awareness of local Native American tribes as well as South American and Amazonian tribes. *Id.*

33. The Church will offer veterans of the United States Armed Forces the ability to participate in its religious ceremonies, Integration, group therapy and other healing activities for free or at a reduced cost, and has contacted a number of veteran relief organizations to develop cooperative arrangements with them including Wounded Warrior Project, Veterans of Foreign Wars and the United States Department of Veterans Affairs. *Id.*

34. The Church also maintains a website which contains information about its activities, beliefs and doctrines, and the use of Ayahuasca in religious ceremonies, which is located at [www.iowaskachurchofhealing.com](www.iowaskachurchofhealing.com). (APP. 0215, Response to 2d Information Request at P. 1).

35. On January 10, 2019, the Church filed IRS Form 1023 requesting recognition as an organization described in § 501(c)(3) of the Internal Revenue Code of 1986, as amended (I.R.C.), and, specifically, as a church within the meaning of I.R.C. § 170(b)(1)(A)(i). (APP. 0001-0148, Form 1023).

36. On February 28, 2019, the Church filed a request for a religious exemption from the CSA with the United States Drug Enforcement Administration's ("DEA") Diversion Control

6

Division in Springfield, Virginia, which has not yet been granted.  (APP. 0221-225, DEA Religious Exemption Application).

37. By their First Information Request dated July 3, 2019, Defendants requested additional information with respect to the Church's Form 1023.  (APP. 0150-154, IRS Information Request #1).

38. The Church timely responded to the First Information Request on July 25, 2019. (APP. 0155-204, Response to 1st Information Request).

39. Defendants issued a Second Information Request dated September 10, 2019, in which they questioned the legality of the Church's ceremonial use of Ayahuasca under federal and state law without first having received an exemption from the CSA by the Diversion Control Division of the DEA.  (APP. 0210-214, IRS Information Request #2).

40. In its October 4, 2019 response to the Second Information Request, the Church cited the 2006 United States Supreme Court ruling styled *Gonzalez v. O Centro Espirita Beneficente Uniao do Vegetal*, 546 U.S. 418 (2006), in which both the Supreme Court and Defendant United States acknowledged that the sacramental use of Ayahuasca is a sincere exercise of religion under the First Amendment to the United States Constitution.  (APP. 0215-216, Response to 2d Information Request at pp. 1-2).

41. Defendants issued a Third Information Request dated February 4, 2020, in which they again questioned the legality of the Church's ceremonial use of Ayahuasca without first having received an exemption from the CSA by the Diversion Control Division of the DEA. (APP. 0235, IRS Information Request #3 at P. 3).

42. In its February 24, 2020 response to the Third Information Request, the Church reiterated the controlling precedent of *O Centro* and reminded Defendants that there was no

evidence in the *O Centro* opinion suggesting that the church at issue had even applied for an exemption from the CSA. (APP. 0239-240, 0242, Response to 3d Information Request at pp. 1-2, 4).

43. Defendants issued a proposed adverse determination letter of June 16, 2020 to the Church, stating that they intended to deny the Church's application for recognition as an I.R.C. § 501(c)(3) charitable organization and as a church within the meaning of I.R.C. § 170(b)(1)(A)(i). (APP. 0268-279, Proposed Adverse Determination).

44. In Defendants' proposed adverse determination letter denying the Church I.R.C. § 501(c)(3) status, Defendants stated that the Church's activities are illegal because it had not received a CSA exemption from the DEA or sought relief in the courts. (APP. 0278, Proposed Adverse Determination at P. 11).

45. In its proposed adverse determination letter issued to the Church, Defendants affirmatively stated that the church in the *O Centro* case was, "an organization with activities strikingly similar to your own." (APP. 0276, Proposed Adverse Determination at P. 9).

46. At the time of the *O Centro* litigation, the New Mexico church at issue was recognized as an organization described in I.R.C. § 501(c)(3) and as a church described in I.R.C. § 170(b)(1)(A)(i)[1], and it still maintains this status. (APP. 0280, O Centro - IRS website).

47. On October 8, 2020, an Ayahuasca church named Sanctuary of Our Lady Ayahuasca, located in Arizona, was granted tax-exempt status under I.R.C. § 501(c)(3) and further classified as a church under I.R.C. § 170(b)(1)(A)(i), and still maintains this status. (APP. 0281, Sanctuary of Our Lady Ayahuasca § 501(c)(3) Det.); (APP. 0282-283, Sanctuary of Our Lady Ayahuasca - IRS website).

---

[1] Memorandum in Opposition to Petition for a Writ of Certiorari at ii, *Gonzales v. o Centro Espirita Beneficiente Uniao do Vegetal*, 546 U.S. 418 (2006)

48.     The tax-exempt status of the church in the *O Centro* opinion and Sanctuary of Our Lady Ayahuasca is a matter of public record, and can be searched using the Internal Revenue Service's website under the "Tax Exempt Organization Search" function located at https://apps.irs.gov/app/eos/.

49.     The Church timely filed its protest of Defendants' proposed adverse determination letter on July 13, 2020.  (APP. 0284-303, Protest).

50.     By letter dated September 1, 2020, Defendants denied the Church's protest of the decisions reached in the proposed adverse determination letter and notified the Church that its case was being forwarded to the Office of Appeals.  (APP. 0304-309, Denial of Protest).

51.     On April 1, 2021, a telephonic IRS Appeals conference was held between the Church, the Church's counsel and Daniel Frisch of the Internal Revenue Service.  (APP. 0310-311, Appeals Conference Notice).

52.     In their final adverse determination letter dated June 28, 2021, Defendants maintained their position that the Church's activities are illegal because it had not received a CSA exemption from the DEA or sought relief in the courts.   (APP. 0313-324, Final Adverse Determination).

                                    Respectfully submitted,


                                    /s/ William A. Boatwright
                                    William A. Boatwright (*Pro Hac Vice*)
                                    Michael A. Gilmer (*Pro Hac Vice*)
                                    Dentons Davis Brown PC
                                    215 10th Street, Ste. 1300
                                    Des Moines, Iowa 50309
                                    Telephone: (515) 288-2500
                                    Facsimile: (515) 243-0654
                                    Email: Bill.Boatwright@dentons.com
Date: May 31, 2022                  Email: Michael.Gilmer@dentons.com

/s/ Kenneth J. Pfaehler
Kenneth J. Pfaehler
D.C. Bar No. 461718
Dentons US LLP
1900 K Street, N.W.
Washington, D.C. 20006
Phone:  (202) 496-7500
Fax:      (202) 496-7756
Email:   Kenneth.Pfaehler@dentons.com

Date: May 31, 2022

*Attorneys for Plaintiff*

Copies To:

MERRICK B. GARLAND
United States Attorney General

MATTHEW M. GRAVES
United States Attorney, District of Columbia

DAVID A. HUBBERT
Deputy Assistant Attorney General

EMILY K. MILLER      (KY #97725)
JOSEPH E. HUNSADER   (DC #453328)
KRISTINA M. PORTNER  (DC #1002793)
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C. 20044
Phone:  202-353-7509
Fax:    202-514-6866
Email:  Emily.K.Miller@usdoj.gov
Email:  Joseph.E.Hunsader@usdoj.gov
Email:  Kristina.M.Portner@usdoj.gov
*Counsel for the United States of America*

| PROOF OF SERVICE |
|---|
| The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on May 31, 2022, by:<br><br>___ U.S. Mail         ___ Overnight Courier<br>___ Hand Delivered    ___ Other<br>___ Email              _X_ EDMS<br><br>Signature: /s/William A. Boatwright |