IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IOWASKA CHURCH OF HEALING, <br> 4114 – 27th Street <br> Des Moines, IA 50310 <br><br> Plaintiff, <br><br> v. <br><br> THE UNITED STATES OF AMERICA, and <br> CHARLES P. RETTIG, *in his official capacity* <br> *as* Commissioner of Internal Revenue, <br> 1111 Constitution Avenue NW <br> Washington, DC 20224 <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Civil Case No. 1:21-cv-02475

**DEFENDANTS' STATEMENT OF MATERIAL FACTS**

Pursuant to Local Rule 7(h)(2), the Defendants hereby submit the following statement of material facts, with references to the administrative record:

1. Iowaska Church of Healing (Iowaska) was incorporated as an Iowa non-profit corporation on September 24, 2018. Dkt. No. 16, ¶ 1.

2. Iowaska has been registered to do business in the state of Florida since March 19, 2019. Dkt. No. 16, ¶ 1.

3. Iowaska's self-stated mission "is to help individuals attain healing of the mind, body, and spirit through the sacred Sacrament of Ayahuasca." Dkt. No. 16, ¶ 17.

4. This "Sacrament of Ayahuasca" is a tea brewed from South American plants containing dimethyltryptamine (DMT). Dkt. No. 16, ¶ 15; Drug Enforcement Administration, Diversion Control Division, Drug & Chemical Evaluation Section, *N,N-*

*Dimethyltryptamine (DMT)* (December 2019),

https://s3.documentcloud.org/documents/21085314/dmt-dea.pdf.

5.   As Iowaska has admitted, DMT is a Schedule I drug under the Controlled Substances

Act. Dkt. No. 16, ¶ 14; *see also* 21 U.S.C. § 812, Schedule I(c)(6).

6.   Iowaska has admitted they have not received an exemption from the Attorney General or

the Drug Enforcement Administration to use DMT. Dkt. No. 16, ¶ 19.

7.   According to Iowaska's Articles of Incorporation, Iowaska was organized for the

following purposes (among others):

a.   To offer the public access to spiritual growth, development and healing through the sacred Sacrament of Ayahuasca provided under the guidelines of North and South American Indigenous traditions and cultural values;

b.   To provide necessary information to all participants of sacred healing ceremonies involving the consumption of the Sacrament of Ayahuasca. Appropriate education prior to the consumption of the Sacrament of Ayahuasca will be provided. Appropriate guidance and support will be governed during the aforementioned ceremonies. Relevant mental, emotional, spiritual integration will be offered to each participant post ceremony. Mental, emotional, and spiritual support will be offered on an ongoing basis to individuals seeking further integration as they return to their daily routines;

c.   To empower the public to connect with the unique journey of self-discovery while providing the means to grow in awareness of limiting beliefs, allowing for the deconstruction of unhealthy patterns and the realization of positive solutions;

d.   To inspire participants to discover their inherent nature and achieve harmony with Self, Others, and Mother Nature through the expansion of human consciousness . . ..

J.A. Ex. 3 at 6–7.

8.   Prospective members of Iowaska must complete a membership application and pay a

one-time membership fee of $60. J.A. Ex. 5 at 4.

9. Iowaska has twenty members from six different states (California, New Hampshire, Florida, Iowa, Virginia, and Georgia) and two foreign countries (Sweden and Columbia). J.A. Ex. 9 at 4–5.

10. Iowaska intends to offer its members the opportunity to participate in group ceremonies to consume the Sacrament of Ayahuasca. J.A. Ex. 5 at 6.

11. Iowaska has held a total of five ceremonies over three weekends in May, June, and July of 2019. J.A. Ex. 14 at 2.

12. The ceremonies typically occur on Friday, Saturday, and Sunday. J.A. Ex. 5 at 6.

13. In 2019, members were required to pay $333 per ceremony. J.A. Ex. 7 at 5.

14. If a member participated in all three ceremonies held over a weekend, the total cost would be $1,000. J.A. Ex. 7 at 5.

15. If a member also chose to participate in a private ceremony over the weekend, there would be an additional $800 cost. J.A. Ex. 7 at 7.

16. Iowaska devoted 40% of its time to "Weekend Ceremonies and Services," 10% of its time to "Spiritual meditation, prayer, and preparation for weekend Ceremonies and Services," 20% of its time to "Email preparation, paperwork and phone correspondence with prospective Members," 15% of its time to "Spiritual coaching and continued integration with Members on the phone or in person," 10% of its time to "Site cleaning, maintenance, supply shopping, travel, meal preparation," and 5% of its time to "Record keeping, documentation, legal correspondence, planning." J.A. Ex. 7 at 2–3.

17. Iowaska identified seventeen participants in ceremonies, four of whom attended multiple retreats. J.A. Ex. 7 at 8–9. Therefore, it appears that seven members have not attended a weekend ceremony. *Id.*

18. Each ceremony was attended by three to four members, and only four members have attended multiple retreats. J.A. Ex. 7 at 8–9.

19. "Members do not participate in person on a weekly or other scheduled basis" because "regular in-person attendance is simply not practical or affordable" since "members live in different states and several in foreign countries." J.A. Ex. 9 at 5.

20. Members "remain in frequent contact with the organization's Healers through telephone and email support." J.A. Ex. 9 at 5.

21. Iowaska conceded during the Internal Revenue Service's review of its application that "satisfaction of the 'associational test' for church status . . . is problematic for the Organization because of the irregular attendance by members at its religious ceremonies." J.A. Ex. 14 at 5.

22. Iowaska submitted an application to the Internal Revenue Service (the Service or the IRS) for tax-exempt status under 26 U.S.C. § 501(c)(3) on January 10, 2019. Dkt. No. 16, ¶ 6.

23. On June 28, 2021, the Service issued a final adverse determination that Iowaska did not qualify for exemption from federal income tax. Dkt. No. 16, ¶ 7; J.A. Ex. 18 at 1.

24. The Service explained this adverse determination was made because Iowaska was not organized and operated exclusively for exempt purposes and because Iowaska's activities were illegal under federal law and violated public policy. J.A. Ex. 18 at 1.

*(Signature block on the following page.)*

Dated: July 1, 2022

DAVID A. HUBBERT
Deputy Assistant Attorney General

*/s/ Emily K. Miller*
EMILY K. MILLER (KY #97725)
KRISTINA M. PORTNER (DC #1002793)
JOSEPH E. HUNSADER (DC #453328)
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C.  20044
202-353-7509 (v)
202-514-6866 (f)
Emily.K.Miller@usdoj.gov
Kristina.M.Portner@usdoj.gov
Joseph.E.Hunsader@usdoj.gov
*Counsel for the United States of America*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of July, 2022, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to those parties registered to receive it.

*/s/ Emily K. Miller*
EMILY K. MILLER
Trial Attorney
United States Department of Justice, Tax Division