# Bylaws

BYLAWS

OF

IOWASKA CHURCH OF HEALING

(an Iowa Nonprofit Corporation)

ARTICLE I

OFFICES

Section 1. <u>Principal Office in Iowa</u>.  The principal office of Iowaska Church of Healing (hereinafter called the "Corporation") in the State of Iowa shall be located at 4114 – 27th Street, Des Moines, Iowa 50310.  The principal office may change, from time to time, and any such changes shall be noted in the minutes of the Corporation.

Section 2. <u>Registered Office</u>.  The registered office of the Corporation is also located at 4114 – 27th Street, Des Moines, Iowa 50310.  Any changes with respect to the registered office or registered agent of the Corporation shall be filed with the Iowa Secretary of State.

Section 3. <u>Other Offices</u>.  The Corporation may have other offices at such other place or places, either within or without the State of Iowa, as the Board of Directors may from time to time determine, or as shall be necessary or appropriate for the conduct of the affairs of the Corporation.

ARTICLE II

MEMBERSHIP

Section 1. <u>Members.</u>  Qualifications and eligibility for membership in the Corporation are as follows:

(a)     Iowaska Church welcomes all individuals to become members irrespective of age, race, color, creed, national origin, cultural background, ethnicity, religion, sex, sexual orientation, gender expression or any other discriminating factors.  Membership is available to all beings who approach Iowaska Church with the sincere intention to become a part of a spiritually directed community in which all members live by a code of love, unity, integrity and respect for all living things.

(b)     Membership is open to those who are sincerely seeking a deeper relationship with Self, with Spirituality and with the living Spirit of Mother Earth. The aforementioned sincerity of character and the willingness to live through

#3015774

2

one's Higher Self should be self-evident as witnessed by all Church members, Officers, Elders and Spiritual Leaders. This sincerity in character should be self-evident in all actions, words, thoughts and intentions presented by an individual to the Church.

(c)     Membership is open to those who are willing to harmoniously contribute to a safe environment in which people from all walks of life will be collectively gathered in an effort to seek a greater understanding of themselves, the world around them and to access multi-dimensional healing.

(d)     Prospective members must sign, complete and return any and all relevant membership applications and paperwork to be reviewed and approved by designated Church staff.

(e)     Prospective members must pay a one-time membership fee set by the Board of Directors. Youth under 18 years-of-age who cannot afford the membership fee may apply to be considered in the Church Volunteer Program. Retired individuals over 60 years-of-age may have their membership fee waived in exchange for a monetary donation of their choosing.

(f)     Church membership does not qualify an individual to have access to sacred medicinal ceremonies in which one would partake in the Sacrament of Ayahuasca. To partake in the Sacrament of Ayahuasca, an individual must be a Church member in good standing, at least 18 years-of-age or older and must successfully pass all pre-qualification requirements as set forth by the Church rules and regulations.

Section 2. <u>Annual Meeting of Membership.</u> The Annual Meeting of the members shall be held at Des Moines, Iowa, during the month of May in each year for the transaction of such business as may come before the membership. In addition, the Board of Directors may, from time to time, provide for the holding of other regular meetings of the members, and fix the date, time and place (which may be within or outside the State of Iowa) thereof.

Section 3. <u>Special Meetings.</u> Special meetings of the membership, for any purpose or purposes, unless otherwise prescribed by statute, may be called by the Founder or by the Board of Directors. In addition, members holding at least five percent (5.0%) of the total voting power of the membership may compel a special meeting of the members by signing, dating and delivering to the Founder or any officer of the Corporation one or more written demands for the meeting describing the purpose for which it is to be held. The close of business on the thirtieth (30th) day before delivery of the demand for special meeting to the Founder or any corporate officer shall be the record date for purposes of determining whether the five percent (5.0%) requirement has been met. If notice for a special meeting demanded by at least five percent (5.0%) of the membership is not given by the Corporation within thirty (30) days after the date the written demand or demands are delivered to the Founder or an officer of the Corporation, a person signing the demand may set the time and place of the special meeting and give notice as

3

provided in Section 4 of this Article II. Only those matters that are within the purpose described in the meeting notice may be considered at any special meeting of the members.

Section 4. <u>Notice of Meetings.</u> Except as otherwise provided herein, written notice stating the place, day and time of any regular or special meeting, as well as the purpose or purposes for which the meeting is called, shall be delivered not less than ten (10) days before the date of the meeting. Notice may be delivered to each member in person, by mail, by commercial delivery or by electronic transmission (including facsimile and e-mail), by or at the direction of the President, the Secretary, the Founder or the officer or persons calling the meeting. If mailed, such notice shall be deemed to be delivered when deposited in the United States mail, addressed to the member at his or her address as it appears on the books of the Corporation, with postage thereon prepaid. If sent by electronic transmission, notice shall be deemed to be delivered when electronically transmitted to the member. A written notice or report delivered as part of a newsletter, magazine or other publication of the Corporation regularly sent to the members shall constitute a written notice or report if addressed or delivered to the member's address shown in the Corporation's current list of members.

If any Annual, regular or special meeting of the members is adjourned to a different date, time or place, notice need not be given of the new date, time or place if the new date, time or place is announced at the meeting before adjournment.

A member may waive any notice required hereunder before or after the date and time stated in the notice by a signed writing noting the member's waiver delivered to the Corporation for inclusion in the minutes or filing with the Corporation's records. A member's attendance at a meeting shall work to: (1) waive any objection the member may have to lack of notice or defective notice of the meeting, unless the member at the beginning of the meeting objects to the holding of the meeting or transacting business at the meeting; and (2) waive any objection the member may have to consideration of a particular matter at the meeting that is not within the purpose described in the meeting notice, unless the member objects to considering the matter at the time it is presented.

Section 5. <u>Place of Meeting</u>. The Board of Directors may designate any place, either within or without the State of Iowa unless otherwise prescribed by statute, as the place of meeting for any Annual Meeting, regular meeting or any special meeting called by the Founder, the President or the Board of Directors; provided, however, that if any Annual Meeting takes place at a location other than that specified in Article II, Section 2, above, notice of such change in location shall be given pursuant to the manner specified in Article II, Section 4 above.

Section 6. <u>Record Date.</u> For purposes of fixing a date as the record date for determining those members entitled to notice of a members' meeting, the record date shall be the business day preceding the day on which notice is given. For purposes of fixing a date as the record date for determining those members entitled to vote at any meeting of the members, the record date shall be the actual date of the meeting. A determination of members entitled to notice of, or to vote at, a membership meeting shall be effective for any adjournment of the meeting, unless the Board of Directors fixes a new date for determining the right to notice or the right to vote, which

4

it shall do if the meeting is adjourned to a date that is more than seventy (70) days after the record date for determining members entitled to notice of the original meeting.

After fixing a record date for notice of a meeting, the Corporation shall prepare an alphabetical list of the names and addresses of all members who are entitled to notice of the meeting.  In addition, the Corporation shall prepare on a current basis through the time of the membership meeting a list of those members who are entitled to vote at the meeting.  Unless otherwise provided by law, the Corporation shall make such lists available for inspection by any member at the Corporation's principal office, or such other location specified in the notice, beginning two (2) business days after notice is given of the meeting for which the lists were prepared and continuing through the meeting.

Section 7.  Order of Business.  The order of business shall be determined by the President of the Corporation and made available prior to the beginning of the meeting.  All meetings of the membership shall be conducted in accordance with Roberts' Rules of Order.  The agenda for all meetings of the members shall be determined by the Board of Directors.  Members may request the Board of Directors to add agenda items by submitting additional agenda items to the Corporation's Secretary no later than three (3) weeks prior to a meeting of the members.

Section 8.  Quorum and Voting.  Only those matters which the Board of Directors has, in its absolute discretion, presented to the members seeking their vote shall be taken up for vote by the members.  A minimum of ten percent (10.0%) of all members in good standing to vote must be represented in person or by proxy to constitute a quorum for the transaction of any business at a meeting of the membership.  Each member shall be entitled to one vote on each matter submitted to a vote of the members by the Board of Directors.  If a quorum is present, the affirmative vote of a majority of the members present in person or by proxy shall be the act of the members.

Section 9.  Action by Written Consent.  Any action to be approved by the members may be approved without a meeting of the members if the action is approved by eighty percent (80.0%) of all members of the Corporation.  Any such action must be evidenced by one or more written consents describing the action taken, signed by at least eighty percent (80.0%) of the members and delivered to the Corporation for filing with its minutes or records.  Except as otherwise provided, the record date for determining members entitled to take action without a meeting is the date the first member signs the written consent to action.  A consent signed pursuant to this Article II, Section 9 has the effect of a meeting vote.  Written notice of member approval secured in this manner shall be given to all members who have not signed the written consent, and member approval shall be effective ten (10) days after such written notice is given.

Section 10.  Action by Written Ballot.  Any action which may be taken at any Annual, regular or special meeting of the members may be taken without a meeting if the Corporation delivers a written ballot to every member entitled to vote on the matter that sets forth each proposed action and provides an opportunity to vote for or against each action.  Approval of any action by written ballot shall be valid only when the number of votes cast by ballot equals or exceeds the number required to be present at a meeting authorizing the action (quorum), and the number of approvals equals or exceeds the number of votes that would be required to approve

5

the matter at a meeting of the members. All solicitations by the Corporation for votes by written ballot shall: (1) indicate the number of responses needed to meet the quorum requirements; (2) state the percentage of approvals necessary to approve each matter; and (3) specify the date and time by which the ballot must be received by the Corporation in order to be counted. A written ballot may be delivered, and a vote may be cast on that ballot, by electronic transmission; provided, however, that any ballot so delivered shall contain information indicating that the member authorized the electronic transmission of the ballot.

Section 11. Resignation, Expulsion or Suspension of Members. A member may resign at any time by providing written notice thereof to the Founder, the Board of Directors or any officer of the Corporation. The resignation of a member shall not, however, relieve the member from any obligations the member may have to the Corporation that were incurred prior to his or her resignation.

The Corporation will not tolerate any member's disregard for Church Doctrine or the Universal Laws of Respect, and a member may be expelled or suspended with or without cause by the Board of Directors. A member who has been expelled or suspended shall remain liable to the Corporation for any dues, assessments or fees as a result of obligations incurred or commitments made prior to his or her expulsion or suspension. The Board of Directors may, but shall not be required to, consider a request for reinstatement by any suspended or expelled member, and may reverse or modify its decision to suspend or expel the member as it deems appropriate. No such request shall be taken or heard, however, at any meeting of the members.

## ARTICLE III

## BOARD OF DIRECTORS

Section 1. General Powers. All corporate powers shall be exercised by or under the authority of, and the affairs of the Corporation managed under the direction of, and subject to the oversight of, the Board of Directors.

Section 2. Number, Term of Office and Qualifications. The number of directors shall be not less than three (3) nor more than nine (9). The number of directors may be changed by the Board of Directors at any Annual or special meeting called for that purpose, subject to the prior written approval of the Founder. No decrease in number shall have the effect of shortening the term of any incumbent director. The Founder of the Corporation shall automatically be a full voting member of the Corporation's Board of Directors, and shall be a "Designated Director" within the meaning of Iowa Code Chapter 504, Subchapter VIII, Part I. As a Designated Director, the Founder shall hold office until his resignation or until his position as a Designated Director shall be eliminated or modified pursuant to Section 809 of the Revised Iowa Nonprofit Corporation Act. All other directors shall be elected pursuant to the procedures set forth in Section 3 of this Article III. In case the Board of Directors fails to fix the number of elected directors, the number actually elected shall be deemed to be the number of elected directors so fixed. All directors must be individuals.

6

Section 3.  Election of Elected Directors.  The initial elected directors of the Corporation shall serve for a term of two (2) years, or until their successors are duly elected.  Commencing with the Annual Meeting of the Board of Directors in the year 2020, the directors shall be appointed by an affirmative vote of the Corporation's Board of Directors, and each director shall hold office for a term of two (2) years.  Each director shall serve until his or her successor is appointed and qualified, or until his or her death, resignation or removal.  An elected director may serve three (3) or more consecutive terms.

Section 4.  Quorum and Manner of Acting.  A majority of the number of directors in office immediately before a meeting begins shall constitute a quorum for the transaction of business; but if at any meeting of the Board of Directors there be less than a quorum present, a majority of the directors may adjourn the meeting, from time to time, until a quorum shall be present.  Notice of any adjourned meeting need not be given.  At all meetings of directors, a quorum being present, the act of the majority of the directors present at the meeting shall be the act of the Board of Directors, unless the act of a greater number is required by law, the Articles of Incorporation or these Bylaws.  Any or all directors may participate in a regular or special meeting by, or conduct the meeting through the use of, any means of communication by which all directors participating may simultaneously hear each other during the meeting.  A director participating in a meeting by these means shall be deemed to be present in person at the meeting. No director shall vote by proxy.

Section 5.  Action Without a Meeting.  Except to the extent the Articles of Incorporation or these Bylaws otherwise require that action by the Board of Directors be taken at a meeting, any action required or permitted to be taken by the Board of Directors may be taken without a meeting if each director signs a written consent describing the action to be taken and delivers it to the Corporation.  Any action so taken shall be the act of the Board of Directors when one or more consents signed by all of the directors are delivered to the Corporation.  The written consent or consents may specify the time at which the action taken is to be effective.  Any action taken by this written consent procedure shall have the effect of action taken at a meeting of the directors.

A director may withdraw his or her consent by revocation signed by the director and delivered to the Corporation prior to the delivery to the Corporation of unrevoked written consents signed by all of the directors.

Section 6.  Resignation.  Any director of the Corporation may resign at any time by giving written notice to the Board of Directors, the President or Secretary of the Corporation. The resignation of any director shall take effect upon receipt of notice thereof or at such later date as shall be specified in such notice; and, unless otherwise specified therein, the acceptance of such resignation shall not be necessary to make it effective.

Section 7.  Removal of Directors.  The removal of the Designated Director shall require an amendment to these Bylaws eliminating his or her designation as a director.  Any elected director of the Corporation may be removed either for or without cause by the Board of Directors whenever, in its judgment, the best interests of the Corporation would be served thereby, but such removal shall be without prejudice to the contract rights, if any, of the director so removed.

7

Section 8.  Vacancies.  Any vacancy occurring in the Board of Directors through death, resignation, removal or otherwise shall be filled by the Board of Directors.  A director so appointed to fill a vacancy shall be appointed for the unexpired term of his or her predecessor in office and until the appointment of his or her successor.

Section 9.  Number of Directors Increased.  In case the number of directors be increased by amendment to these Bylaws, the directorship to be filled by reason thereof shall be filled by the Board of Directors.  Any director so elected shall serve until the appointment of his or her successor.

Section 10.  Place of Meetings, etc.  Except as provided in Section 11 of this Article III, the Board of Directors may hold its meetings and keep the books and records of the Corporation at such place or places, within the State of Iowa, as the Board may from time to time determine.

Section 11.  Annual and Regular Meetings.  The Annual Meeting of the Board of Directors shall be held in each year during the month of May in Des Moines, Iowa, and, if so held, no notice of such annual meeting need be given to any director of the Corporation.  The Board of Directors, from time to time, may provide for the holding of other regular meetings of the Board of Directors and fix the time and place (which may be within or outside of the State of Iowa) thereof.  Notice of regular meetings shall not be required to be given; provided, however, that in case the Board of Directors shall fix or change the time or place of regular meetings, notice of such action shall be mailed promptly to each director who shall not be present at the meeting at which such action was taken, addressed to him at his residence or usual place of business.

Section 12.  Special Meetings; Notice.  Special meetings of the Board of Directors shall be held whenever called by the Founder, President or any one or more of the directors at such time and place (which may be within or outside of the State of Iowa) as may be specified in the respective notices or waivers of notices thereof.  Notice of each special meeting shall be given to each director at least two (2) days before the date on which the meeting is to be held, and may be communicated in person, by U.S. Mail, by telephone, voice mail, e-mail or other electronic transmission.  Notice of any special meeting shall not be required to be given to any director who shall waive notice of such meeting in writing, including electronic transmission, whether before or after the time of such meeting; and any such meeting shall be a legal meeting without any notice thereof having been given if all the directors shall be present thereat.

A director may at any time waive any notice required under this Article III by signing a written statement evidencing his or her waiver and filing it with the Corporation's minutes.  A director's attendance at or participation in a meeting waives any required notice of the meeting unless the director, upon arriving at the meeting or prior to the vote on a matter not noticed in conformity herewith, objects to lack of notice and does not thereafter vote for or assent to the objectionable action.

Section 13.  Order of Business.

8

    (a)     At meetings of the Board of Directors, business shall be transacted in such order as the Board of Directors, from time to time, may determine by resolution.

    (b)     At all meetings of the Board, the President, or in his or her absence the Vice-President, or in the absence of the President and Vice-President, the most senior director shall preside.

Section 14. <u>Committees.</u> The Board of Directors may establish one or more committees of the Board, including an Executive Committee, and appoint members of the Board to serve on them. The creation of a committee and appointment of its members must be approved by a majority of all directors then in office when the action is taken. Each committee so created shall have two (2) or more directors, who shall serve at the pleasure of the Board. Each such committee shall have the powers and duties delegated to it by the Board of Directors. The Board of Directors may elect one or more of its members as alternate members of any such committee who may take the place of any absent member or members at any meeting of such committee upon request by the President, or upon request by the directors, from time to time, as the Board may determine by resolution. All provisions of this Article III that govern meetings, action without meetings, notice and waiver of notice, quorum and voting requirements of the Board of Directors shall also apply to committees of the Board and their members.

The Board of Directors may also create or authorize the creation of one or more advisory committees whose members are not required to be directors. Any advisory committee so created, however, shall not be a committee of the Board, and shall not exercise any powers of the Board.

Section 15. <u>Standards of Conduct.</u> Each member of the Corporation's Board of Directors, when discharging the duties of a director, shall act in good faith, and in a manner the director reasonably believes to be in the best interests of the Corporation. The members of the Board of Directors, or any committee of the Board, when becoming informed in connection with their decision-making functions, shall discharge their duties with the care that a person in a like position would reasonably believe appropriate under similar circumstances.

In discharging Board or committee duties, a director who does not have knowledge that makes his or her reliance unwarranted is entitled to rely on the performance by the following persons to whom the Board may have delegated, formally or informally by course of conduct, the authority or duty to perform one or more of the Board's delegable functions: (1) any officer of the Corporation whom the director reasonably believes to be reliable and competent in the functions he or she performed or the information, opinions, reports or statements that he or she provided; and (2) any employee of the Corporation whom the director reasonably believes to be reliable and competent in the functions he or she performs or the information, opinions, reports or statements that he or she provides.

In discharging Board or committee duties, a director is entitled to rely on information, opinions, reports or statements, including financial statements and other financial data, if prepared or presented by any of the following persons: (1) any officers or employees of the

9

Corporation whom the director reasonably believes to be reliable and competent in the functions he or she performed or the information, opinions, reports or statements that he or she provided; (2) legal counsel, public accountants, or other persons as to matters involving skill or expertise the director reasonably believes to be either matters within the particular person's professional or expert competence, or matters as to which the person merits confidence; and (3) a committee of the Board of which the director is not a member, as to matters within its jurisdiction, if the director reasonably believes the committee merits confidence.

Section 16.  Standards of Liability.  A director shall not be liable to the Corporation for any decision to take or not to take action, or any failure to take any action, as a director, unless the party asserting liability in a proceeding shall establish that neither Section 901 nor 831 of the Revised Iowa Nonprofit Corporation Act preclude liability of the director, and that the challenged conduct consisted or was the result of one of the following: (1) action not in good faith; (2) a decision that the director either did not reasonably believe to be in the best interest of the Corporation, or as to which the director was not informed to an extent the director reasonably believed appropriate in the circumstances; (3) a lack of objectivity due to the director's familial, financial or business relationships with, or lack of independence due to the director's domination or control by, another person having a material interest in the challenged conduct which relationship, or which domination and control, could reasonably be expected to have affected the director's judgment in a manner adverse to the Corporation and, after a reasonable expectation to such effect has been established, the director shall not have established that the challenged conduct was reasonably believed by him or her to be in the best interests of the Corporation; (4) a sustained failure of the director to devote attention to ongoing oversight of the business and affairs of the Corporation, or a failure to devote timely attention, by making, or causing to be made, appropriate inquiry, when particular facts and circumstances of significant concern materialize that would alert a reasonably attentive director to the need therefor; or (5) receipt of a financial benefit to which the director was not entitled or any other breach of the director's duties to deal fairly with the Corporation and its members that is actionable under applicable law.

Section 17.  Director Conflict of Interest.  No conflict of interest transaction shall be entered into between the Corporation and any director without first being approved pursuant to the procedures set forth in this Article III, Section 17.  The term "conflict of interest transaction" means a transaction with the Corporation in which a director of the Corporation has a direct or indirect interest.  A director shall be deemed to have an indirect interest in a transaction under either of the following circumstance: (1) if another entity in which the director has a material interest or in which the director is a general partner is a party to the transaction; or (2) if another entity of which the director is a director, officer, or trustee is a party to the transaction.

A conflict of interest transaction is authorized, approved or ratified if it receives the affirmative vote of a majority of the directors on the Board of Directors, or a committee of the Board, who have no direct or indirect interest in the transaction, but under no circumstances shall a transaction be authorized, approved or ratified by a single director.  If a majority of the directors on the Board who have no direct or indirect interest in the transaction vote to authorize, approve, or ratify the transaction, a quorum is present for the purpose of taking action on the transaction.

10

The Board of Directors, through a resolution duly adopted, may impose such additional requirements and restrictions on conflict of interest transactions as the Board may see fit.

Section 18. <u>Compensation</u>. No director, committee member or officer of the Corporation shall receive any compensation for services performed in his or her capacity as a director, committee member or officer. Directors, committee members and officers shall be entitled to receive reimbursement for any amounts personally expended for or on behalf of the Corporation while performing their duties as such, provided such amounts are reasonable and approved by the Board of Directors.

ARTICLE IV

OFFICERS

Section 1. <u>Number</u>. The officers of the Corporation shall be a President, a Vice-President, a Secretary, a Treasurer, and such other officers as may be appointed in accordance with the provisions of Section 3 of this Article IV. The same individual may simultaneously hold more than one office in the Corporation.

Section 2. <u>Election, Term of Office and Qualification</u>. The officers of the Corporation shall be chosen by the Board of Directors at its Annual Meeting each year. Each such officer shall hold office for one (1) year, and until his or her successor shall have been duly chosen and shall qualify or until his or her death, resignation or removal. The election of an officer of the Corporation shall not, in and of itself, create any contract rights.

Section 3. <u>Subordinate Officers and Agents</u>. The Board of Directors may appoint such other officers or agents as it may deem necessary or advisable, from time to time, to hold office for such period, and to have such authority to perform such duties as the Board of Directors, from time to time, may determine. The Board of Directors may delegate to any officer or agent the power to appoint any such subordinate officers or agents and to prescribe their respective terms of office, authorities and duties.

Section 4. <u>Removal</u>. An officer may be removed at any time, with or without cause, by the Board of Directors. An officer's removal shall not affect the officer's contract rights, if any, with the Corporation.

Section 5. <u>Resignations</u>. Any officer may resign at any time by giving written notice of such resignation to the Corporation's Founder, Board of Directors, the President or the Vice-President. Any such resignation shall take effect upon receipt of such notice or at any later time specified therein, and unless otherwise specified therein, the acceptance of such resignation shall not be necessary to make it effective. If a resignation is made effective at a future time and the Board of Directors accepts the future effective time, the Board may fill the pending vacancy before the effective time if the Board provides that the successor officer does not take office until the effective time. An officer's resignation shall not affect the Corporation's contract rights, if any, with the officer.

11

Section 6.  <u>Vacancies</u>.  A vacancy in any office by reason of death, resignation, removal, disqualification or any other cause shall be filled by the Board of Directors.

Section 7.  <u>President</u>.  The President shall be the chief executive officer of the Corporation and, subject to the control and consultation with the Board of Directors, he or she shall have general and complete management and supervision of the operations of the Corporation, to retain and discharge all employees, and generally to manage and supervise the operations of the Corporation, including the investment of the corporate funds and properties.  In general, he or she shall perform all duties incident to the office of President and see that all orders and resolutions of the Board of Directors are carried into effect.  From time to time, the President shall report to the Board of Directors all matters within his or her knowledge which the interests of the Corporation may require to be brought to their notice.  The President shall have authority to sign, execute and acknowledge all contracts, checks, deeds, mortgages, bonds, leases or other obligations on behalf of the Corporation as he or she may deem necessary or proper to be executed in the course of the Corporation's regular business, or which shall be authorized by the Board of Directors.  The President may sign in the name of the Corporation reports and all other documents or instruments which are necessary or proper to be executed in the course of the Corporation's business.  The President shall perform such other duties as are given to him or her by these Bylaws or as may be assigned, from time to time, by the Board of Directors.

Section 8.  <u>Vice-President</u>.  In the absence or disability of the President, or whenever requested by the President, the Vice-President may perform all the duties of the President, and, when so acting, shall have all powers and be subject to all restrictions upon the President.  The Vice-President shall perform such other duties as are given to him or her by these Bylaws or as from time to time may be assigned to him or her by the Board of Directors or the President.

Section 9.  <u>Secretary</u>.  The Secretary shall:

(a)  record and prepare minutes of all the proceedings of the meetings of the Board of Directors and its committees, members and Friends in a book to be kept for that purpose;

(b)  cause all notices to be duly given in accordance with the provisions of these Bylaws and as required by statute;

(c)  authenticate and be custodian of the records of the Corporation;

(d)  see that the books, reports, statements and other documents and records required by statute are properly kept and filed;

(e)  in general, perform all duties incident to the office of Secretary and such other duties as are given to him or her by these Bylaws or as may be assigned to him or her, from time to time, by the Board of Directors or the President.

12

Section 10.  <u>Treasurer</u>.  The Treasurer shall:

(a)    have charge of and supervision over and be responsible for the funds, securities, receipts and disbursements of the Corporation;

(b)    cause the money and other valuable effects of the Corporation to be deposited in the name and to the credit of the Corporation in such banks or trust companies or with such bankers or other depositories as shall be selected in accordance with Article VII, Section 5 of these Bylaws or to be otherwise dealt with in such a manner as the Board of Directors may direct;

(c)    cause the funds of the Corporation to be disbursed by checks or drafts upon the authorized depositories of the Corporation, and cause to be taken and preserved proper vouchers for all money disbursed;

(d)    render to the President or the Board of Directors, whenever requested, a statement of the financial condition of the Corporation and of all his or her transactions as Treasurer, and render a full financial report at the Annual Meetings of the Board of Directors;

(e)    cause to be kept, at such place as the Board of Directors may determine, correct books of account of all the Corporation's business and transactions, such books to be available to any director at such place during business hours;

(f)    be empowered, from time to time, to require from all officers or agents of the Corporation reports or statements giving such information as he or she may desire with respect to any and all financial transactions of the Corporation;

(g)    in general, perform all duties incident to the office of Treasurer and such other duties as are given to him or her by the Board of Directors or the President.

Section 11.  <u>Standards of Conduct for Officers.</u>  Each officer of the Corporation, when performing in such capacity, shall act in good faith, with the care that a person in a like position would reasonably exercise under similar circumstances, and in a manner the officer reasonably believes to be in the best interests of the Corporation.  In discharging the officer's duties, an officer who does not have knowledge that makes his or her reliance unwarranted is entitled to rely on any of the following: (1) the performance of properly delegated responsibilities by one or more employees of the Corporation whom the officer reasonably believes to be reliable and competent in performing the responsibilities delegated; (2) information, opinions, reports or statements, including financial statements and other financial data, prepared or presented by one or more officers or employees of the Corporation whom the officer reasonably believes to be reliable and competent in the matters presented; and (3) legal counsel, public accountants, or other persons retained by the Corporation as to matters involving the skills or expertise the

13

officer reasonably believes are within the particular person's professional or expert competence, or as to which the person merits confidence.  An officer shall not be liable as an officer to the Corporation for any decision to take or not to take action, or any failure to take any action, if the duties of the officer are performed in compliance with this Article IV, Section 11.

## ARTICLE V

## OTHER RESERVATIONS OF RIGHTS AND POWERS
## BY THE FOUNDER

Section 1.  <u>Other Reserved Rights and Powers Requiring Prior Approval</u>.  The Founder of the Corporation, as well as its first Healer, is Dado Kantarevic.  In addition to all other situations where the prior written approval by the Founder or his designated successor, if any, is required under the Corporation's Articles of Incorporation or these Bylaws, his prior written approval shall also be required in order for any of the following action to be taken by or on behalf of the Corporation:

        (a)      The approval of any change in the Corporation's name, fictitious names, logo, trademarks, letterhead or similar design materials used in the promotion or identification of the Corporation;

        (b)      The approval and adoption of any strategic or long-term plans for the Corporation, including its financial and capital plans;

        (c)      The approval of the development, significant modification, termination or sponsorship of any of the Corporation's religious or educational programs.

Section 2.  <u>No Change in Corporation's Name Following the Founder's Death</u>.  Following the death of the Founder, no changes, amendments, alterations or other adjustments shall be made to the Corporation's name, fictitious names then in use, trademarks, letterhead or similar design materials used in the promotion or identification of the Corporation, and any attempts to make such a change, amendment, alteration or adjustment shall be enjoined by the Corporation.  Notwithstanding anything in these Bylaws to the contrary, no amendment to this Article V, Section 2 shall be made after the death of the Founder.

## ARTICLE VI

## EXERCISE OF AUTHORITY BY THE FOUNDER

Section 1.  <u>General Application.</u>  All provisions of the Corporation's Articles of Incorporation and these Bylaws which require the prior written approval of the Founder shall be governed by the procedures set forth in this Article VI.

14

Section. 2.  <u>Approval Procedures</u>.  Whenever the prior written approval of the Founder is required, the Board of Directors shall provide him with a written explanation of the desired action to be taken, together with a full discussion of all pertinent background information, salient facts, supporting documentation, proposed language if amendments to the Corporation's Articles of Incorporation or Bylaws are requested, and the rationale for the desired action.

Following his review of the requested action and all supporting documentation, the Founder shall, within a reasonable amount of time, inform the Board of Directors, in writing, whether he approves, disapproves, or has suggested modifications to the requested action. Subject to the provisions of Section 3 of this Article VI, all decisions with respect to action which requires the prior approval of the Founder shall be made in his sole and absolute discretion, and all of his decisions shall be final and binding upon the Corporation.

Section 3.  <u>Changes Required by Law</u>.  In the event that any provision of the Corporation's Articles of Incorporation or Bylaws shall be or become illegal, or shall jeopardize the Corporation's tax-exempt status under Section 501(c)(3) of the Internal Revenue Code of 1986 in the opinion of the Corporation's legal counsel, the remaining provisions of the Articles of Incorporation or Bylaws, as the case may be, shall remain in full force and effect and only the offending provisions shall be of no further force or effect.  In such case, the Corporation's Board of Directors and the Founder shall collaborate to develop such mutually agreeable amendments to the Articles of Incorporation or Bylaws as may be necessary to correct the offending provisions.

Section 4.  <u>Designated Successors</u>.  The Founder may, but shall not be required to, designate a successor to succeed him in exercising all approval and other powers he possesses under the Corporation's Articles of Incorporation and these Bylaws in the event of his incapacity or inability for any other reason to so act during his lifetime.  Such designation shall be made in writing, and shall be delivered to the Corporation's President or Secretary.  Such designation may be for a specific period of time, or for an indefinite duration in the discretion of the Founder. The Founder may revoke such a designation at any time, and designate a new successor thereafter if he should so desire.

In all cases where a successor has been duly designated by the Founder, upon the occurrence of his incapacity or other event rendering him otherwise unable to exercise his authority under the Corporation's Articles of Incorporation or Bylaws, the successor shall immediately be vested with all power and authority to so act without any further action, election or proceeding.

Section 5.  <u>Transactions in Violation of this Article VI</u>.  Any transaction entered into, or any other action taken, by the Corporation or any of its officers or directors in violation of any of the provisions of the Corporation's Articles of Incorporation or Bylaws that required, but did not receive, the prior written approval of the Founder, or his designated successor, according to the procedures set forth in this Article VI shall be void, *ab initio*, and of no further force or effect; provided, however, that the Founder, or his designated successor, may, but shall not be required to, ratify and affirm any transaction entered into or any other action so taken that did not receive his prior written approval.

15

## ARTICLE VII

### ACCEPTANCE OF BEQUESTS, DEVISES AND
### DONATIONS, EXECUTION OF INSTRUMENTS, BORROWING
### OF MONEY AND DEPOSIT OF CORPORATE FUNDS

Section 1.  Acceptance of Bequests, Devises and Donations.  The President or Vice-President may accept any and all unconditional and unrestricted bequests, devises and donations of money and property made to the Corporation and, with the prior approval of the Board of Directors, may accept any other bequests, devises and donations.

Section 2.  Execution of Instruments.  All instruments of assignment, transfer, conveyance, release and contract requiring execution by the Corporation, shall be signed by any authorized officer or agent provided, however, that such person or persons may delegate, from time to time, by instruments in writing, all or any part of such authority to any other person or persons, if authorized to do so by vote of the Board of Directors.

Section 3.  Loans.  When so authorized by the Board of Directors, any officer or agent of the Corporation may effect loans and advances, at any time, for the Corporation, secured by mortgage or pledge of the Corporation's property or otherwise, and may do every act and thing necessary or proper in connection therewith.  Such authority may be general or confined to specific instances.

Section 4.  Transfer of Real Estate.  Unless authorized by the Board of Directors, no right or interest of any kind or nature in and to any real estate or lease of real estate shall be either: (1) sold, assigned, transferred, conveyed or otherwise disposed of or mortgaged or encumbered in any manner; or (2) acquired, either by purchase, lease or otherwise, by the Corporation.

Section 5.  Deposits.  All funds of the Corporation, not otherwise employed, shall be deposited from time to time to its credit in such banks, trust companies or other depositories as the Board of Directors may select, or as may be selected by any officer or officers, agent or agents, authorized to do so by the Board of Directors.

Section 6.  Checks, Drafts, etc.  All notes, drafts, acceptances, checks, endorsements and all evidences of indebtedness of the Corporation whatsoever shall be signed by such officer or officers, or such agent or agents, of the Corporation and in such manner as the Board of Directors, from time to time, may determine.  Endorsements for deposit to the credit of the Corporation, in any of its duly authorized depositories, shall be made in such manner as the Board of Directors may from time to time determine.

## ARTICLE VIII

### CORPORATE RECORDS

16

Section 1.  <u>Corporate Records to be Maintained - Generally.</u>  The Corporation shall keep as permanent records minutes of all meetings of its members and the Board of Directors, a record of all actions taken by the members or directors without a meeting, and a record of all actions taken by committees of the Board of Directors.  The Corporation shall also maintain appropriate accounting records, and a record of its members in a form that permits preparation of a list of the names and addresses of all members, in alphabetical order.  All records shall be maintained in written form or in another form capable of conversion into written form within a reasonable amount of time.  Unless otherwise directed by the Board of Directors, the Secretary of the Corporation shall maintain and be the custodian of all its records.

Section 2.  <u>Specific Records to be Maintained.</u>  In addition to the foregoing, the Corporation shall keep a copy of all of the following records: (1) its Articles of Incorporation, Amended and Restated Articles of Incorporation and all amendments to them currently in effect; (2) its Bylaws, Restated Bylaws and all amendments to them currently in effect; (3) all resolutions adopted by the Board of Directors relating to the characteristics, qualifications, rights, limitations, and obligations of members; (4) the minutes of all meetings of members and records of all actions approved by the members for the past three years; (5) all written communications to members generally within the past three years; (6) a list of the names and business or home addresses of its current directors and officers; and (7) its most recent Biennial Report delivered to the Iowa Secretary of State.

Section 3.  <u>Limitation on Use of Corporate Records.</u>  Without the prior consent of the Board of Directors, no corporate record may be obtained or used by any person for any of the following purposes: (1) for any commercial purpose; (2) for sale to or purchase by any person; or (3) for any purpose that is detrimental to the interests of the Corporation.

Section 4.  <u>Inspection of Records by Directors and Members.</u>  A director of the Corporation is entitled to inspect and copy the books, records and documents of the Corporation at any reasonable time to the extent reasonably related to the performance of the director's duties as a director, including duties as a member of a committee, but not for any other purpose or in any manner that would violate any duty to the Corporation.

As authorized under Section 1602(5) of the Revised Iowa Nonprofit Corporation Act, the Corporation's members shall have no right to inspect or copy the Corporation's books, records or documents, except where expressly permitted by the Board of Directors.

ARTICLE IX

MISCELLANEOUS PROVISIONS

Section 1.  <u>Corporate Seal</u>.  The Corporation shall have no corporate seal.

Section 2.  <u>Fiscal Year</u>.  The fiscal year of the Corporation shall end at the close of business on the last day of December each year.

17

Section 3. <u>Voting of Stocks Owned by the Corporation</u>. In the absence of a resolution of the Board of Directors to the contrary, the President of the Corporation or the Vice-President acting within the scope of his or her authority, as provided in Article IV, Section 8 of these Bylaws, are authorized and empowered, on behalf of the Corporation, to attend, vote and grant discretionary proxies to be used at any meeting of shareholders or stockholders of any corporation in which this Corporation holds or owns shares of stock and in that connection, on behalf of this Corporation, to execute a waiver of notice of any such meeting. The Board of Directors shall have authority to designate any officer or person as a proxy or attorney-in-fact to vote shares of stock in any other corporation in which this Corporation may own or hold shares of stock.

Section 4. <u>Non-Liability</u>. Except as otherwise provided by law, a director, officer, employee, or member of the Corporation is not liable for the Corporation's debts or obligations, and a director, officer, member or other volunteer is not personally liable in that capacity for a claim based upon any action taken or failure to take any action in the discharge of the person's duties, except liability for: (1) the amount of any financial benefit to which the person was not entitled; (2) an intentional infliction of harm on the Corporation or its members; (3) a violation of Section 835 of the Revised Iowa Nonprofit Corporation Act; or (4) an intentional violation of criminal law. If Iowa law is hereafter changed to permit further elimination or limitation of the liability of directors, officers, employees, members or other volunteers for monetary damages to the Corporation, then the liability of such director, officer, employee, member or other volunteer of the Corporation shall be eliminated or limited to the full extent then permitted. The directors, officers, employees, members or other volunteers of the Corporation have agreed to serve in their respective capacities in reliance upon the provisions of this Article.

Section 5. <u>Indemnification</u>. Except as otherwise provided by law, a director, officer, employee, member or other volunteer of this Corporation, as well as each director, officer, employee, member or volunteer of this Corporation who is serving or who has served at the Corporation's request as a director, officer, partner, trustee, employee or agent of another corporation, partnership, joint venture, trust, employee benefit plan or other enterprise, shall be indemnified to the fullest extent possible by the Corporation for liability, as defined in Section 851, subsection 5, of the Revised Iowa Nonprofit Corporation Act, to any person for any action taken, or any failure to take any action, as a director, officer, employee, member or other volunteer of this Corporation, or as a director, officer, partner, trustee, employee or agent of another corporation, partnership, joint venture, trust, employee benefit plan or other enterprise, except with regard to any action, suit or proceeding by or in the right of the Corporation or with respect to any liability for any of the following: (1) receipt of a financial benefit to which the person is not entitled; (2) an intentional infliction of harm on the Corporation or its members; (3) a violation of Section 835 of the Revised Iowa Nonprofit Corporation Act; or (4) an intentional violation of criminal law. In order to be eligible for indemnification, a person must satisfy any and all applicable standards of conduct and liability set forth in the Revised Iowa Nonprofit Corporation Act.

The rights and authority conferred in this Article shall not be exclusive of any other right which any person may have or hereafter acquire under any statute, provision of the Articles of

18

Incorporation or Bylaws of the Corporation, agreement, vote of disinterested directors or otherwise. Any repeal or amendment of this Article shall not adversely affect any right or protection of a director, officer, employee, or other volunteer existing at the time of such repeal or amendment.

Section 6. <u>Corporate Powers and Purposes</u>. The Corporation shall have unlimited power to engage in and to do any lawful act concerning any and all lawful purposes for which corporations may be organized under the provisions of the Revised Iowa Nonprofit Corporation Act, Chapter 504 Code of Iowa, as amended.

The Corporation is organized and shall be operated exclusively and irrevocably for charitable, educational, religious or scientific purposes within the meaning of Section 501(c)(3) of the Internal Revenue Code of 1986, as amended.

The Corporation is and shall remain a "religious corporation" within the meaning of Section 141(38) of the Revised Iowa Nonprofit Corporation Act.

Section 7. <u>Prohibited Transactions</u>. No part of the net earnings of this Corporation shall inure to the benefit of any individual and no part of the activities of this Corporation shall consist of carrying on propaganda or otherwise attempting to influence legislation.

No loans or guarantees on personal obligations shall be made by the Corporation to or on behalf of its directors or officers. Any director or officer who assents to or participates in the making of any such loan or guarantee shall be liable to the Corporation for the amount of such loan or guarantee until the repayment thereof.

This Corporation shall not engage in a prohibited transaction, as defined in the Internal Revenue Code of the United States, or any amendment thereto.

This Corporation shall not:

     (a)    lend any part of its income or corpus, without the receipt of adequate security and a reasonable interest, to;

     (b)    pay any compensation, in excess of a reasonable allowance for salaries or other compensation for personal services actually rendered, to;

     (c)    make any part of its services available on a preferential basis, to;

     (d)    make any substantial purchase of securities or any other property, for less than an adequate consideration in money or money's worth, to; or

     (e)    engage in any other transaction which results in a substantial diversion of its income or corpus, to;

any person who has made a substantial contribution to this Corporation.

19

## ARTICLE X

## AMENDMENTS TO BYLAWS

As authorized under Section 1031 of the Revised Iowa Nonprofit Corporation Act, no amendment, alteration or repeal of any of the provisions of these Bylaws shall be adopted without the prior written approval of the Founder, or his designated successor, if any.

Except where otherwise prohibited hereunder, all Bylaws of the Corporation shall be subject to amendment, alteration or repeal and the new Bylaws or amendments, alterations or repeals may be made: (1) first by the affirmative vote of at least a majority of all members of the Board of Directors in office at the time the amendment is approved; (2) followed by the written approval of the Founder, or his designated successor, if any.  The Corporation shall provide due notice of any meeting of the Board of Directors at which any amendment is to be approved, which notice shall state that the purpose, or one of the purposes, of the meeting is the consideration of a proposed amendment to the Bylaws and contain or be accompanied by a copy or summary of the amendment, or state its general nature.  A copy of such notice shall simultaneously be delivered to the Founder, or his designated successor.

Duly adopted by the Board of Directors on the 28 day of November, 2018.

Dado Kantarevic, President

# AFFIDAVIT

STATE OF FLORIDA        )
                        ) SS:
COUNTY OF _Orange_      )

    I, Anthony Chetta, being first duly sworn upon oath, do depose that I am the Secretary of Iowaska Church of Healing, and that the attached copies of the Articles of Incorporation and Bylaws of Iowaska Church of Healing have been compared to the original documents, and I hereby declare and certify that these copies are complete and accurate copies of the original documents. I further certify that the Articles of Incorporation for this corporation were filed with the Iowa Secretary of State on September 24, 2018.

_____
Anthony Chetta, Secretary

    Subscribed and sworn to before me by Anthony Chetta, known to me personally to be the Secretary of Iowaska Church of Healing, this _28_ day of _December_____, 2018.

_____
Notary Public in and for said
County and State

My commission expires: _7/26/2020_

Atallah Arroyo-Carrion
Notary Public
State of Florida
My Commission Expires 7/26/2020
Commission No. GG 15577

#3021184

