

**William A. Boatwright**
BillBoatwright@davisbrownlaw.com
phone: 515-246-7804
Des Moines Office

October 4, 2019

***VIA COURIER***

Internal Revenue Service
Exempt Organizations
550 Main Street
Cincinnati, OH 45202
ATT: ███████

    ***Re:***   ***Iowaska Church of Healing – Form 1023***
         ***FEIN: 83-2192122***

Dear ███████:

      We are forwarding Iowaska Church of Healing's (the "Organization") response to your letter and second Information Request dated September 10, 2019, a copy of which is attached. The Organization's responses to your inquiries are provided in the same order in which they appear in the Information Request.

      I believe that the Organization has fully responded to the second Information Request, but if you need any further information in order to issue the Determination Letter, please contact me. My direct dial number is (515) 246-7804.

      Thank you for your assistance.

             Very truly yours,

        DAVIS, BROWN, KOEHN, SHORS & ROBERTS, P.C.

             William A. Boatwright

WAB:tlk
Enclosures

cc:    Dado Kantarevic, President

#3111009
DAVIS BROWN KOEHN SHORS & ROBERTS P.C.

PHONE 515.288.2500
FIRM FAX 515.243.0654
WWW.DAVISBROWNLAW.COM

THE DAVIS BROWN TOWER, 215 10ᵀᴴ ST., STE. 1300, DES MOINES, IA 50309
THE HIGHLAND BUILDING, 4201 WESTOWN PKWY., STE. 300, WEST DES MOINES, IA 50266
THE AMES OFFICE, 2605 NORTHRIDGE PKWY., AMES, IA 50010
THE EMMETSBURG OFFICE, 3004 MAIN ST., P.O. BOX 314, EMMETSBURG, IA 50536

**IOWASKA CHURCH OF HEALING**
**FEIN: 83-2192122**

**RESPONSE TO SECOND INFORMATION REQUEST DATED SEPTEMBER 10, 2019**

1. *We were unable to access your website, has the website address changed?  Please provide the current address.*

Yes, the organization's website address has changed and the site has been updated.  The new website address is www.iowaskachurchofhealing.com.

2. *Your response dated July 25, 2019, stated in paragraph #14 that you submitted your request for religious exemption from registration under the Controlled Substances Act to the DEA Diversion Control Division on February 28, 2019.  Please submit a complete copy of this application and all subsequent correspondence related to the application.*

The organization filed its application with the DEA Diversion Control Division in Springfield, Virginia on February 28, 2019, and a copy of the application, sans the complete Form 1023 enclosure, is attached.  Copies of e-mail correspondence to and from the organization's legal counsel and DEA personnel are also enclosed.  These include email correspondence with DEA offices located in Des Moines, Iowa, Miami, Florida, and Arlington, Virginia.  The organization has received no other correspondence from the DEA since the application's submission.

3. *If the religious exemption is not approved by DEA Diversion Control, then what are your plans?*

Given the weight of legal authority in support of the organization's qualification for religious exemption, the organization will pursue all administrative appeals within DEA if the application is initially denied.  If necessary, the organization is also prepared to seek judicial relief under the Religious Freedom Restoration Act of 1993 ("RFRA"), set forth in 42 U.S.C. §§ 2000bb *et seq.*, likely in the form of a Declaratory Judgment action requesting that the court order the DEA to issue the exemption.

4. *Was ayahuasca tea used at the five retreats that were already held in May, June and July of 2019?  If so, how were the retreats legal under federal and/or state law considering that you had not yet received your exemption?*

Yes, the Sacrament of Ayahuasca was used during each of the five weekend ceremonies. As discussed in the organization's original exemption application, the United States Supreme Court expressly recognized the sacramental use of Ayahuasca as a sincere exercise of religion

#3111022

under the First Amendment in *Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal,* 546 U.S. 418 (2006).  Importantly, the government acknowledged this fact and did not contest the validity of the plaintiff's religious use of the substance.  In its ruling, the Supreme Court relied upon the federal RFRA and found that the government's argument that the Controlled Substances Act provided no religious exception for the sacramental use of Ayahuasca was incorrect.  In the instant case, the organization's use of Ayahuasca enjoys these same protections under federal law.

Florida has a state-level version of the RFRA, which is codified at Florida Statutes §§761.01 - 761.061.  Like the RFRA, Florida's law provides that government should not substantially burden the free exercise of religion absent a compelling governmental interest for doing so, and that when it does it should be done using the least restrictive means.

As the *Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal* holding makes clear, it is not necessary for a church to first apply for and secure a religious exemption from the Controlled Substances Act before enforcing its religious freedom rights in the courts.  As stated in the organization's response to the government's initial Information Request, this fact was central to a Native American Church's successful challenge to a "ripeness" argument made by the government in *Oklevueha Native American Church v. Holder*, 676 F.3d 829 (9th Cir. 2012). In addressing the government's argument that the plaintiff church had erred by failing to first apply for a religious exemption from the federal Controlled Substances Act ("CSA") before seeking judicial relief, the 9th Circuit Court of Appeals stated that:

> Likewise, we are unpersuaded by the Government's assertion that Plaintiffs' request for prospective relief is unripe because Plaintiffs did not request an exception to the CSA from the DEA … [t]he Government argues that we should require Plaintiffs to exhaust this administrative remedy, because doing so would allow the DEA to apply its expertise to Plaintiffs' claim, possibly moot the case if the claim is granted, and help build a record for judicial review.

> We decline, however, to read an exhaustion requirement into the RFRA where the statute contains no such condition, see 42 U.S.C. §§ 2000bb - 2000bb-4, and the Supreme Court has not imposed one. Indeed, the Supreme Court has reviewed a RFRA-based challenge to the CSA without requiring that the plaintiffs first seek a religious use exemption from the DEA.  *Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal (citations omitted).*  In doing so, it recognized that RFRA "plainly contemplates that *courts* would recognize exceptions [to the CSA] - that is how the law works."

*Oklevueha Native American Church*, 676 F.3d at 838.

Unlike Florida, Iowa has no state-level version of the federal RFRA.  As a result, the organization has conducted no ceremonies in Iowa in an abundance of caution.

2

5.  *What is the significance of state law as it relates to the use of tea, since the exemption is granted at the federal level?*

Securing the federal exemption from the DEA will offer the organization protection against any charges relating to the federal Controlled Substances Act.  The protections offered under the RFRA, however, apply only to federal laws, whether statutory or otherwise, and do not extend to state laws governing controlled substances.

The organization is confident that its activities are legal in those states that have adopted a state-level version of the RFRA, including Florida.  Additional confidence will be secured when the DEA religious exemption is received and presented to state authorities.

6.  *Please provide the date that you received each of the 20 membership applications as well as the state of residence of each member.*

Formal, written Membership Application forms were received from the organization's members on the following dates, and before each member was allowed to participate in the organization's ceremonies:

March 19, 2019:  Two Membership Applications were received, and both were from California residents.

March 22, 2019:  Five Membership Applications were received, four of which were submitted by Iowa residents and the fifth from a Connecticut resident.

April 13, 2019:  One Membership Application was received from a California resident.

April 17, 2019:  One Membership Application was received from a New Hampshire resident.

May 1, 2019:  One Membership Application was received from a Florida resident.

May 20, 2019:  Three Membership Applications were received from residents of Sweden.

May 30, 2019:  One Membership Application was received from a Florida resident.

June 4, 2019:  One Membership Application was received from a California resident.

June 13, 2019:  One Membership Application was received from an Iowa resident.

June 14, 2019:  One Membership Application was received from a New Hampshire resident.

July 16, 2019:  One Membership Application was received from a resident of Columbia.

July 23, 2019:  One Membership Application was received from a Virginia resident.

3

August 3, 2019:  One Membership Application was received from an Iowa resident.

August 4, 2019:  One Membership Application was received from a Georgia resident.

**7.  *Do any of the 20 members NOT regularly participate in the ceremonies?***

Members do not participate in person on a weekly or other scheduled basis, but remain in frequent contact with the organization's Healers through telephone and email support.  These mediums are used to help guide members through their daily struggles both before and after they attend and participate in ceremonies.  Many of the organization's members live in different states and several in foreign countries, so regular in-person attendance is simply not practical or affordable.

**8.  *How do you determine whether a member is 'ready' to participate in the ceremonies using the tea?  Page 6 of your statement attached to Form 1023 stated that members will undergo thorough medical and psychological evaluations prior to a ceremony.  Explain, in detail, including whether members personally meet with health professionals and the credentials of any such professionals.***

At the time a member joins the Church, he or she is given a copy of the *Rules and Regulations for Participating in the Sacrament of Ayahuasca,* a copy of which was enclosed with the organization's original Form 1023 submission.  These set forth explicit instructions and precautions an individual must follow prior to receiving the Sacrament of Ayahuasca, including restrictions related to diet, alcohol usage, prescription drugs and psychological conditions, among others.  Once a member arrives for weekend ceremonies, he or she is interviewed to make sure that the rules and regulations have been followed, and is required to complete a medical history/condition worksheet.  This is the organization's first check to ensure that an individual is physically and emotionally ready to receive the sacrament.

After the member is deemed to be prepared to receive the sacrament, he or she is given the Ayahuasca tea after the traditional rituals and prayers have been performed.  Once the member has consumed the tea, he or she is carefully monitored by one of the Healers, who continually examines the member's appearance, posture, physical movements and overall behavior.  After they have consumed the tea, members are still able to talk and discuss their spiritual journey with a Healer in a coherent fashion.  As such, a member is able to convey to the Healer if he or she is experiencing any discomfort, and the Healer can then assist the member in becoming more comfortable.

As noted in the organization's original Form 1023, the organization intends to have medical professionals present during each of its ceremonies, and to conduct drug testing beforehand.  The organization does not presently have the means to do so, but will implement these safety precautions in time as membership grows and funds become available.  During two of the ceremonies held in July, however, a licensed Doctor of Chiropractic was on hand solely to

4

observe the participating members and to offer medical assistance if needed.  The doctor did not consume any of the sacramental tea or otherwise participate in the ceremonies.  The organization hopes to maintain a business relationship with this doctor for these services during future ceremonies.

**9.  *Which Healers conducted the retreats that have been held to date?***

Dado Kantarevic and Victoria Chetta conducted all of the sacramental ceremonies and other retreat activities to date.

**10. *Why were the fees waived for the various participants in the weekend retreats?  Explain for each retreat separately.***

In every case, fees were waived or reduced as a result of the member's inability to pay the organization's scheduled fees.  The organization welcomes anyone who seeks spiritual healing, regardless of his or her financial means.  Those whose fees were waived or reduced assisted the organization by cleaning the organization's facilities, assisting with laundry, vacuuming and performing other custodial tasks that the organization's personnel would have otherwise had to perform themselves.

As noted in the organization's original Form 1023 submission and its response to the government's initial Information Request, the organization will allow veterans of the Armed Services to participate in its sacramental ceremonies at reduced or no cost.  The organization has extended invitations through the Wounded Warriors organization and one veteran initially accepted an invitation to participate in ceremonies held during a July weekend at no charge.  He later cancelled, however, due to a scheduling conflict.  The organization will continue to collaborate with Wounded Warriors and other veterans organizations in order to offer healing to those affected by Post-Traumatic Stress Disorder and other conditions that are prevalent with combat veterans.

Finally, retired individuals over the age of 60 are also eligible to have their membership fees waived, but are encouraged to make a donation in an amount of their choice.

**11.  *Can non-members participate in the ceremonies using the tea?***

No.

**12.  *Are the various therapies/healing modalities listed in your Form 1023 provided only to members?  Is there a fee charged for any of these services?  If so, please provide a fee schedule.***

Yes, the additional therapies are provided only to the organization's members and for no additional charge.

5

Under penalties of perjury, I declare that I have examined this request, or this modification to the request, including accompanying documents, and to the best of my knowledge and belief, the request or modification contains all the relevant facts relating to the request, and such facts are true, correct and complete.

Dado Kantarevic, President

6



**DAVISBROWN**
LAW FIRM

**William A. Boatwright**
BillBoatwright@davisbrownlaw.com
phone: 515-246-7804
Des Moines Office

February 28, 2019

**FILE COPY**

*VIA CERTIFIED MAIL*

DEA Diversion Control Division
Attn: Liaison and Policy Section
8701 Morrissette Dr.
Springfield, VA 22152

     *Re:   Iowaska Church of Healing - Request for Religious Exception to C.F.R.*

Dear Sir or Madam:

     This firm represents Iowaska Church of Healing, an Iowa non-profit corporation that was established on September 24, 2018 (the "Church"). The Church is hereby requesting an exception to the application of the Code of Federal Regulations ("C.F.R.") Title 21, Chapter II, § 1301 *et seq.* pursuant to 21 C.F.R. § 1307.03. The Church is not yet fully operational, but is preparing to offer religious services that will provide the Sacrament of Ayahuasca in tea form to its members. Ayahuasca contains Dimethyltryptamine ("DMT"), which is a Schedule I drug under the Controlled Substances Act, 21 U.S.C. § 801 *et seq.* In the following paragraphs, the Church's history and qualification for the requested exceptions will be discussed in detail.

ORGANIZATION OF THE CHURCH

     The Church was formally organized on September 24, 2018, when its Articles of Incorporation were filed with the Iowa Secretary of State. The Church is classified as a "religious corporation" under Iowa Code § 504.141(38). Copies of the Church's Articles of Incorporation and Bylaws are enclosed, and were included as part of the Church's Form 1023, *Application for Recognition of Exemption Under Section 501(c)(3) of the Internal Revenue Code,* which was filed with the Internal Revenue Service on January 10, 2019. A complete copy of IRS Form 1023 is enclosed. The Church anticipates that it will take a number of months to receive its § 501(c)(3) Determination Letter, and will submit a copy of it to your office once it has been received.

     As noted in the Statement attached to the Church's Form 1023 (the "Statement"), the Church's mission is to inspire individuals to seek and embrace authentic, self-realized healing of the mind, body and spirit through the use of the sacred, indigenous plant-medicine of Ayahuasca. In pursuing this mission, the Church will conduct regular worship services for its members, offer educational and mission-based programming to its members and the general public, and perform

PHONE 515.288.2500
FIRM FAX 515.243.0654
WWW.DAVISBROWNLAW.COM

THE DAVIS BROWN TOWER, 215 10TH ST., STE. 1300, DES MOINES, IA 50309
THE HIGHLAND BUILDING, 4201 WESTOWN PKWY., STE. 300, WEST DES MOINES, IA 50266
THE AMES OFFICE, 2605 NORTHRIDGE PKWY., AMES, IA 50010
THE EMMETSBURG OFFICE, 3004 MAIN ST., P.O. BOX 314, EMMETSBURG, IA 50536

Page 2

outreach services designed to provide relief to veterans of the United States Armed Forces. The Church's activities are described in detail throughout the Statement.

The Church's doctrine is derived primarily from the Ayahuasca Manifesto, a copy of which is enclosed. The Manifesto describes the sacrament's role with human beings, its purpose and the expansion of consciousness. It also sets forth detailed instructions with regard to proper dietary preparations for receiving the sacrament, the format of the Church's ritual ceremonies and prayers, and the various uses and benefits of Ayahuasca. The Church's ideology and teachings are also embodied in its *Universal Laws of Respect, Mission, Vision and Value Statements*, a copy of which is also enclosed. The Church's doctrine is based upon teachings and rituals that have been performed for hundreds of years in the Amazon Rainforest.

The requirements for membership in the Church are detailed on pages 4 - 5 of the Statement. Although membership is open to anyone who approaches the Church with the sincere intention to join its spiritual community and is willing to conform his or her life to its teachings, no one under the age of 18 will be allowed to partake in the Sacrament of Ayahuasca. The Church has adopted and imposes strict *Rules & Regulations for Participating in the Sacrament of Ayahuasca*, a copy of which is enclosed.

### REQUEST FOR EXCEPTION TO THE APPLICATION OF 21 C.F.R. CHAPTER II

The preparation and receipt of the Sacrament of Ayahuasca is integral to the Church's operation and its members' exercise of their religion. The Church therefore requests a plenary exception to the application of 21 C.F.R. Chapter II pursuant to 21 C.F.R. § 1307.03. While the Church seeks an exception to the entirety of Chapter II, it is primarily concerned with securing exceptions to the registration requirements for "distributors", "manufacturers" and "importers" under the Controlled Substances Act. It is our understanding that Ayahuasca is not specifically mentioned in the regulations, but because it contains DMT at an increased level of bioavailability once its ingredients are combined, the Church desires to address and comply with any regulatory requirements that may apply.

The term "distribute" is defined in 21 U.S.C. § 802(11) to mean "to deliver (other than by administering or dispensing) a controlled substance or a listed chemical". The term "distributor" is defined in the same statute to mean "a person who so delivers a controlled substance or a listed chemical". The term "manufacture" is defined in 21 U.S.C. § 802(15) to include "… the production, preparation, propagation, compounding, or processing of a drug or other substance, either directly or indirectly or by extraction from substances of natural origin, or independently by means of chemical synthesis or by a combination of extraction and chemical synthesis…". The statute then provides that a "manufacturer" is a person who manufactures a drug or other substance.

The Church believes that the government may determine that it meets the definition of a distributor and manufacturer of a controlled substance, and that its members may be considered

Page 3

the "end users" of Ayahuasca within the meaning of 21 U.S.C. § 802(27). Under 21 U.S.C. § 822(a)(1), every person who manufactures or distributes any controlled substance, or who proposes to engage in such manufacturing or distribution, is required to obtain an annual registration. Registration requirements are further detailed in 21 C.F.R. § 1301.11. In its religious ceremonies, the Church prepares the sacrament by cooking and combining the ingredients of Ayahuasca (*Psychotria Viridis* leaves and *Banisteriopsis Caapi* vine bark) and then provides it to its members in the form of a tea as the central part of its ritual. The Church will use no other substances or drugs in its ceremonies, and only Church members may receive the sacrament. The Church believes that the ritualistic preparation of Ayahuasca and the distribution to its members during religious ceremonies is firmly grounded in the First Amendment to the United States Constitution, and that the restriction of these religious freedoms was not intended by Congress when it promulgated the Controlled Substances Act.

The term "import" is defined in 21 U.S.C. § 951(a)(1) to mean, with respect to any article, "any bringing in or introduction of such article into any area (whether or not such bringing in or introduction constitutes an importation within the meaning of the tariff laws of the United States)". Under 21 U.S.C. § 957(a)(1), no person may import a controlled substance into the customs territory of the United States from any foreign jurisdiction unless such person has a registration issued by the Attorney General, or an exception to the statute applies. One of these exceptions is set forth in § 957(b)(2), which authorizes the Attorney General to waive the registration requirements of certain importers if the government finds it "consistent with public health and safety". The *Psychotria Viridis* plant naturally contains DMT and the *Banisteriopsis Caapi* plant contains an agent that inhibits the first plant's metabolism by the human body. The Church will purchase both plants from Amazonian sources and have them shipped to the United States through proper U.S. Customs protocols. Neither plant is considered a "controlled substance" by itself, but in an abundance of caution the Church desires confirmation by the government that it will not be required to register as an "importer" of these plants. In addition, there is no threat to public health and safety from the Church's procurement of these plant ingredients to be used in preparing Ayahuasca.

AUTHORITIES IN SUPPORT OF REQUEST

The United States Supreme Court has expressly recognized the sacramental use of Ayahuasca in religious ceremonies. In its 2006 decision styled *Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal,* 546 U.S. 418 (2006), the Supreme Court addressed the use of Ayahuasca during religious ceremonies and held that the government had impermissibly burdened the church members' exercise of their religion when it confiscated an Ayahuasca shipment being delivered to the church. Like the Church, the members of Uniao do Vegetal church ("UDV") received the Sacrament of Ayahuasca in the form of tea containing DMT. The government argued that because DMT is a Schedule I drug under the Controlled Substances Act, its religious use was banned under that statute. The government conceded that the sacramental use of Ayahuasca by the UDV church members was a sincere exercise of religion, but argued that the Controlled Substances Act provided no exception for its usage.

Page 4

In successfully arguing for a religious exemption from the Controlled Substances Act, the UDV church relied upon the provisions of the Religious Freedom Restoration Act of 1993 ("RFRA"), set forth at 42 U.S.C. §§2000bb *et seq.* Under the RFRA, the government may not substantially burden a person's exercise of religion, even if the burden results from a rule of general applicability, unless the government can demonstrate that the burden is in furtherance of a compelling governmental interest and is the least restrictive means of furthering that compelling interest. Under the RFRA, a person whose religious exercise has been burdened in violation of the statute is authorized to seek judicial relief from the government's actions. In ruling in favor of the UDV church and its sacramental use of Ayahuasca, the Supreme Court noted that the government's actions in disrupting the church's use of Ayahuasca were a "substantial burden" upon its members' exercise of their religious beliefs, and that the government failed to meet its burden to demonstrate that its actions furthered a compelling interest, or that they did so using the least restrictive means.

The RFRA applies to all Federal law and the implementation of that law, whether statutory or otherwise. A number of states have adopted their own versions of the RFRA, many of which mirror the protections set forth in the Federal act. Florida is one of two states in which the Church intends to purchase real estate and establish a permanent place of worship. Florida adopted the "Religious Freedom Restoration Act of 1998", which is set forth in Chapter 761 of the Florida Statutes. The State of Iowa has not adopted its own version of the RFRA. The Church will work with the Attorneys General for both states to inform them of its presence and to comply with any protocols necessary to conduct its worship services.

If you have any questions or need additional information, please contact me. My direct dial number is: (515) 246-7804.

Very truly yours,

DAVIS, BROWN, KOEHN, SHORS & ROBERTS, P.C.

William A. Boatwright

WAB:tlk
Enclosures

cc: ██████████████████
      DEA - DMRO
      210 Walnut St., ███████
      Des Moines, IA 50309

Page 5

███████████
Diversion Program Manager
DEA Miami Division
2100 North Commerce Parkway
Miami, FL 33326

Dado Kantarevic, President
Iowaska Church of Healing

## Boatwright, William A.

| | |
|---|---|
| **From:** | Boatwright, William A. |
| **Sent:** | Thursday, September 26, 2019 4:43 PM |
| **To:** | ▇▇▇▇▇▇▇▇ |
| **Subject:** | RE: [Ext] RE: Iowaska Church of Healing - Application for Exception to CFR |

Hi Sarah,

I'm following up to see how the Iowaska Church of Healing's religious exemption request is coming along. I believe we are nearly finished with the IRS exemption application process, but the examiner has asked for an update on the status of DEA's review. If you would please let me know at your earliest convenience, or have your colleague get back to me directly, I would greatly appreciate it. The IRS has requested our response by Wednesday, October 9th.

As part of the IRS request, we are providing that agency with copies of the DEA application and all correspondence between the church and DEA relating to the application.

If you or your colleague have any questions, please don't hesitate to call me. My direct dial is (515) 246-7804.

Best regards,

Bill

**From:** ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
**Sent:** Wednesday, July 17, 2019 7:27 AM
**To:** Boatwright, William A. <BillBoatwright@davisbrownlaw.com>
**Subject:** RE: [Ext] RE: Iowaska Church of Healing - Application for Exception to CFR

Hi Bill,

I recently transferred to the Policy section at DEA HQS in Arlington, VA and this is the section that is working on the request. It is still in progress. One of my colleagues is working on a response that will need to be approved by our front office. We have several RFRA requests along with many other policy questions so the response might still take some time. Feel free to keep checking in.

Kind regards,

▇▇▇▇▇▇▇▇

**From:** Boatwright, William A. [mailto:BillBoatwright@davisbrownlaw.com]
**Sent:** Thursday, June 27, 2019 5:59 PM
**To:** ▇▇▇▇▇▇▇▇
**Subject:** RE: [Ext] RE: Iowaska Church of Healing - Application for Exception to CFR

Hi Sarah,

It's now been four months since we submitted the request for a religious exemption from the Controlled Substances Act with the DEA Diversion Control Division in Virginia, and we haven't received any response to date. Should we have received some kind of filing acknowledgment or other response by now, and is there any further action we should take at this point? The IRS exemption application was filed nearly 6 months ago, so we should be hearing back from them in the near future.

1

Thanks for your help,

Bill

**From:** ██████████████████████████████

**Sent:** Tuesday, February 26, 2019 1:35 PM

**To:** Boatwright, William A. <BillBoatwright@davisbrownlaw.com>

**Subject:** [Ext] RE: Iowaska Church of Healing - Application for Exception to CFR

Hi Bill,

There are several offices in Florida, so the best contact would be the Diversion Program Manager in Miami, she is in charge of the entire state.

Her contact information is below:

████████████████

Diversion Program Manager

DEA Miami Division

2100 North Commerce Parkway

Miami, Florida 33326

Kind regards,

██████████████

**From:** Boatwright, William A. <BillBoatwright@davisbrownlaw.com>

**Sent:** Tuesday, February 26, 2019 1:26 PM

**To:** ██████████████████████████

**Subject:** Re: Iowaska Church of Healing - Application for Exception to CFR

Hi Sarah,

I'm nearly ready to send the DEA a request for exception to the CFR provisions requiring registration. My client is now planning to first look for property in Florida to get started, and I was wondering if you know the name/address of your counterpart in Florida so that I can copy him or her on the DEA filing package. Please let me know if you have this information. We're in the process of registering the Iowa nonprofit corporation to do business in Florida, and I expect we'll get that submitted sometime next week.

Thanks for your help,

Bill

The Davis Brown Law Firm is committed to providing Exceptional Client Service. For a review of the supporting principles, go to www.davisbrownlaw.com/exceptional.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply E-mail and destroy all copies of the original message.

HEALTHCARE PRIVACY STATEMENT: This message may contain protected health information that is strictly confidential. If you have received this email, you are required to maintain the security and confidentiality of the

2

information and may not disclose it without written consent from the patient or as otherwise permitted by law. Unauthorized disclosure may be subject to federal and state penalties.

3

**Boatwright, William A.**

| | |
|---|---|
| **From:** | Boatwright, William A. |
| **Sent:** | Monday, March 11, 2019 11:38 AM |
| **To:** | ███████████ |
| **Cc:** | |
| **Subject:** | RE: [Ext] Iowaska Church of Healing |

███████████

Thank you for your message.  I will update our records with your new address and keep you informed of my client's progress.

Bill Boatwright

**From:** ████████████████████████
**Sent:** Monday, March 11, 2019 11:34 AM
**To:** Boatwright, William A. <BillBoatwright@davisbrownlaw.com>
**Cc:** ████████████████████
**Subject:** [Ext] Iowaska Church of Healing

Mr. Boatwright,

Thank you for sending me a courtesy copy of the Request for Religious Exemption for the Iowaska Church of Healing.  I was out of the office last week, but the package was on my desk this morning.  Please continue the communication with me regarding this request and any additional requests for Florida locations.

Our mailing address has changed.  Please update your records:

DEA Miami Field Division
3200 Meridian Parkway, Suite 107
Weston, FL  33331

If you have any questions or would like to communicate about this matter, please contact me at one of the below numbers or via email.

Thanks

████████████

Diversion Program Manager
Drug Enforcement Administration
3200 Meridian Parkway, Suite 107
Weston, FL  33331

Cell:  (954) 817-5408
Desk:  (954) 306-4651

1

**Boatwright, William A.**

| | |
|---|---|
| **From:** | ████████████████████████ |
| **Sent:** | Friday, March 08, 2019 10:47 AM |
| **To:** | Boatwright, William A. |
| **Cc:** | ███████████████ |
| **Subject:** | RE: [Ext] Iowaska Church of Healing |

Mr. Boatwright

Thank you for the clarification. If you will be doing business in Florida, as I now re-read the letter I see your statement of future plans, then yes we appreciate the heads-up and please continue to keep our office in the loop. Thank you for responding.



████████████████
Diversion Group Supervisor
Miami Division
2100 N. Commerce Parkway
Weston, Florida 33326
████████████████████

**From:** Boatwright, William A. <BillBoatwright@davisbrownlaw.com>
**Sent:** Friday, March 8, 2019 11:25 AM
**To:** ██████████████████████████
**Cc:**
**Subject:** RE: [Ext] Iowaska Church of Healing

Good morning, 

My firm represents Iowaska Church of Healing, an Iowa non-profit corporation, and we filed the Request for Religious Exception with the DEA Diversion Control Division in Springfield, VA. I originally contacted ██████████ here in Des Moines, and she assisted me with the application procedures. I sent a copy of the Request to ██████████ of your Miami office simply as a courtesy, and to notify your local office that my client is seeking the exception and plans to establish a branch of the church there in the near future. The church will be filing an application to register the Iowa non-profit corporation to do business in Florida next week.

If you would like me to send you a copy of the DEA religious exception approval once I receive it or take any other action, I will be happy to do so. If it is unnecessary to keep your office in the loop, however, just let me know and I won't send you any further communications.

Thank you,

1

Bill Boatwright

**From:** ████████████████████████
**Sent:** Thursday, March 07, 2019 11:19 AM
**To:** Boatwright, William A. <BillBoatwright@davisbrownlaw.com>
**Cc:** ████████████████
**Subject:** [Ext] Iowaska Church of Healing

Good Afternoon

Our office received a Request for Religious Exception for the Iowaska Church of Healing in the Miami Division Office.  Can either of you please clarify that this actually is being handled by the Des Moines Iowa office, as I cannot find a nexus to Florida.   If this belongs to Iowa, Sarah  I will scan and email the documents if necessary.  I look forward to your response.



████████████████

*Diversion Group Supervisor*
*Miami Division*
2100 N. Commerce Parkway
Weston, Florida 33326

████████████████████████████

    The Davis Brown Law Firm is committed to providing Exceptional Client Service. For a review of the supporting principles, go to www.davisbrownlaw.com/exceptional.

    This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply E-mail and destroy all copies of the original message.
    HEALTHCARE PRIVACY STATEMENT: This message may contain protected health information that is strictly confidential. If you have received this email, you are required to maintain the security and confidentiality of the information and may not disclose it without written consent from the patient or as otherwise permitted by law. Unauthorized disclosure may be subject to federal and state penalties.

2