

**Department of the Treasury
Internal Revenue Service
Tax Exempt and Government Entities**
PO Box 2508
Cincinnati, OH 45201

Date:
   February 4, 2020
Employer ID number:
   83-2192122
Person to contact / ID number:

Contact telephone number:
   513-
Contact fax number:
   855-775-7261
Response due date:
   March 3, 2020

IOWASKA CHURCH OF HEALING
C/O WILLIAM A. BOATWRIGHT
DAVIS BROWN LAW FIRM
215 10TH ST SUITE 1300
DES MOINES, IA  50309

Dear Applicant:

**Why you are receiving this letter**

We need more information to consider your determination letter request.

**What you must do**

Please provide the information requested and follow the submission instructions. You must submit your response by the due date above.

**If you don't respond**

If you don't respond to the Information Request by the due date, or don't provide all the requested information, we may close your case without making a determination. If so, we won't refund any user fee you paid, and you'll need to submit a new request and any applicable user fee payment if you want us to reconsider your request. Alternatively, if you haven't established that you meet the requirements for exemption for the subsection requested, we may make an adverse determination.

In addition, if you don't provide the requested information by the due date, you may lose your rights to get a declaratory judgment. Under Internal Revenue Code (IRC) Section 7428(b)(2), you must exhaust all administrative remedies available to you within the IRS before a court will issue a declaratory judgment about your exempt status. This requirement means you must take all reasonable steps in a timely manner to secure a determination under IRS procedures, including providing the information we need to act on your request. If you fail to timely provide the requested information, you may lose your rights to obtain a declaratory judgment under Section 7428.

**Additional information**

Letter 1312 (Rev. 4-2017)
Catalog Number 35163W

IOWASKA CHURCH OF HEALING
83-2192122

If you have questions or need additional time to respond, call me at the number at the top of this letter. If you have concerns after speaking with me, you can call my supervisor Ms. Lee at 513-975-6419.

The Taxpayer Advocate Service (TAS) is an independent organization within the IRS that can help protect your taxpayer rights. TAS can offer you help if your tax problem is causing a hardship or you've tried but haven't been able to resolve your problem with the IRS. If you qualify for TAS assistance, which is always free, TAS will do everything possible to help you. Visit taxpayeradvocate.irs.gov or call 1-877-777-4778.

Sincerely,

Exempt Organizations Specialist

Enclosure:
Information Request

**Letter 1312 (Rev. 4-2017)**
Catalog Number 35163W

IOWASKA CHURCH OF HEALING
83-2192122

# Information Request
# Third Request

**Information we need to make our determination**

Include the following declaration with your response, signed and dated by an officer, director, trustee, or other governing body member (not an authorized representative). You can sign and date the statement below or reproduce it in the body of your signed response. The declaration must accompany responses per Revenue Procedure 2020-5 (updated annually).

> *Under penalties of perjury, I declare that I have examined this information, including accompanying documents, and, to the best of my knowledge and belief, the information contains all the relevant facts relating to the request for the information, and such facts are true, correct, and complete.*

1. Please see the attached guidance regarding applying for an exemption from the CSA provided on the DEA website, does the guidance reflect the actual guidance you have received from the DOJ/DEA? If not, please submit copies of the guidance that you have received.

2. The attached guidance states in Item #7 that any activity is prohibited until you receive a final determination. How are you in compliance with this prohibition considering you have used the controlled substance in multiple ceremonies?

3. Your response to item #4 dated October 4, 2019, stated that the *Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal* holding makes it clear that it is not necessary for a church to first apply for and secure the exemption before enforcing its religious freedom rights in the courts. Have you sought relief in the courts? If not, please explain the basis for your belief that you are not in violation of the Controlled Substance Act.

**How to submit the requested information (do's and don'ts)**

- **Don't include** any personal identifying information like bank account or social security numbers that could result in identity theft or other adverse consequences if publicly disclosed. If we approve your application

**Letter 1312 (Rev. 4-2017)**
Catalog Number 35163W

IOWASKA CHURCH OF HEALING
83-2192122

- for exemption, we're generally required by law to make the application and the information you submit in response to this letter available for public inspection. If you have questions about the public inspection of your request or other documents, please call me.

- **Do include** the following declaration with your response, signed by one of your principal officers or directors:

    **Under penalties of perjury, I declare that I have examined this request, or this modification to the request, including accompanying documents, and to the best of my knowledge and belief, the request or modification contains all the relevant facts relating to the request, and such facts are true, correct, and complete.**

- **Do attach** a copy of the cover letter to your response. This enables us to quickly and accurately associate your response with your case file.

- **Do fax or mail** your response to:

    | **Fax:** | **US Mail:** | **Street Address (delivery service):** |
    |---|---|---|
    | 855-775-7261 | Internal Revenue Service | Internal Revenue Service |
    | ATT: Diane Gentry | Exempt Organizations | Exempt Organizations |
    | Room 6403 | P. O. Box 2508 | 550 Main Street |
    | Group 7821 | Cincinnati, OH 45201 | Cincinnati, OH  45202 |
    | | ATT: Diane Gentry | ATT: Diane Gentry |
    | | Room 6403 | Room 6403 |
    | | Group 7821 | Group 7821 |

- **Don't provide** multiple copies of your response. Providing more than a single response may result in unnecessary delays in processing your response. We must process, assign, and review each piece of correspondence submitted (whether fax or mail).

- **Do allow** adequate processing time if you want to call to verify we received your response. If you fax your response, allow a minimum of three workdays from the day you fax it. If you mail your response, allow a minimum of seven workdays from the day you mail it.

**Letter 1312 (Rev. 4-2017)**
Catalog Number 35163W

# Guidance Regarding Petitions for Religious Exemption from the Controlled Substances Act Pursuant to the Religious Freedom Restoration Act

In recent years, the Drug Enforcement Administration (DEA) has seen an increase in requests from parties requesting religious exemptions from the Controlled Substances Act (CSA) to permit the use of controlled substances. The Religious Freedom Restoration Act (RFRA) provides that the "Government shall not substantially burden a person's exercise of religion" unless the Government can demonstrate "that application of the burden to the person is in furtherance of a compelling governmental interest and is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000bb-l. In **Gonzales v. O Centra Espirita Beneficente Uniao do Vegetal,** 126 S.Ct. 1211 (2006), the Supreme Court held that government action taken pursuant to the CSA is subject to RFRA. In order to obtain an exemption under RFRA, a party must, as a preliminary matter, demonstrate that its (1) sincere (2) religious exercise is (3) substantially burdened by the CSA. 42 U.S.C. § 2000bb et seq.

The guidelines that follow are an interim measure intended to provide guidance to parties who wish to petition for a religious exemption to the CSA:

1. *Filing Address.* All petitions for exemption from the Controlled Substances Act under RFRA shall be submitted in writing to Susan A. Gibson, Deputy Assistant Administrator, Diversion Control Division, Drug Enforcement Administration, 8701 Morrissette Drive, Springfield, Virginia 22152.

2. *Content of Petition.* A petition may include both a written statement and supporting documents. A petitioner should provide as much information as he/she deems necessary to demonstrate that application of the Controlled Substances Act to the party's activity would (1) be a substantial burden on (2) his/her sincere (3) religious exercise. Such a record should include detailed information about, among other things, (1) the nature of the religion {e.g., its history, belief system, structure, practice, membership policies, rituals, holidays, organization, leadership, etc.); (2) each specific religious practice that involves the manufacture, distribution, dispensing, importation, exportation, use or possession of a controlled substance; (3) the specific controlled substance that the party wishes to use; and (4) the amounts, conditions, and locations of its anticipated manufacture, distribution, dispensing, importation, exportation, use or possession. A petitioner is not limited to the topics outlined above, and may submit any and all information he/she believes to be relevant to DEA's determination under RFRA and the Controlled Substances Act.

3. *Signature.* The petition must be signed by the petitioner, who must declare under penalty of perjury that the information provided therein is true and correct. See *28 U.S.C. § 1746.*

4. *Acceptance of Petition for Filing.* Petitions submitted for filing are dated upon receipt by DEA. If it is found to be complete, the petition will be accepted as filed, and the petitioner will receive notification of acceptance. Petitions that do not conform to this guidance will not generally be accepted for filing. A petition that fails to conform to this guidance will be

Last updated: February 26, 2018

returned to the petitioner with a statement of the reason for not accepting the petition for filing. A deficient petition may be corrected and resubmitted. Acceptance of a petition for filing does not preclude DEA from making subsequent requests for additional information.

5. *Requests for Additional Information.* DEA may require a petitioner to submit such additional documents or written statements of facts relevant to the petition as DEA deems necessary to determine whether the petition should be granted. It is the petitioner's responsibility to provide DEA with accurate contact information. If a petitioner does not respond to a request for additional information within 60 days from the date of DEA's request, the petition will be considered to be withdrawn.

6. *Applicability of DEA Regulations.* A petitioner whose petition for a religious exemption from the Controlled Substances Act is granted remains bound by all applicable laws and Controlled Substances Act regulations governing registration, labeling and packaging, quotas, recordkeeping and reporting, security and storage, and periodic inspections, among other things. See *21 C.F.R. §§ 1300-1316*. A petitioner who seeks exemption from applicable CSA regulations (as opposed to the CSA itself) may petition under *21 C.F.R. § 1307.03*. Such petition must separately address each regulation from which the petitioner seeks exemption and provide a statement of the reasons for each exemption sought.

7. *Activity Prohibited Until Final Determination.* No petitioner may engage in any activity prohibited under the Controlled Substances Act or its regulations unless the petition has been granted and the petitioner has applied for and received a DEA Certificate of Registration. A registration granted to a petitioner is subject to subsequent suspension or revocation, where appropriate, consistent with CSA regulations and RFRA.

8. *Final Determination.* After the filed petition—along with all submissions in response to any requests for additional information—has been fully evaluated, the Deputy Assistant Administrator of the Diversion Control Division shall provide a written response that either grants or denies the petition. Except in the case of affirming a prior denial or when the denial is self-explanatory, the response shall be accompanied by a statement of reasons upon which the decision is based. This written response is a final determination under *21 U.S.C. § 877*.

9. *Application of State and Other Federal Law.* Nothing in these guidelines shall be construed as authorizing or permitting any party to take any action which such party is not authorized or permitted to take under other Federal laws or under the laws of the State in which he/she desires to take such action. Likewise, compliance with these guidelines shall not be construed as compliance with other Federal or State laws unless expressly provided in such other laws.

Last updated: February 26, 2018