

Department of the Treasury
Internal Revenue Service
P.O. Box 2508
Cincinnati, OH 45201

SEP 01 2020

**Date:**

**Employer ID number:**
83-2192122
**Contact person/ID number:**
███████████████

**Contact telephone number:**
513-██████

Iowaska Church of Healing
4114 27th Street
Des Moines, IA  50310

Dear Applicant:

We received your protest regarding our proposed determination letter dated July 13, 2020.

We considered the information you submitted and concluded that it doesn't change our determination.  We enclosed an explanation that addresses the disputed items, the law, and your position.

We'll forward your case with this information to the Office of Appeals, and an Appeals Officer will contact you to discuss your case. You don't need to take further action at this time.

If you have questions, you can contact the person listed at the top of this letter.

We sent a copy of this letter to your representative as indicated in your power of attorney.

**Letter 5918 (Rev. 4-2017)**
Catalog Number 69465S

Sincerely,

Stephen A. Martin
Director, Exempt Organizations
Rulings and Agreements

Enclosure:

Explanation

Letter 5918 (Rev. 4-2017)
Catalog Number 69465S

**Explanation**

In response to the proposed denial of your application, you indicated that you generally concur with the government's description of the facts in the letter, with several exceptions. First, in the second sentence of the final paragraph on Page 3 the government erroneously states that 10% of your activities include "spiritual medication." You believe that this was a typographical error as it had described this activity as spiritual "meditation" in its original application. You stated that given the nature of the application and your activities, however, correcting this error seems prudent. In fact, this was a typographical error and the proposed denial letter should have read "spiritual meditation."

Next, you indicated that the first sentence of the first paragraph on Page 4 of the letter incorrectly states, "You have held ceremonies twice a month for the last year or so." As the government correctly states later in that same paragraph, you conducted a total of five (5) ceremonies over three weekends. These took place during the months of May, June and July of 2019. You state that you discontinued your sacramental ceremonies out of fear that, without the government's approvals, your members may be wrongfully subjected to arrest by law enforcement and criminal prosecution thereafter. In an abundance of caution, you state that all ceremonies were suspended. Despite this claim, it is noted that on July 26, 2019, you specifically stated in a response to our request that your activities include "Weekend Ceremonies and Services – 2 weekends per month." So, it seems that contradictory information was provided.

You explained how you have provided the government with an exhaustive statement of the law regarding the sacramental use of Ayahuasca. You stated that, in summary, the United States Supreme Court expressly recognized the sacramental consumption of Ayahuasca as a sincere and lawful exercise of one's religion under the First Amendment to the United States Constitution, Gonzalez v. O Centro Espirita Beneficente Uniao do Vegetal, 546 U.S. 418 (2006). Notably, you state, the government conceded that the sacramental ceremonies performed in the O Centro case constituted a "sincere exercise of religion", and that its application of the Controlled Substances Act, 21 U.S.C. §§ 801 et ("CSA"), would substantially burden that free exercise. In addition, the court in the O Centro case did not require the respondent church to first apply for or secure a religious exemption from the CSA from the Drug Enforcement Administration ("DEA") prior to requesting judicial relief from the government's impermissible burdening of its free exercise rights. This fact was central to a Native American Church's successful challenge to a "ripeness" argument made by the government in Oklevueha Native American Church v. Holder, 676 F.3d 829 (9th Cir. 2012). In addressing the government's argument that the plaintiff church had erred by failing to first apply for a religious exemption from the CSA before seeking judicial relief, the 9th Circuit Court of Appeals stated that:

> Likewise, we are unpersuaded by the Government's assertion that Plaintiffs' request for prospective relief is unripe because Plaintiffs did not request an exception to the CSA from the DEA ... [t]he Government argues that we should require Plaintiffs to exhaust this administrative remedy, because doing so would allow the DEA to apply expertise to Plaintiffs' claim, possibly moot the case if the claim is granted, and help build a record for judicial review.

**Letter 5918 (Rev. 4-2017)**
Catalog Number 69465S

We decline, however, to read an exhaustion requirement into the RFRA where the statute contains no such condition, see 42 U.S.C §§ 2000bb - 2000bb-4, and the Supreme Court has not imposed one. Indeed, the Supreme Court has reviewed a RFRA-based challenge to the CSA without requiring the plaintiffs first seek a religious use exemption from the DEA. In doing so, it recognized that RFRA "plainly contemplates that courts would recognize exceptions [to the CSA] – that is how the law works."

The O Centro and Oklevueha opinions make it clear that it was not necessary for the churches involved in those cases to first secure a DEA exemption in order to enjoy the rights afforded them under the Free Exercise Clause of the First Amendment or to invoke the protections of the Religious Freedom Restoration Act of 1993, 42 C.S.C. 2000bb et seq. In addition, the Oklevueha court pointed out that the United States Supreme Court had recognized the sacramental use of Ayahuasca as an exception to the CSA in the O Centro opinion.

The United States Constitution protects the free exercise of religion. Specifically, the First Amendment provides that Congress shall make no law respecting an establishment of religion or prohibiting the free exercise thereof. Congress reinforced this protection when it enacted the RFRA, which prohibits the federal government from burdening a person or organization's exercise of religion, "even if the burden results from a rule general applicability," unless the government can demonstrate the burden furthers a compelling government interest, and is the least restrictive means of doing so. 42 U.S.C. § 2000bb--1 (a), (b). "The least-restrictive means standard is exceptionally demanding." Burwell v. Hobby Lobby Stores, Inc., 573 U.S. 682, 728, 134 S. Ct. 2751, 2780 (2014).

The RFRA provides protection and a remedy system for those whose rights to freely exercise their religion are unduly burdened by government action. The rights protected by the statute, however, do not attach only upon the initiation of an action brought in the courts, as the government appears to argue, but rather have their origin in the Free Exercise Clause of the First Amendment. Indeed, Congress acknowledged the inherent nature of these rights under the First Amendment in the findings section of the RFRA when it stated that, "the framers of the Constitution, recognizing free exercise of religion as an unalienable right, secured its protection in the First Amendment to the Constitution." 42 U.S.C. §§ 2000bb(a)(1).

You state that the sacramental use of Ayahuasca is a sincere and legal religious activity protected by the Free Exercise Clause of the First Amendment to the United States Constitution, as confirmed by the United States Supreme Court in the O Centro case. In arguing that you would be conducting an illegal activity by resuming your use of Ayahuasca in your sacred ceremonies, the government takes the erroneous position that to legally conduct these activities you must first either: (i) secure a religious exemption from the CSA, or (ii) judicially confirm your right to the free exercise of religion under the First Amendment.

The government's position with regard to the former condition is directly contradictory to the United States Supreme Court's ruling in the O Centro ease. By stating that the use of Ayahuasca is illegal unless and until the Church has secured a DEA exemption from CSA, the government is attempting to make the same failed argument the government made in O Centro. In O Centro, like the instant case, the government conceded that the spiritual use of Ayahuasca was a valid

Letter 5918 (Rev. 4-2017)
Catalog Number 69465S

exercise of the church's religion but was nevertheless illegal under the CSA. The Supreme Court expressly rejected this argument and ruled that the respondent church's right to free exercise under the First Amendment was paramount and protected by the RFRA. It is therefore indisputable that it is not necessary for an entity to secure a DEA exemption before its right to free exercise religion attaches under the First Amendment. The government is therefore required to respect and honor the O Centro opinion and its component findings.

The government's second stated condition, that you are required to secure judicial relief to convert its activities from illegal to legal, is also flawed, It defies logic to read the O Centro opinion and conclude that the only reason the use of Ayahuasca was found to be a legal and sincere exercise of religion was because a court challenge was brought by the respondent church to confirm it. Had the underlying activity been illegal or criminal, the Supreme Court would not have granted the relief the respondent sought Rights of free exercise of one's religion are unalienable rights and are set forth in the Free Exercise Clause of the First Amendment. As such, no judicial pre-approval or confirmation of these rights is required. The government's argument that your activities are illegal unless it obtains a judicial ruling confirming its First Amendment rights is therefore without merit.

The government affirmatively states in its Letter that your activities are "strikingly similar" to those of the church in O Centro. Just as the government's argument that you must satisfy one of two conditions to convert activities from illegal to legal is without merit and contrary to O Centro, its conclusion that you do not qualify for Section 501(c)(3) status is without merit.

You said that you concede that satisfaction of the "associational for church status under IRC Sections 509(a)(1) and 170(b)(1)(A)(i) is problematic for you because of the irregular attendance by members at its religious ceremonies. Irregular attendance, however, will be attributable to the cost and travel difficulties involved in attending ceremonies, and not to a lack of spiritual belief or devotion on the part of your members. You are willing to withdraw your request for recognition as a "church" and to accept governmental recognition as a religious organization under IRC Section 50l(c)(3) and a public charity pursuant to Section 509(a)(2).

You have no objection whatsoever to filing annual information returns with the government or to the government's ability to examine and regulate you. Since your inception, you have attempted to structure your activities with regulatory transparency and in compliance with all federal and state laws. In addition to seeking tax-exempt status under IRC Section 501(c)(3), you also applied for a religious exemption from the CSA from the DEA. In doing so, you not notified the Diversion Control Division of the DEA in Springfield, Virginia at the time you filed your religious exemption request, but also copied in local DEA offices in Iowa and Florida to apprise them of your establishment and intent to conduct religious ceremonies in those states, The Church also informed the Iowa and Florida Attorneys General of your intention to establish places of worship  using the sacrament of Ayahuasca.

The Service agrees that you do not qualify for "church" classification under IRC Section 501(c)(3) and Sections 509(a)(1) and 170(b)(1)(A)(i). The ability to exercise your religious freedoms and the ability to secure tax exempt status are two separate issues. You argue that you are like the organization in O Centro. In that case, they were essentially seeking permission to

use a substance which was included on the Schedule I substances under the Controlled Substances Act in their religious services. The Service is only making a ruling on your exempt status. Tax exemption is a matter of legislative grace and not a right. While you may have the right, upon securing approval from the DEA, et al, to use an illegal substance in your religious practices, that does not automatically transfer as the right to tax exemption under IRC Section 501(c)(3).

A review of Christian Echoes Nat. Ministry, Inc. v. U.S., 470 F.2d 840 (1972), describes an organization which had its exemption under Section 501(c)(3) revoked because they were attempting to influence legislation regarding prayer in schools. It was found that a religious organization that engaged in substantial activity aimed at influencing legislation is disqualified for tax exemption, whatever the motivation. The court went on to say that in light of the fact that tax exemption is a privilege, a matter of grace rather than right, the limitations contained in IRC Section 501(c)(3) withholding exemption from nonprofit corporations do not deprive Christian Echoes of its constitutionally guaranteed right of free speech. The taxpayer may engage in all such activities without restraint, subject, however, to withholding of the exemption or, in the alternative, the taxpayer may refrain from such activities and obtain the privilege of exemption. In the same way, we have determined that you conduct activities which are federally illegal, making them not appropriate for the legislative grace that is tax exemption. Tax exemption would provide essentially a public funding mechanism for federally illegal activities, which is outside of the scope of Section 501(c)(3). Accordingly, you do not qualify for exemption under Section 501(c)(3).

**Letter 5918 (Rev. 4-2017)**
Catalog Number 69465S



Department of the Treasury
Internal Revenue Service
P.O. Box 2508
Cincinnati, OH 45201

**Date:** SEP 01 2020

**Employer ID number:**
83-2192122

**Contact person/ID number:**
███████████████████

**Contact telephone number:**
513-████████

William Boatright
Davis Brown Law Firm
215 10th Street, Suite 1300
Des Moines, IA  50309

RE: Iowaska Church of Healing

Dear Applicant:

We received your protest regarding our proposed determination letter dated July 13, 2020.

We considered the information you submitted and concluded that it doesn't change our determination.  We enclosed an explanation that addresses the disputed items, the law, and your position.

We'll forward your case with this information to the Office of Appeals, and an Appeals Officer will contact you to discuss your case. You don't need to take further action at this time.

If you have questions, you can contact the person listed at the top of this letter.

We sent a copy of this letter to your representative as indicated in your power of attorney.

**Letter 5918 (Rev. 4-2017)**
Catalog Number 69465S

Sincerely,

Stephen A. Martin
Director, Exempt Organizations
Rulings and Agreements

Enclosure:

Explanation

**Letter 5918 (Rev. 4-2017)**
Catalog Number 69465S

**Explanation**

In response to the proposed denial of your application, you indicated that you generally concur with the government's description of the facts in the letter, with several exceptions. First, in the second sentence of the final paragraph on Page 3 the government erroneously states that 10% of your activities include "spiritual medication." You believe that this was a typographical error as it had described this activity as spiritual "meditation" in its original application. You stated that given the nature of the application and your activities, however, correcting this error seems prudent. In fact, this was a typographical error and the proposed denial letter should have read "spiritual meditation."

Next, you indicated that the first sentence of the first paragraph on Page 4 of the letter incorrectly states, "You have held ceremonies twice a month for the last year or so." As the government correctly states later in that same paragraph, you conducted a total of five (5) ceremonies over three weekends. These took place during the months of May, June and July of 2019. You state that you discontinued your sacramental ceremonies out of fear that, without the government's approvals, your members may be wrongfully subjected to arrest by law enforcement and criminal prosecution thereafter. In an abundance of caution, you state that all ceremonies were suspended. Despite this claim, it is noted that on July 26, 2019, you specifically stated in a response to our request that your activities include "Weekend Ceremonies and Services – 2 weekends per month." So, it seems that contradictory information was provided.

You explained how you have provided the government with an exhaustive statement of the law regarding the sacramental use of Ayahuasca. You stated that, in summary, the United States Supreme Court expressly recognized the sacramental consumption of Ayahuasca as a sincere and lawful exercise of one's religion under the First Amendment to the United States Constitution, Gonzalez v. O Centro Espirita Beneficente Uniao do Vegetal, 546 U.S. 418 (2006). Notably, you state, the government conceded that the sacramental ceremonies performed in the O Centro case constituted a "sincere exercise of religion", and that its application of the Controlled Substances Act, 21 U.S.C. §§ 801 et ("CSA"), would substantially burden that free exercise. In addition, the court in the O Centro case did not require the respondent church to first apply for or secure a religious exemption from the CSA from the Drug Enforcement Administration ("DEA") prior to requesting judicial relief from the government's impermissible burdening of its free exercise rights. This fact was central to a Native American Church's successful challenge to a "ripeness" argument made by the government in Oklevueha Native American Church v. Holder, 676 F.3d 829 (9th Cir. 2012). In addressing the government's argument that the plaintiff church had erred by failing to first apply for a religious exemption from the CSA before seeking judicial relief, the 9th Circuit Court of Appeals stated that:

> Likewise, we are unpersuaded by the Government's assertion that Plaintiffs' request for prospective relief is unripe because Plaintiffs did not request an exception to the CSA from the DEA ... [t]he Government argues that we should require Plaintiffs to exhaust this administrative remedy, because doing so would allow the DEA to apply expertise to Plaintiffs' claim, possibly moot the case if the claim is granted, and help build a record for judicial review.

We decline, however, to read an exhaustion requirement into the RFRA where the statute contains no such condition, see 42 U.S.C §§ 2000bb - 2000bb-4, and the Supreme Court has not imposed one. Indeed, the Supreme Court has reviewed a RFRA-based challenge to the CSA without requiring the plaintiffs first seek a religious use exemption from the DEA. In doing so, it recognized that RFRA "plainly contemplates that courts would recognize exceptions [to the CSA] – that is how the law works."

The O Centro and Oklevueha opinions make it clear that it was not necessary for the churches involved in those cases to first secure a DEA exemption in order to enjoy the rights afforded them under the Free Exercise Clause of the First Amendment or to invoke the protections of the Religious Freedom Restoration Act of 1993, 42 C.S.C. 2000bb et seq. In addition, the Oklevueha court pointed out that the United States Supreme Court had recognized the sacramental use of Ayahuasca as an exception to the CSA in the O Centro opinion.

The United States Constitution protects the free exercise of religion. Specifically, the First Amendment provides that Congress shall make no law respecting an establishment of religion or prohibiting the free exercise thereof. Congress reinforced this protection when it enacted the RFRA, which prohibits the federal government from burdening a person or organization's exercise of religion, "even if the burden results from a rule general applicability," unless the government can demonstrate the burden furthers a compelling government interest, and is the least restrictive means of doing so. 42 U.S.C. § 2000bb--1 (a), (b). "The least-restrictive means standard is exceptionally demanding." Burwell v. Hobby Lobby Stores, Inc., 573 U.S. 682, 728, 134 S. Ct. 2751, 2780 (2014).

The RFRA provides protection and a remedy system for those whose rights to freely exercise their religion are unduly burdened by government action. The rights protected by the statute, however, do not attach only upon the initiation of an action brought in the courts, as the government appears to argue, but rather have their origin in the Free Exercise Clause of the First Amendment. Indeed, Congress acknowledged the inherent nature of these rights under the First Amendment in the findings section of the RFRA when it stated that, "the framers of the Constitution, recognizing free exercise of religion as an unalienable right, secured its protection in the First Amendment to the Constitution." 42 U.S.C. §§ 2000bb(a)(1).

You state that the sacramental use of Ayahuasca is a sincere and legal religious activity protected by the Free Exercise Clause of the First Amendment to the United States Constitution, as confirmed by the United States Supreme Court in the O Centro case. In arguing that you would be conducting an illegal activity by resuming your use of Ayahuasca in your sacred ceremonies, the government takes the erroneous position that to legally conduct these activities you must first either: (i) secure a religious exemption from the CSA, or (ii) judicially confirm your right to the free exercise of religion under the First Amendment.

The government's position with regard to the former condition is directly contradictory to the United States Supreme Court's ruling in the O Centro ease. By stating that the use of Ayahuasca is illegal unless and until the Church has secured a DEA exemption from CSA, the government is attempting to make the same failed argument the government made in O Centro. In O Centro, like the instant case, the government conceded that the spiritual use of Ayahuasca was a valid

**Letter 5918 (Rev. 4-2017)**
Catalog Number 69465S

exercise of the church's religion but was nevertheless illegal under the CSA. The Supreme Court expressly rejected this argument and ruled that the respondent church's right to free exercise under the First Amendment was paramount and protected by the RFRA. It is therefore indisputable that it is not necessary for an entity to secure a DEA exemption before its right to free exercise religion attaches under the First Amendment. The government is therefore required to respect and honor the O Centro opinion and its component findings.

The government's second stated condition, that you are required to secure judicial relief to convert its activities from illegal to legal, is also flawed, It defies logic to read the O Centro opinion and conclude that the only reason the use of Ayahuasca was found to be a legal and sincere exercise of religion was because a court challenge was brought by the respondent church to confirm it. Had the underlying activity been illegal or criminal, the Supreme Court would not have granted the relief the respondent sought Rights of free exercise of one's religion are unalienable rights and are set forth in the Free Exercise Clause of the First Amendment. As such, no judicial pre-approval or confirmation of these rights is required. The government's argument that your activities are illegal unless it obtains a judicial ruling confirming its First Amendment rights is therefore without merit.

The government affirmatively states in its Letter that your activities are "strikingly similar" to those of the church in O Centro. Just as the government's argument that you must satisfy one of two conditions to convert activities from illegal to legal is without merit and contrary to O Centro, its conclusion that you do not qualify for Section 501(c)(3) status is without merit.

You said that you concede that satisfaction of the "associational for church status under IRC Sections 509(a)(l) and 170(b)(l)(A)(i) is problematic for you because of the irregular attendance by members at its religious ceremonies. Irregular attendance, however, will be attributable to the cost and travel difficulties involved in attending ceremonies, and not to a lack of spiritual belief or devotion on the part of your members. You are willing to withdraw your request for recognition as a "church" and to accept governmental recognition as a religious organization under IRC Section 50l(c)(3) and a public charity pursuant to Section 509(a)(2).

You have no objection whatsoever to filing annual information returns with the government or to the government's ability to examine and regulate you. Since your inception, you have attempted to structure your activities with regulatory transparency and in compliance with all federal and state laws. In addition to seeking tax-exempt status under IRC Section 501(c)(3), you also applied for a religious exemption from the CSA from the DEA. In doing so, you not notified the Diversion Control Division of the DEA in Springfield, Virginia at the time you filed your religious exemption request, but also copied in local DEA offices in Iowa and Florida to apprise them of your establishment and intent to conduct religious ceremonies in those states, The Church also informed the Iowa and Florida Attorneys General of your intention to establish places of worship  using the sacrament of Ayahuasca.

The Service agrees that you do not qualify for "church" classification under IRC Section 501(c)(3) and Sections 509(a)(1) and 170(b)(1)(A)(i). The ability to exercise your religious freedoms and the ability to secure tax exempt status are two separate issues. You argue that you are like the organization in O Centro. In that case, they were essentially seeking permission to

Letter 5918 (Rev. 4-2017)
Catalog Number 69465S

use a substance which was included on the Schedule I substances under the Controlled Substances Act in their religious services. The Service is only making a ruling on your exempt status. Tax exemption is a matter of legislative grace and not a right. While you may have the right, upon securing approval from the DEA, et al, to use an illegal substance in your religious practices, that does not automatically transfer as the right to tax exemption under IRC Section 501(c)(3).

A review of Christian Echoes Nat. Ministry, Inc. v. U.S., 470 F.2d 840 (1972), describes an organization which had its exemption under Section 501(c)(3) revoked because they were attempting to influence legislation regarding prayer in schools. It was found that a religious organization that engaged in substantial activity aimed at influencing legislation is disqualified for tax exemption, whatever the motivation. The court went on to say that in light of the fact that tax exemption is a privilege, a matter of grace rather than right, the limitations contained in IRC Section 501(c)(3) withholding exemption from nonprofit corporations do not deprive Christian Echoes of its constitutionally guaranteed right of free speech. The taxpayer may engage in all such activities without restraint, subject, however, to withholding of the exemption or, in the alternative, the taxpayer may refrain from such activities and obtain the privilege of exemption. In the same way, we have determined that you conduct activities which are federally illegal, making them not appropriate for the legislative grace that is tax exemption. Tax exemption would provide essentially a public funding mechanism for federally illegal activities, which is outside of the scope of Section 501(c)(3). Accordingly, you do not qualify for exemption under Section 501(c)(3).

**Letter 5918 (Rev. 4-2017)**
Catalog Number 69465S