

**Department of the Treasury**
**Internal Revenue Service**
**Independent Office of Appeals**
4330 WATT AVENUE SA 7890
SACRAMENT CA 95821-7012

Date: **JUN 2 8 2021**

Person to contact:
  Name:
  Employee ID number:
  Telephone: 916-
  Fax: 855-241-4766
  Hours: 7:30-4:00
Employer ID number:
  83-2192122
Uniform issue list (UIL):
  501.03-20
  504.02-00
  501.35-00

IOWASKA CHURCH OF HEALING
4114 27TH ST
DES MOINES IA  50310-5901

**Certified Mail**

Dear Organization:

This is a final adverse determination that you do not qualify for exemption from federal income tax under Internal Revenue Code (the "Code") Section 501(a) as an organization described in Section 501(c)(3) of the Code.

We made the adverse determination for the following reasons:

You are not organized and operated exclusively for exempt purposes. Your activities are illegal under ferderal law and violate public policy. You are also not a church or a convention or association of churches within the meaning of section 170(b)(1)(A)(i) of the code.

You're required to file federal income tax returns on Form 1120, U.S. Corporation income Tax Return. Mail your form to the appropriate Internal Revenue Service Center per the form's instructions. You can get forms and instructions by visiting our website at www. irs.gov/forms-pubs or by calling 800-TAX-FORM (800-829-3676).

We'll make this letter and the proposed adverse determination letter available for public inspection under Section 6110 of the Code after deleting certain identifying information. We provided to you, in a separate mailing, Notice 437, Notice of Intention to Disclose. Please review the Notice 437 and the documents attached that show our proposed deletions. If you disagree with our proposed deletions, follow the instructions in Notice 437. We will return the administrative file when possible.

If you decide to contest this determination, you can file an action for declaratory judgment under the provisions of Section 7428 of the Code in either:

  • The United States Tax Court,
  • The United States Court of Federal Claims, or
  • The United States District Court for the District of Columbia

**Letter 1371 (Rev. 7-2020)**
Catalog Number 40683R

You must file a petition or complaint in one of these three courts within 90 days from the date we mailed this determination letter to you. Contact the clerk of the appropriate court for rules and the appropriate forms for filing petitions for declaratory judgment. You can write to the courts at the following addresses:

| United States Tax Court | US Court of Federal Claims | US District Court for the District of Columbia |
|---|---|---|
| 400 Second Street, NW<br>Washington, DC 20217 | 717 Madison Place, NW<br>Washington, DC 20005 | 333 Constitution Avenue, NW<br>Washington, DC 20001 |

Note: We will not delay processing income tax returns and assessing any taxes due even if you file a petition for declaratory judgment under Section 7428 of the Code.

You also have the right to contact the Taxpayer Advocate Service (TAS). TAS is an independent organization within the IRS that can help protect your taxpayer rights. TAS can offer you help if your tax problem is causing a hardship, or you've tried but haven't been able to resolve your problem with the IRS. If you qualify for TAS assistance, which is always free, TAS will do everything possible to help you. Visit www.taxpayeradvocate.irs.gov or call 877-777-4778.

TAS assistance is not a substitute for established IRS procedures, such as the formal appeals process. TAS cannot reverse a legally correct tax determination, or extend the time fixed by law that you have to file a petition in a United States Court.

If you have questions, contact the person at the top of this letter.

Sincerely,

Charles Rettig
Commissioner
By

*Tim Jarvis*

Tim Jarvis
Appeals Team Manger

Enclosures: Publication 892

cc: William A Boatwright Esquire



# How to Appeal an IRS Determination on Tax-Exempt Status

## Introduction

U.S. tax law grants the Internal Revenue Service the authority to determine which organizations meet the criteria for tax-exempt status and which do not. This power applies to new applicants as well as existing groups that – in the view of the IRS – are no longer complying with the law.

The tax laws also provide the right of appeal for organizations that disagree with a proposed adverse determination by the IRS.

You may appeal when you don't agree with the IRS's proposed:

- determination about your initial qualification for tax-exempt status or other request (such as certain changes in foundation classification).
- determination that you do not qualify for tax-exempt status, as the result of an audit.
- determination to change your Internal Revenue Code (IRC) Section 501(c)(3) organization's foundation classification, as the result of an audit.

Certain appeals rules apply. See Special Considerations below.

Appeals are considered by the Appeals Office, an independent function within the IRS. The appeals process offers an opportunity to resolve disputes before they lead to litigation.

This publication helps explain the steps involved and how the system works.

## If We Propose an Adverse Determination as to Your Request for Initial Qualification of Tax – Exempt Status or Certain Other Requests

If we review your request and determine you don't meet the requirements, we'll issue you a proposed adverse determination letter. This letter will explain why you don't meet the requirements.

If you disagree with the letter, you may appeal the determination by submitting a protest.

If you submit a protest, the Exempt Organizations Rulings and Agreements office will first review the protest. If it determines that the information you submitted with your protest demonstrates that you meet the requirements of your requested determination, that office will send you a favorable determination letter. If that office maintains its adverse position, it may send you a revised proposed adverse letter discussing your rights or it will forward your protest and your determination case file to the Appeals Office.

## If We Propose an Adverse Determination as to Your Tax-Exempt Status as the Result of an Audit

If, after auditing you, we determine that you do not qualify for tax-exempt status, we may propose an adverse determination as to your exempt status.

We'll notify you of the proposed adverse determination by letter. You may then appeal by filing a protest or request a conference with the manager of the IRS employee who issued the letter. If after meeting with the manager you agree with the proposed adverse determination, we'll ask you to sign a consent form. By signing a consent, you do not waive your rights to file a suit for declaratory judgment, discussed below. If you still disagree after the conference, you may exercise your appeal rights by filing a protest. You have 30 days from the date of the IRS's letter to file the protest.

## If We Propose an Adverse Determination as to Your Foundation Classification as the Result of an Audit

If, after auditing you, we determine that your foundation classification is incorrect, we may propose a change to your foundation classification.

For example, if you're classified as a publicly supported organization under IRC Sections 509(a)(1) and 170(b)(1)(A) (vi), but the level of public support reported on your return doesn't meet the required public support tests, we might propose that you be reclassified as a private foundation.

We'll notify you of the proposed adverse determination by letter. You may then appeal by filing a protest or request a conference with the manager of the IRS employee who issued the letter. If after meeting with the manager you agree with the proposed adverse determination, we'll ask you to sign a consent form. By signing a consent, you do not waive your rights to file a suit for declaratory judgment, discussed below. If you still disagree after the conference, you may exercise your appeal rights by filing a protest. You have 30 days from the date of the IRS's letter to file the protest.

## Special Considerations

Limits on appeals rights apply in some cases. The right to an appeal or an appeals conference does not apply in cases where a delay in the proceedings would harm the interests of the IRS. These cases might include fraud, jeopardy, the statute of limitations or where other immediate action is necessary to protect the interests of the government.

The statute of limitations is the last day the IRS can legally assess a proposed tax that could arise from a proposal to revoke a tax-exempt status or other change. Generally, IRS policy requires at least 365 days remaining on the statute of limitations when a case is received in Appeals. The IRS will ask you to agree to extend this date if additional time is needed to meet the required number of days.

## Filing a Protest

To appeal a proposed adverse determination, you must file your protest statement within 30 days of the date of the formal written letter from the IRS (sometimes called a "30-day letter"). Your protest should include:

- your organization's name, address, employer identification number (EIN) and a daytime phone number.
- a statement that the organization wants to protest the proposed determination.
- a copy of the 30-day letter showing the findings that you disagree with (or the date and IRS office symbols from the letter).
- an explanation of your reasons for disagreeing, including any supporting documents.
- the law or authority, if any, on which you are relying.

You must also state if you want an Appeals Conference.

Include the following declaration with your protest statement:

> *"Under penalties of perjury, I declare that I have examined this protest statement, including accompanying documents, and to the best of my knowledge and belief, the statement contains all relevant facts, and such facts are true, correct and complete."*

The protest statement should be signed by an officer of your organization or your representative. Submit your protest and any supporting documents to the address shown on the letter.

**Note:** The Internal Revenue Code provides that a court will not issue a declaratory judgment unless the court determines that you have exhausted your administrative remedies. If you don't file a protest with respect to an adverse determination, the court may determine that you have not exhausted your administrative remedies.

## Representation

A principal officer or trustee may act on behalf of your organization at any level of appeal. Or you may authorize an attorney, certified public accountant or individual enrolled to practice before the IRS to represent you. In that case, you need to file Form 2848, *Power of Attorney and Declaration of Representative.* The IRS will then authorize your representative to file written responses and execute consents, agreements and – in certain circumstances – returns on your behalf and communicate directly with him or her about your case. For more information, see Publication 947, *Practice Before the IRS and Power of Attorney.*

If the protest is signed by your representative, a so-called substitute declaration also must be included stating that the representative prepared the protest and any accompanying documents, and personally knows (or does not know) that the statement of facts in the protest and any accompanying documents are true and correct.

## After You File Your Protest

The Appeals Office is the dispute resolution forum of the IRS. It is separate from – and independent of – Exempt Organizations and other IRS divisions. Most disputes can be settled through the Appeals Office. But if you cannot reach an agreement with the Appeals Office, you may be able to take your case to federal court, assuming that you meet certain procedural and jurisdictional requirements.

If you believe that your disputed issue has not been addressed in published precedent or has been treated inconsistently by the IRS, you may ask that it be referred to the Associate Chief Counsel (Tax Exempt and Government Entities) (TEGE) office for advice or guidance. The Associate Chief Counsel (TEGE) will consider the issue and render a written decision in the form of a technical advice memorandum. You can request Associate Chief Counsel consideration at any time, whether your case is in Exempt Organizations or in Appeals.

Note: A decision rendered in a technical advice memorandum that concerns your tax-exempt status or foundation classification generally is final and binding on Appeals. If the decision concerns any other issue, it's binding on Appeals only if it's favorable to you. If the decision is unfavorable, Appeals can reach its own conclusion.

Appeals Office conferences are informal so that you, your representative and the Appeals officer can engage in a frank discussion of the issues in dispute. There is no sworn testimony, and no stenographer is present to record the discussions. Matters alleged as fact must be submitted in the form of an affidavit or declared to be true under penalty of perjury.

If the Appeals officer considers the issues amenable to settlement, the Appeals officer will ask you to submit an offer of settlement or the Appeals officer will propose the terms of a settlement. If you agree to settle, you'll be asked to sign a settlement agreement form.

## Taking Your Dispute to Court

If a settlement can't be reached as to the proposed adverse determination, you will receive a letter stating the final decision and telling you the deadline for filing a pleading in court.

## Declaratory Judgments Relating to Tax-Exempt Status and Classification of Organizations

Once you receive the letter, you have the right to petition the U.S. Tax Court, the U.S. Court of Federal Claims or the U.S. District Court for the District of Columbia for a declaratory judgment as to your qualification for exempt status or your classification as a private foundation or publicly supported organization. If the court rules in your favor, the IRS must abide by the court's decision.

For information about appealing taxes owed or refunds, see Publication 5, *Your Appeals Rights and How to Prepare a Protest If You Don't Agree*. For employment taxes, see Publication 5146, *Employment Tax Returns: Examinations and Appeal Rights*.

The court cannot issue you a declaratory judgment unless you file an appropriate petition or complaint with the court within 90 days of the date of our final determination letter. The court must also find that you exhausted all administrative remedies available to you within the IRS.

## United States Tax Court

To initiate a declaratory judgment action in U.S. Tax Court, file a petition titled "Petition for Declaratory Judgment (Exempt Organization)" with the court clerk at: United States Tax Court, 400 Second Street, N.W., Washington, DC 20217.

For more information about bringing an action in the U.S. Tax Court, including the type of information your petition should contain, contact the Office of the Clerk by mail at 400 Second Street NW, Washington, DC 20217-0002, or by phone at 202-521-0700.