APPEAL,CLOSED,TYPE−E

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: <u>1:21−cv−02475−BAH</u>

IOWASKA CHURCH OF HEALING v. RETTIG

Assigned to: Judge Beryl A. Howell

Cause: 42:2000 Religion

Date Filed: 09/22/2021

Date Terminated: 03/31/2023

Jury Demand: None

Nature of Suit: 890 Other Statutory Actions

Jurisdiction: U.S. Government Defendant

**<u>Plaintiff</u>**

**IOWASKA CHURCH OF HEALING**      represented by      **William A. Boatwright**
DENTONS DAVIS BROWN PC
215 10th Street
Suite. 1300
Des Moines, IA 50309
515−288−2500
Fax: 515−243−0654
Email: <u>bill.boatwright@dentons.com</u>
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael A. Gilmer**
215 10th Street
Suite 1300
Des Moines, IA 50309
(515) 288−2500
Fax: (515) 243−0654
Email: <u>michael.gilmer@dentons.com</u>
*ATTORNEY TO BE NOTICED*

**Kenneth John Pfaehler**
DENTONS US LLP
1900 K Street, N.W.
Washington, DC 20006
202−408−6468
Fax: 202−496−7756
Email: <u>kenneth.pfaehler@dentons.com</u>
*ATTORNEY TO BE NOTICED*

V.

**<u>Defendant</u>**

**CHARLES P. RETTIG**      represented by      **Emily Katherine Miller**
*in his Official Capacity as Commissioner,*      U.S. DEPARTMENT OF JUSTICE
*Internal Revenue Service*      P.O. Box 227

Ben Franklin Station
Washington, DC 20044
202−353−7509
Email: emily.k.miller@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kristina Marie Portner**
DOJ−TAX
P.O. Box 227
Ben Franklin Station
Washington, DC 20044
202−514−0451
Email: kristina.m.portner@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**UNITED STATES OF AMERICA**          represented by   **Emily Katherine Miller**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/22/2021 | 1 | COMPLAINT *for Declaratory Relief* against CHARLES P. RETTIG , *in his Official Capacity as Commissioner of the Internal Revenue Service* ( Filing fee $ 402 receipt number ADCDC−8749187) filed by IOWASCA CHURCH OF HEALING. (Attachments: # 1 Civil Cover Sheet, # 2 Summons to Charles P. Rettig, # 3 Summons to U.S. Attorney, # 4 Summons to U.S. Attorney General)(Pfaehler, Kenneth) (Entered: 09/22/2021) |
| 09/23/2021 | | Case Assigned to Chief Judge Beryl A. Howell. (znmg) (Entered: 09/23/2021) |
| 09/23/2021 | 2 | SUMMONS (3) Issued Electronically as to CHARLES P. RETTIG, U.S. Attorney and U.S. Attorney General (Attachment: # 1 Notice and Consent)(znmg) (Entered: 09/23/2021) |
| 09/23/2021 | 3 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− William A. Boatwright, Filing fee $ 100, receipt number ADCDC−8753670. Fee Status: Fee Paid. by IOWASKA CHURCH OF HEALING. (Attachments: # 1 Exhibit A − Declaration of William A. Boatwright, # 2 Text of Proposed Order)(Pfaehler, Kenneth) (Entered: 09/23/2021) |
| 09/23/2021 | 4 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Michael A. Gilmer, Filing fee $ 100, receipt number ADCDC−8753688. Fee Status: Fee Paid. by IOWASKA CHURCH OF HEALING. (Attachments: # 1 Exhibit A − Declaration of Michael A. Gilmer, # 2 Text of Proposed Order)(Pfaehler, Kenneth) (Entered: 09/23/2021) |
| 09/23/2021 | 5 | STANDING ORDER. Signed by Chief Judge Beryl A. Howell on September 23, 2021 (lcbah2) (Entered: 09/23/2021) |

| 09/23/2021 | | MINUTE ORDER (paperless) GRANTING plaintiff's 3 Motion for Admission Pro Hac Vice of Attorney William A. Boatwright. Mr. Boatwright may enter an appearance *pro hac vice* for the purpose of representing plaintiff in this action. **Counsel should register for e−filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a). Click for instructions.** Signed by Chief Judge Beryl A. Howell on Septe mber 23, 2021. (lcbah2) (Entered: 09/23/2021) |
|---|---|---|
| 09/23/2021 | | MINUTE ORDER (paperless) GRANTING plaintiff's 4 Motion for Admission Pro Hac Vice of Attorney Michael A. Gilmer. Mr. Gilmer may enter an appearance *pro hac vice* for the purpose of representing plaintiff in this action. **Counsel should register for e−filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a). Click for instructions.** Signed by Chief Judge Beryl A. Howell on September 23 , 2021. (lcbah2) (Entered: 09/23/2021) |
| 09/29/2021 | 6 | NOTICE of Appearance by William A. Boatwright on behalf of All Plaintiffs (Boatwright, William) (Entered: 09/29/2021) |
| 09/30/2021 | 7 | NOTICE of Appearance by Michael A. Gilmer on behalf of All Plaintiffs (Gilmer, Michael) (Entered: 09/30/2021) |
| 09/30/2021 | 8 | ERRATA *Omitted signature on original proof of service, attached is corrected paged* by IOWASKA CHURCH OF HEALING re 7 Notice of Appearance filed by IOWASKA CHURCH OF HEALING. (Gilmer, Michael) (Entered: 09/30/2021) |
| 10/26/2021 | 9 | AFFIDAVIT *of Mailing* by IOWASKA CHURCH OF HEALING. (Boatwright, William) (Entered: 10/26/2021) |
| 10/26/2021 | 10 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. CHARLES P. RETTIG served on 9/27/2021, RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed on United States Attorney General. Date of Service Upon United States Attorney General 9/28/2021., RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to the United States Attorney. Date of Service Upon United States Attorney on 9/28/2021. ( Answer due for ALL FEDERAL DEFENDANTS by 11/27/2021.) (See Docket Entry 9 to view document). (eg) (Entered: 11/01/2021) |
| 11/26/2021 | 11 | ANSWER to Complaint by CHARLES P. RETTIG.(Miller, Emily) (Entered: 11/26/2021) |
| 12/20/2021 | 12 | NOTICE of Appearance by Kristina Marie Portner on behalf of CHARLES P. RETTIG (Portner, Kristina) (Entered: 12/20/2021) |
| 12/20/2021 | 13 | NOTICE *of Certified List of Contents of Administrative Record* by CHARLES P. RETTIG (Attachments: # 1 Certification of Index, # 2 Index to Administrative Record)(Miller, Emily) (Entered: 12/20/2021) |
| 02/08/2022 | 14 | MEET AND CONFER STATEMENT. (Boatwright, William) (Entered: 02/08/2022) |
| 02/09/2022 | | MINUTE ORDER (paperless) ISSUING, upon consideration of the parties' 14 Meet and Confer Statement, the following SCHEDULING ORDER:<br><br>(1) by June 1, 2022, plaintiff shall file any dispositive motions;<br><br>(2) by July 1, 2022, defendant shall file any cross−motion and/or opposition to plaintiff's motion; |

| | | |
|---|---|---|
| | | (3) by August 1, 2022, plaintiff shall file any opposition to defendant's cross motion and/or reply in support for any dispositive motion;<br><br>(4) by September 1, 2022, defendant shall file any reply in support of his cross−motion; and<br><br>(5) by September 15, 2022, any appendix to the administrative record shall be filed.<br><br>Signed by Chief Judge Beryl A. Howell on February 9, 2022. (lcbah2) (Entered: 02/09/2022) |
| 02/09/2022 | | Set/Reset Deadlines: Dispositive Motion due by 6/1/2022; cross−motion and opposition to dispositive motion due by 7/1/2022; opposition to cross−motion and reply to opposition to dispositive motion due by 8/1/2022; reply to opposition to cross−motion due by 9/1/2022; appendix to the administrative record due by 9/15/2022. (ztg) (Entered: 02/09/2022) |
| 04/08/2022 | 15 | MOTION to Amend/Correct 1 Complaint, *and Join Additional Defendant* by IOWASKA CHURCH OF HEALING. (Boatwright, William) (Entered: 04/08/2022) |
| 04/18/2022 | | MINUTE ORDER (paperless) GRANTING plaintiff's 15 Motion for Leave to Join Additional Defendant, Re−Caption Case, and Filed Amended Complaint ("Pl.'s Mot."). Under Fed. R. Civ. P. 15(a)(2), after a responsive pleading has been served, a plaintiff may only file an amended complaint with the opposing party's consent or with leave of court. The Court "should freely give leave when justice so requires." *Id.* However, "[l]eave may be denied in cases involving 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, [and] futility of amendment." *Palacios v. MedStar Health Inc.*, 298 F. Supp. 3d 87, 90 (D.D.C. 2018) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Here, plaintiff seeks to file its first amended complaint only to add the United States as a named party to this litigation, with the factual allegations remaining unchanged from the original complaint. *See* Pl.s Mot. at 4. The government agrees that the United States of America "may and should be added as an additional named party pursuant to this Court's jurisdiction under 28 U.S.C. § 1346(e)." *Id.* Accordingly, plaintiff is directed to file the Amended Complaint attached to its motion for leave. The Clerk of the Court is further directed to add the United States of America as a named defendant to this case. Signed by Chief Judge Beryl A. Howell on April 18, 2022. (lcbah2) (Entered: 04/18/2022) |
| 04/21/2022 | 16 | AMENDED COMPLAINT *for Declaratory Relief* against All Defendants filed by IOWASKA CHURCH OF HEALING.(Boatwright, William) (Entered: 04/21/2022) |
| 05/04/2022 | 17 | ANSWER to 16 Amended Complaint by CHARLES P. RETTIG, UNITED STATES OF AMERICA.(Miller, Emily) (Entered: 05/04/2022) |
| 05/04/2022 | 18 | AFFIDAVIT re 16 Amended Complaint by IOWASKA CHURCH OF HEALING. (Boatwright, William) (Entered: 05/04/2022) |
| 05/31/2022 | 19 | ENTERED IN EORROR.....MOTION for Summary Judgment by IOWASKA CHURCH OF HEALING. (Boatwright, William) Modified on 6/1/2022 per counsel request (zeg). (Entered: 05/31/2022) |
| 05/31/2022 | 20 | MOTION for Summary Judgment by IOWASKA CHURCH OF HEALING. (Attachments: # 1 Statement of Facts, # 2 Appendix, # 3 Memorandum in Support |

| | | |
|---|---|---|
| | | Statement of Points of Law, # 4 Text of Proposed Order)(Boatwright, William) (Entered: 05/31/2022) |
| 06/15/2022 | 21 | MOTION for Leave to File *Plaintiff's Unresisted Motion to File Separate Appendix* by IOWASKA CHURCH OF HEALING. (Attachments: # 1 Text of Proposed Order)(Boatwright, William) Modified event title on 6/16/2022 (znmw). (Entered: 06/15/2022) |
| 06/16/2022 | | MINUTE ORDER (paperless) DENYING plaintiff's unopposed 21 Motion to File Separate Appendix and DIRECTING the parties to file a *joint* appendix containing the portions of the administrative record relied upon by both parties in their briefing as directed in the Feb. 9, 2022 Scheduling Order and Local Civil Rule 7(n). Signed by Chief Judge Beryl A. Howell on June 16, 2022. (lcbah2) (Entered: 06/16/2022) |
| 07/01/2022 | 22 | Memorandum in opposition to re 20 MOTION for Summary Judgment filed by CHARLES P. RETTIG, UNITED STATES OF AMERICA. (Attachments: # 1 Response to Plaintiff's Statement of Material Facts, # 2 Text of Proposed Order)(Miller, Emily) (Entered: 07/01/2022) |
| 07/01/2022 | 23 | MOTION for Summary Judgment by CHARLES P. RETTIG, UNITED STATES OF AMERICA. (Attachments: # 1 Memorandum in Support, # 2 Statement of Facts, # 3 Text of Proposed Order)(Miller, Emily) (Entered: 07/01/2022) |
| 08/01/2022 | 24 | Memorandum in opposition to re 23 Motion for Summary Judgment *and Reply to Defendants' Opposition to Plaintiff's Motion* filed by IOWASKA CHURCH OF HEALING. (Boatwright, William) (Entered: 08/01/2022) |
| 08/01/2022 | | NOTICE OF ERROR re 24 Memorandum in Opposition; emailed to bill.boatwright@dentons.com, cc'd 8 associated attorneys — The PDF file you docketed contained errors: 1. **Please note the following deficiency and file/refile document as instructed**, 2. Two−part document; second docket entry is required, 3. Please also file using event Reply to Opposition. (zed, ) (Entered: 08/01/2022) |
| 08/02/2022 | 25 | REPLY to opposition to motion re 20 MOTION for Summary Judgment filed by IOWASKA CHURCH OF HEALING. (Boatwright, William) Modified on 8/2/2022 to add docket relationship (zed). (Entered: 08/02/2022) |
| 09/01/2022 | 26 | REPLY to opposition to motion re 23 MOTION for Summary Judgment filed by CHARLES P. RETTIG, UNITED STATES OF AMERICA. (Miller, Emily) (Entered: 09/01/2022) |
| 09/01/2022 | 27 | Unopposed MOTION to Amend/Correct 20 MOTION for Summary Judgment *for Leave to Amend Statement of Material Facts & Points of Law & Authority* by IOWASKA CHURCH OF HEALING. (Boatwright, William) (Entered: 09/01/2022) |
| 09/01/2022 | 28 | Unopposed MOTION to Amend/Correct 20 MOTION for Summary Judgment *For Leave to Amend Statement of Material Facts & Points of Law & Authority* by IOWASKA CHURCH OF HEALING. (Attachments: # 1 Exhibit Amended Statement of Material Facts, # 2 Exhibit Redlined Amended Statement of Material Facts, # 3 Exhibit Amended Statement of Points of Law and Authority, # 4 Exhibit Redlined Amended Statement of Points of Law and Authority, # 5 Text of Proposed Order)(Boatwright, William) (Entered: 09/01/2022) |
| 09/02/2022 | | MINUTE ORDER (paperless) GRANTING plaintiff's 28 Unopposed Motion for Leave to Amend Statement of Material Facts and Statement of Points of Law and Authority, DENYING AS MOOT plaintiff's 27 Unopposed Motion for Leave to |

| | | |
|---|---|---|
| | | Amend Statement of Material Facts and Statement of Points of Law and Authority, and DIRECTING plaintiff to file on the docket the revised motion for summary judgment materials, submitted as exhibits to 28 Unopposed Motion for Leave to Amend. Signed by Chief Judge Beryl A. Howell on September 2, 2022. (lcbah2) (Entered: 09/02/2022) |
| 09/06/2022 | 29 | ADMINISTRATIVE RECORD *and Index of Exhibits* by CHARLES P. RETTIG, UNITED STATES OF AMERICA. (Attachments: # 1 Exhibit 2, # 2 Exhibit 3, # 3 Exhibit 4, # 4 Exhibit 5, # 5 Exhibit 6, # 6 Exhibit 7, # 7 Exhibit 8, # 8 Exhibit 9, # 9 Exhibit 10, # 10 Exhibit 11, # 11 Exhibit 12, # 12 Exhibit 14, # 13 Exhibit 15, # 14 Exhibit 17, # 15 Exhibit 18)(Miller, Emily) (Entered: 09/06/2022) |
| 09/08/2022 | 30 | NOTICE *of Filing Courtesy Copy of Exhibits* by CHARLES P. RETTIG, UNITED STATES OF AMERICA re 29 Administrative Record, (Miller, Emily) (Entered: 09/08/2022) |
| 03/31/2023 | 31 | ORDER DENYING plaintiff's 20 Motion for Summary Judgment and GRANTING defendants' 23 Cross−Motion for Summary Judgment. See Order for further details. Signed by Judge Beryl A. Howell on March 31, 2023. (lcbah4) (Entered: 03/31/2023) |
| 03/31/2023 | 32 | MEMORANDUM OPINION regarding plaintiff's 20 Motion for Summary Judgment and defendants' 23 Cross−Motion for Summary Judgment. Signed by Judge Beryl A. Howell on March 31, 2023. (lcbah4) (Entered: 03/31/2023) |
| 05/26/2023 | 33 | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 31 Order on Motion for Summary Judgment by IOWASKA CHURCH OF HEALING. Filing fee $ 505, receipt number ADCDC−10097723. Fee Status: Fee Paid. Parties have been notified. (Boatwright, William) (Entered: 05/26/2023) |

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

**333 Constitution Avenue, NW**
**Washington, DC 20001-2866**
**Phone: 202-216-7000 | Facsimile: 202-219-8530**

Plaintiff: **IOWASKA CHURCH OF HEALING**

vs.

Civil Action No.   21-02475 (BAH)

Defendant: **THE UNITED STATES OF AMERICA, et al**

## CIVIL NOTICE OF APPEAL

Notice is hereby given this _26_ day of _May_ 20_23_, that

**Iowaska Church of Healing**

hereby appeals to the United States Court of Appeals for the District of Columbia Circuit from the

judgment of this court entered on the _31_ day of _March_, 20_23_, in

favor of _the Defendant, United States of America, et al_

against said _Plaintiff, Iowaska Church of Healing_

Attorney/Pro Se Party Signature: _____

Name: William A. Boatwright

Address: Dentons Davis Brown PC

215 10th Street, Ste. 1300

Des Moines, IA  50309

Telephone: ( 515 ) 288-2500

(Pursuant to Rule 4(a) of the Federal Rules of Appellate Procedure a notice of appeal in a civil action must be filed within 30 days after the date of entry of judgment or 60 days if the United States or officer or agency is a party)

USCA Form 13
Rev. June 2017

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IOWASKA CHURCH OF HEALING, | |
| Plaintiff, | |
| v. | Civil Action No. 21-02475 (BAH) |
| UNITED STATES OF AMERICA, *et al.*, | Judge Beryl A. Howell |
| Defendants. | |

## ORDER

Upon consideration of the plaintiff's Motion for Summary Judgment, ECF No. 20, defendants' Cross-Motion for Summary Judgment, ECF No. 23, the legal memoranda in support and in opposition, and the exhibits attached thereto, and the entire record herein, for the reasons set forth in the accompanying Memorandum Opinion, it is hereby:

**ORDERED** that defendants' Cross-Motion for Summary Judgment, ECF No. 23, is **GRANTED**; it is further

**ORDERED** that plaintiff's Motion for Summary Judgment, ECF No. 20, is **DENIED**; it is further

**ORDERED** that the Clerk of the Court is directed to close this case.

**SO ORDERED**.

Date: March 31, 2023

*This is a final and appealable order.*

_____
BERYL A. HOWELL
U.S. District Court Judge

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| IOWASKA CHURCH OF HEALING, |
| Plaintiff, |
| v. |
| UNITED STATES OF AMERICA, *et al.*, |
| Defendants. |

Civil Action No. 21-02475 (BAH)

Judge Beryl A. Howell

**MEMORANDUM OPINION**

Plaintiff Iowaska Church of Healing is a non-profit organization whose members' sincerely-held religious belief partly involves the consumption of the Sacrament of Ayahuasca ("Ayahuasca"), a tea brewed from South American plants that contains a drug illegal under federal law. Pl.'s SMF ¶¶ 5-6, 14-15, ECF No. 20-1. On January 10, 2019, plaintiff filed Form 1023 with the Internal Revenue Service ("IRS"), requesting recognition as a tax-exempt organization, pursuant to 26 U.S.C. § 501(c)(3) of the Internal Revenue Code of 1986, and as a church within the meaning of 26 U.S.C. § 170(b)(1)(A)(i). *Id.* ¶ 35. The IRS denied that application, both because plaintiff was not organized and did not operate exclusively for exempt purposes and because using Ayahuasca is illegal under federal law and violates public policy. AR, Ex. 18 at 1 ("IRS Determination Letter").[1]

Plaintiff sued the IRS's administrator, in his official capacity, and the federal government, claiming, first, that the IRS erred in its analyses of application of both § 501(c)(3) and

---

[1] The Administrative Record ("AR") in this case is voluminous and, in accordance with the local rules, the parties filed a Joint Appendix, containing portions of the AR cited or otherwise relied upon for the pending motions. See D.D.C. LCvR 7(n); Joint App'x at 1, ECF No. 29. The 303-page Joint Appendix is docketed in eighteen separate attachments, see ECF Nos. 29-1–18. For clarity, "AR" citations herein are to those documents from the administrative record found in the Joint Appendix.

1

§ 170(b)(1)(A)(i), and, second, that the IRS's decision violated plaintiff's rights under the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. § 2000bb *et seq. See generally* Am. Compl., ECF No. 16.  The parties have now filed cross-motions for summary judgment on both claims. *See* Pl.'s Mot. for Summ. J. ("Pl.'s Mot."), ECF No. 20; Pl.'s Mem. Supp. Mot. for Summ. J. ("Pl.'s Mem."), ECF No. 20-3; Def.'s Opp'n to Pl.'s Mot. for Summ. J. & Cross-Mot. for Summ. J. ("Defs.' Cross-Mot."), ECF No. 23; *see also* Def.'s Mem. Supp. Opp'n to Pl.'s Mot. for Summ. J. & Cross-Mot. for Summ. J. ("Defs.' Mem."), ECF No. 23-1.  For the reasons below, defendants' cross-motion is granted, and plaintiff's motion is denied.

## I.   BACKGROUND

The relevant factual and procedural background is described below.

### A.   Factual Background

The material facts are not disputed.  Plaintiff was incorporated, in Iowa, as a nonprofit religious corporation, on September 24, 2018, under Iowa Code § 504.141(38).  AR, Ex. 4 at 19. Since March 19, 2019, plaintiff has also been registered to do business in Florida.  Pl.'s SMF ¶ 1. Plaintiff's self-described mission is "to offer the public access to spiritual growth, development and healing through the sacred Sacrament of Ayahuasca," *id.* ¶ 5, which is a tea brewed from plants native to South America that contain dimethyltryptamine ("DMT"), *id.* ¶¶ 14-15.  DMT is classified as a Schedule I drug under the Controlled Substances Act ("CSA"), *see* 21 U.S.C. § 812, Schedule I(c)(6).[2]  Certain communities can apply and receive a religious exemption under the CSA from the Drug Enforcement Administration ("DEA") to use Ayahuasca, pursuant to the

---

[2]       The Drug Enforcement Administration describes DMT as follows: "DMT is used for its psychoactive effects. The intense effects and short duration of action are attractive to individuals who want the psychedelic experience but do not choose to experience the mind altering perceptions over an extended period of time as occurs with other hallucinogens[.]" DEA, Diversion Control Division, Drug & Chemical Evaluation Section, N,N-Dimethyltryptamine (DMT) (December 2019), https://perma.cc/X7DB-P3EY.

Supreme Court's decision in *Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal*, 546 U.S. 418, 439 (2006) ("*O Centro*") (holding that, at the preliminary injunction stage, the government had failed, under RFRA, to demonstrate a compelling interest justifying the substantial burden on the plaintiff organizations' sincerely-held religious belief in using "*hoasca*"). Plaintiff applied for such a CSA exemption with the DEA on February 28, 2019, but that application remains pending.  AR, Ex. 7 at 9.  Meanwhile, plaintiff, as of August 18, 2019, voluntarily suspended all its ceremonies while awaiting DEA's decision on the requested CSA exemption allowing legal use of Ayahuasca by plaintiff's members.  Pl.'s SMF ¶¶ 28-29, 36; AR, Ex. 11 at 5.  Apart from giving its members the Sacrament of Ayahuasca, plaintiff's religious ceremonies include sacred prayers, singing, music, reflections and readings from the *Ayahuasca Manifesto*, which is the foundation of plaintiff's religious doctrine, as well as readings from the *Universal Laws of Respect*.  Pl.'s SMF ¶¶ 17-18.[3]

Plaintiff has had as many as twenty members living in different states and foreign countries, and generally holds its ceremonies on weekends, with members staying in frequent contact with the plaintiff's "healers" to help guide them through their daily struggles before and after they attend and participate in ceremonies.  *Id.* ¶¶ 19-22, 26.  Becoming a member costs $60, AR, Ex. 5 at 4, and members were required to pay $333 per ceremony in 2019, AR, Ex. 7 at 5.

The month before filing the application for a CSA exemption with DEA, plaintiff submitted, on January 10, 2019, an application to the IRS, seeking to obtain tax-exempt status, under 26 U.S.C. § 501(c)(3).  Pl.'s SMF ¶ 35.  The IRS requested, on July 3, 2019, additional

---

[3]     Plaintiff planned for its leadership to devote 40 percent of their time to "Weekend Ceremonies and Services," 10 percent of their time to "Spiritual meditation, prayer, and preparation for weekend Ceremonies and Services," 20 percent of their time to "Email preparation, paperwork and phone correspondence with prospective Members," 15 percent of their time to "Spiritual coaching and continued integration with Members on the phone or in person," 10% percent of their time to "Site cleaning, maintenance, supply shopping, travel, meal preparation," and 5 percent of their time to "Record keeping, documentation, legal correspondence, planning." AR, Ex. 7 at 2–3.

information from plaintiff, which promptly responded on July 25, 2019. *Id.* ¶¶ 37-38.  The IRS issued a second informational request, on September 10, 2019, questioning the legality of plaintiff's ceremonial use of Ayahuasca under federal and state law without having first received a CSA exemption from the DEA, *id.* ¶ 39, to which plaintiff responded on October 4, 2019, explaining that the Supreme Court and the government acknowledged in *O Centro* that the sacramental use of Ayahuasca is a sincere exercise of religion under the First Amendment, *id.* ¶ 40. The IRS again questioned plaintiff's use of Ayahuasca without having received a CSA exemption in a third informational request on February 4, 2020, *id.* ¶ 41, to which plaintiff again reiterated its view that *O Centro* made the IRS's concern a non-issue, *see id.* ¶ 42.

The IRS issued, on June 16, 2020, a proposed adverse determination letter recommending denial of plaintiff's request to be classified as a charitable organization, under 26 U.S.C. § 501(c)(3), and as a church, under 26 U.S.C. § 170(b)(1)(A)(i), *see* AR, Ex. 12 at 8–11, explaining that plaintiff's "primary purpose of conducting activities utilizing [Ayahuasca] violates federal law" since plaintiff had not "sought relief in the courts" or "received the exemption to the CSA" from the DEA.  AR, Ex. 12 at 11.  Plaintiff appealed that determination, and on June 28, 2021, the IRS's Independent Office of Appeals issued a final adverse determination finding that plaintiff did not qualify for the section 501(c)(3) exemption, explaining that plaintiff was not organized nor operated exclusively for exempt purposes, and plaintiff's activities were illegal under federal law and violated public policy.  IRS Determination Letter at 1.

### B.     Procedural History

Plaintiff filed the instant complaint, on September 22, 2021, challenging the IRS's section 501(c)(3) and section 170(b)(1)(A)(i) determinations, under 26 U.S.C. § 7428, Compl. ¶¶ 29-33, ECF No. 1, and on grounds that the IRS's determination that plaintiff's activities are illegal violates the RFRA by substantially burdening plaintiff's exercise of religion, *see* Compl.

4

¶¶ 34-37.[4]  Plaintiff later filed an Amended Complaint to add the United States as an additional defendant in the litigation, *see* Am. Compl; Minute Order (Apr. 18, 2022) (authorizing filing of Amended Complaint).  The parties' pending cross-motions for summary judgment are now ripe for review.

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 56, "[a] party is entitled to summary judgment only if there is no genuine issue of material fact and judgment in the movant's favor is proper as a matter of law."  *Soundboard Ass'n v. FTC*, 888 F.3d 1261, 1267 (D.C. Cir. 2018) (quoting *Ctr. for Auto Safety v. Nat'l Highway Traffic Safety Admin.*, 452 F.3d 798, 805 (D.C. Cir. 2006)); *see also* Fed. R. Civ. P. 56(a).  When parties file cross-motions for summary judgment, each motion is viewed separately, in the light most favorable to the non-moving party, with the court determining, for each side, whether the Rule 56 standard has been met.  *See Baylor v. Mitchell Rubenstein & Associates, P.C.*, 857 F.3d 939, 952 (D.C. Cir. 2017) (when considering "cross-motions for summary judgment, [courts] must accord both parties the solicitude owed non-movants"); *see also CEI Wash. Bureau, Inc. v. DOJ*, 469 F.3d 126, 129 (D.C. Cir. 2006) (noting that "[i]t is of no moment that the parties filed cross-motions for summary judgment and that neither party explicitly argued that there are genuine disputes about material facts" because "[a] cross-motion for summary judgment does not concede the factual assertions of the opposing motion."); *Sherwood v. Washington Post*, 871 F.2d 1144, 1147 n.4 (D.C. Cir. 1989) ("The rule governing cross-motions

---

[4]       Section 7428 requires organizations seeking judicial review of the IRS's section 501(c)(3) determinations to first exhaust administrative remedies.  Specifically, the statute provides that, "[a]n organization requesting the determination . . . shall be deemed to have exhausted its administrative remedies with respect to a failure by the Secretary [of the Department of the Treasury] to make a determination with respect to such issue at the expiration of 270 days after the date on which the request for such determination was made if the organization has taken, in a timely manner, all reasonable steps to secure such determination."  26 U.S.C. § 7428(b)(2).  Given that plaintiff took all reasonable steps to secure a determination in a timely manner, and not having received a determination before 270 days had elapsed after its request was submitted, plaintiff has satisfied the jurisdictional requirements of section 7428(b)(2).

for summary judgment . . . is that neither party waives the right to a full trial on the merits by filing its own motion; each side concedes that no material facts are at issue only for the purposes of its own motion." (quoting *McKenzie v. Sawyer*, 684 F.2d 62, 68 n.3 (D.C. Cir. 1982))).

## III.   DISCUSSION

Defendants seek summary judgment on both of plaintiff's claims, contending, first, that plaintiff's § 501(c)(3) application was properly denied since plaintiff is not organized and operated exclusively for tax-exempt purposes; and, second, that plaintiff lacks Article III standing to raise a RFRA claim because the cause of plaintiff's claimed injury in not being able to use Ayahuasca in religious ceremonies is not traceable to the IRS's denial of plaintiff's § 501(c)(3) application, but rather DEA's inaction on plaintiff's CSA exemption application, and thus, even were plaintiff to prevail on the RFRA claim, plaintiff's injury would not be redressed in this lawsuit.  *See* Defs.' Mem. at 6–19.

Defendants are right as to both claims.  The IRS correctly determined that plaintiff was not eligible for tax-exempt status under § 501(c)(3), and plaintiff lacks Article III standing to raise its RFRA claim.  In short, defendants are entitled to summary judgment, as explained in more detail below.

### A.   Count I: Plaintiff Is Not Entitled to Tax-Exempt Status

An organization is entitled to an exemption from federal income taxation, under the Internal Revenue Code's section 501(c)(3), upon satisfying the following requirements: (1) the organization is "organized and operated exclusively" for one of several enumerated public purposes, including, as relevant here, for "religious" purposes; (2) "no part of the net earnings" of the organization "inure[] to the benefit of any private shareholder or individual;" (3) "no substantial part" of the organization's "activities" involves the attempt "to influence legislation;" and (4) the organization "does not participate in" any "political campaign."  26 U.S.C. § 501(c)(3).

When those requirements are met, an organization may nonetheless be denied tax-exempt status if the exemption-related activities violate public policy. *See generally Bob Jones Univ. v. United States*, 461 U.S. 574 (1983).

Here, the IRS correctly determined that plaintiff falls short of meeting the first requirement, as plaintiff is not organized and operated exclusively for exempt purposes, plus its activities violate public policy in that use of Ayahuasca remains illegal under federal law, namely, the CSA. *See* IRS Determination Letter at 1. The first requirement is strictly construed, as exemptions from federal income tax are matters of "legislative grace." *See Village of Schaumburg v. Citizens for a Better Env't*, 444 U.S. 620, 643 n.2 (1980) (Rehnquist, C.J., dissenting); *accord New Dynamics Found. v. United States*, 70 Fed. Cl. 782, 798–99 (Ct. Fed. Cl. 2006). As such, to meet the elements of the first requirement, an organization must pass both an "organizational test" and an "operational test." 26 C.F.R. § 1.501(c)(3)-1(a)(1); *see also Fam. Tr. of Mass., Inc. v. United States*, 892 F. Supp. 2d 149, 158 (D.D.C. 2012), aff'd, 722 F.3d 355 (D.C. Cir. 2013).

To be "organized" for one or more exempt purposes, the organization's articles of incorporation must "limit" the organization's purposes to exempt purposes and, importantly, "not expressly empower" the organization to engage in non-exempt purposes. 26 C.F.R. § 1.501(c)(3)-1(b)(1)(A)–(B). Plaintiff's Articles of Incorporation state that its organizational purpose is, *inter alia*, to "offer the public access to spiritual growth, development and healing through the sacred Sacrament of Ayahuasca" and "provide necessary information to all participants of sacred healing ceremonies involving the consumption of the Sacrament of Ayahuasca." AR, Ex. 3 at 6; *see also* Pl.'s SMF ¶ 5. In other words, these Articles make explicit the organization's purpose to distribute and facilitate the use of Ayahuasca. Plaintiff has not obtained a CSA exemption that would render such ceremonial distribution and use legal, so that substantial purpose remains in violation of

7

federal law.   Accordingly, the IRS correctly concluded that plaintiff could not pass the organizational test.  *See, e.g.*, *Mysteryboy Incorporation v. Comm'r*, 99 T.C.M (CCH) 1057 (T.C. 2010) (determining that an organization was not organized exclusively for an exempt purpose where "petitioner proposes to operate in a manner that promotes activities which are prohibited by Federal and State laws, violate public policy as reflected in those laws, and tend to promote illegal activities").

Likewise, to be "operated" exclusively for exempt purposes, the organization must be "engage[d] primarily in activities which accomplish" those exempt purposes and will fail the operational test "if more than an insubstantial part of its activities is not in furtherance of an exempt purpose."  26 C.F.R. § 1.501(c)(3)-1(c)(1).  "This plainly means that the presence of a single [non-exempt] purpose, if substantial in nature, will destroy the exemption regardless of the number or importance of truly [non-exempt] purposes."  *Better Bus. Bureau of Washington, D.C., Inc. v. United States*, 326 U.S. 279, 283 (1945).  Again, plaintiff's primary mission is to use "the sacred Sacrament of Ayahuasca" in order "to offer the public access to spiritual growth, development and healing," Pl.'s SMF ¶ 5, and the bulk of the organization's time is devoted to conducting or preparing for weekend ceremonies in which Ayahuasca is to be distributed to participating members at an estimated cost of $333 per participant per ceremony.  AR Ex. 7 at 2–3.  Absent a CSA exemption, plaintiff's primary activities therefore amount to the illegal distribution and promotion of the use of a controlled substance, a non-exempt purpose.  As a result, plaintiff's attempt to identify "other purposes and activities" in which members may collectively engage as exempt under the statute—namely the "education of the public, the relief of the poor and distressed, and the promotion of social welfare," Pl.'s Mem. at 24—must fail, because the most

substantial and time-consuming activities for plaintiff's members already disqualify plaintiff for the exemption.

Plaintiff's main counterargument, which was previously presented to and rejected by the IRS in making the challenged adverse determination, is that *O Centro* establishes that "the sacramental consumption of Ayahuasca [is] a sincere and lawful exercise of one's religion," and therefore that its purposes are conclusively religious in nature. *See* Pl.'s Mem. at 18–24. Yet, *O Centro* addressed religious Ayahuasca use in an entirely different legal context, and its holding is a far cry from mandating that all Ayahuasca-promoting organizations are entitled to section 501(c)(3) tax exempt status. That case does not concern tax exemptions at all, and instead assesses a claim that the government's application of the CSA to the ceremonial use of Ayahuasca by a United-States branch of a long-standing Brazilian Christian Spiritist sect violated RFRA. *See O Centro*, 546 U.S. at 425–26. At the preliminary injunction stage, "the Government conceded that the challenged application of the Controlled Substances Act would substantially burden a sincere exercise of religion by the [organization]," thereby establishing the church's *prima facie* RFRA claim. *Id.* at 426. As such, the only issue remaining in that case was whether the government could meet its rebuttal burden that applying the CSA "uniform[ly]," "such that no exception to the ban on use of the hallucinogen can be made to accommodate the sect's sincere religious practice," was the least restrictive means of advancing a "compelling government interest." *Id.* at 423 (emphasis omitted). The Supreme Court determined that the government had not met its burden. *Id.* at 439. Consequently, the holding in *O Centro* stands only for the principle that obtaining a CSA exception for religious use of Ayahuasca is possible, if such use is in fact a sincere religious exercise. The flaw in plaintiff's reliance on *O Centro* here, is that plaintiff has still not obtained that CSA exception—and whether plaintiff's showing made to the DEA is sufficient to qualify for

this exemption remains an open question that is not before this Court. *O Centro* simply does not stand for plaintiff's asserted holding, that all Ayahuasca use is necessarily religious, and that case certainly does not establish that all organizations making use of Ayahuasca are entitled to an exemption from income tax, which is the issue pending here.[5]

Plaintiff therefore falls short of its burden of demonstrating that it meets the requirements of section 501(c)(3). *See Educ. Assistance Found. for Descendants of Hungarian Immigrants in Performing Arts, Inc. v. United States*, 111 F. Supp. 3d 34, 38–39 (D.D.C. 2015) (explaining that "while the [reviewing] [c]ourt must review the IRS' determination *de novo*, the [plaintiff] still carries the burden of demonstrating that it has met the requirement of the statute under which it claims tax exemption") (quoting *Airlie Found.*, 283 F.Supp.2d at 61). The IRS correctly concluded that, until plaintiff obtains a CSA exemption, its promotion and use of Ayahuasca remains illegal under federal law, and plaintiff is neither organized nor operated exclusively for public purposes. As a result, plaintiff is not entitled to an exemption from income tax under section 501(c)(3).[6]

### B.    Count II: Plaintiff Lacks Standing Here To Assert RFRA Claim

RFRA provides that the government "shall not substantially burden a person's exercise of religion," unless the government can "demonstrate[] that application of the burden to the person (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest."  42 U.S.C. § 2000bb-1(a), (b)j.  "A person

---

[5]    Plaintiff also points out that the IRS has approved tax-exempt status under section 501(c)(3) for other organizations that use Ayahuasca, Pl.'s Reply Supp. Mot. for Summ. J at 4–6 ("Pl.'s Reply"), ECF No. 25, but the IRS's determinations as to those organizations is irrelevant because the Section 501(c)(3) analysis turns on the law as applied to record presented by plaintiff, not some other organization.  In plaintiff's case, the IRS reasonably found to be determinative that plaintiff had not obtained a CSA exemption, meaning that its organizational purposes and operations remained illegal.  Other organizations making use of Ayahuasca, like the church in *O Centro*, may have received CSA exemptions, putting any section 501(c)(3) analysis in a different posture due to that difference in status.

[6]    The parties dispute whether plaintiff would qualify as a church, under Section 170(b)(1)(A)(i), *see* Pl.'s Mem. at 26–32; Defs.' Mem. at 16–21, ECF No. 23-1, but since an exemption under section 501(c)(3) is a prerequisite to making such a classification, *see* 26 U.S.C. § 509(a), this dispute need not be addressed or resolved.

whose religious exercise has been burdened . . . may assert that violation as a claim or defense in a judicial proceeding and obtain appropriate relief against a government." *Id.* § 2000bb-1(c). To assert a *prima facie* claim under RFRA, plaintiff must show that the government's action imposes a substantial burden on her sincere exercise of religion. *See Singh v. Berger*, 56 F.4th 88, 97 (D.C. Cir. 2022). Plaintiff contends that this *prima facie* burden has been satisfied here since *O Centro* establishes that plaintiff's use of Ayahuasca is a sincere exercise of religion under the First Amendment, and the IRS's "denial of [plaintiff's] exemption application under the blanket rationale of illegality substantially burdened [plaintiff's] exercise of its religion[.]" Pl.'s Mem. at 34.

As an initial matter, and discussed *supra* in Part III.A., plaintiff misreads the scope of the Supreme Court's ruling in *O Centro*. To reiterate, the Supreme Court did not hold that all use of Ayahuasca was protected by RFRA, but merely that the government had, at the preliminary-injunction stage of the litigation, failed to satisfy its burden in justifying a compelling interest to bar the *O Centro* plaintiff's use of Ayahuasca. 546 U.S. at 439. Moreover, as defendants point out, Defs.' Mem. at 17–18 & n.7, the CSA authorizes the Attorney General to create exemptions from the prohibitions on handling controlled substances, *see* 21 U.S.C. § 822(d), and individuals seeking a CSA exemption must file a written request to the DEA Administrator to obtain that exemption, as plaintiff has done here. *See* 21 C.F.R. § 1307.03; *see also* DEA, *Diversion Control Division, Guidance Regarding Petitions for Religious Exemption from the Controlled Substances Act Pursuant to the Religious Freedom Restoration Act (Revised)* (updated Nov. 20, 2020), https://perma.cc/VE74-SQMH (outlining DEA's petition process for those seeking RFRA exemptions). Should DEA deny plaintiff's application for a CSA exemption, plaintiff may challenge the DEA Administrator's determination under *O Centro*, but that claim must be raised

11

against the DEA and only after a final determination is made on its application, not before and not against the IRS.

Plaintiff's *O Centro* argument foreshadows the principal, and fatal, problem with plaintiff's RFRA claim: plaintiff lacks Article III standing to raise that claim in this lawsuit.  Article III of the Constitution restricts the power of federal courts to hear only "Cases" and "Controversies." U.S. CONST. art. III, § 2, cl. 1; *see also Fla. Audubon Soc'y v. Bentsen*, 94 F.3d 658, 661 (D.C. Cir. 1996) (*en banc*) ("The Constitution limits the jurisdiction of federal courts to actual cases or controversies between proper litigants.").   "The doctrine of standing gives meaning to these constitutional limits by 'identify[ing] those disputes which are appropriately resolved through the judicial process.'" *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 157 (2014) (alteration in original) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)).  To establish Article III standing, plaintiff must allege sufficient facts to show the following: (1) an "injury in fact" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical[,]" *Lujan*, 505 U.S. at 560 (quotation marks omitted); (2) "a causal connection between the injury and the conduct complained of," *id.* (quotation marks omitted); and (3) it "be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision[,]" *id.* (quotation marks omitted); *accord Spokeo, Inc. v. Robbins*, 578 U.S. 330, 338 (2016).  The plaintiff bears the burden of proof on standing, and at summary judgment, the plaintiff must support all factual assertions for each standing element with specific evidence.  *Humane Soc'y of the United States v. Perdue*, 935 F.3d 598, 602 (D.C. Cir. 2019).  Moreover, "standing is not dispensed in gross," so "a plaintiff must demonstrate standing for each claim he seeks to press and for each form of relief that is sought."  *Town of Chester, N.Y. v. Laroe Ests., Inc.*, 581 U.S. 433, 439 (2017) (quoting *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 734 (2008)).

12

Plaintiff's theory for standing reasons as follows.  First, plaintiff has suffered an "injury in fact" because its members cannot exercise their sincerely held religious beliefs by consuming Ayahuasca as part of plaintiff's ceremonies.  Pl.'s Reply at 10–11. [7]  Second, plaintiff's injury is "fairly traceable" to the IRS's denial of plaintiff's application for tax-exempt status because "its primary injury—the fear that it cannot practice its religion—stems from the [IRS's] adverse determination letter and its actions leading up to it, beginning with its second [i]nformation [r]equest." *Id.* at 13.  Third, a favorable decision redresses the plaintiff's injury because plaintiff "will no longer live under the shadow of the 'illegal' label the [IRS] [has] applied to their religious beliefs and practices," and plaintiff "will be able to provide the DEA with proof of its exempt status to bolster its religious exemption application on file with that agency." *Id.* at 16.

Assuming, *arguendo*, that plaintiff has satisfied the "injury in fact" requirement, this injury is neither traceable to the IRS's denial of plaintiff's application nor redressable with a favorable ruling here.  For starters, plaintiff's inability to use Ayahuasca does not stem from the IRS Determination Letter, but rather from the CSA's ban on using DMT, and plaintiff's lack of a CSA exemption thus far.  If DEA were to deny plaintiff's requested CSA exemption, which has yet to transpire, that decision would only be fairly traceable to the DEA Administrator's decision—not any action by the IRS, which has no authority to address plaintiff's application for a CSA exemption for its members to use Ayahuasca. *Cf. Grocery Mfrs. Ass'n v. E.P.A.*, 693 F.3d 169,

---

[7]     Plaintiff also asserts two other injures: (1) "the shadow of the 'illegal' label the [IRS has] applied to their religious beliefs and practices," and (2) the economic injury of lost membership income and potential charitable contributions, Pl.'s Reply at 16, but neither of these injures confer standing.  Plaintiff's claimed reputational injury is not sufficiently concrete since the record contains no evidence that the IRS Determination Letter has caused any stigmatic harm. *See Alamo v. Clay*, 137 F.3d 1366, 1370 (D.C. Cir. 1998) (holding that bald claim of reputational injury fails to satisfy the "injury in fact" requirement because the plaintiff "failed to show that any stigma which might be read into the [government's] decision would actually have any detrimental consequences").  Furthermore, plaintiff's claimed economic injury, even if this could satisfy the injury-in-fact requirement, flunks the traceability and redressability requirements because such injury depends entirely on the independent decisions of third-party donors. *See Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 413 (2013).

176–77 (D.C. Cir. 2012) (holding that the plaintiff—a group representing petroleum producers challenging the Environmental Protection Agency's grant of partial waivers approving the introduction of a type of gasoline blend into the market—failed to satisfy the "fairly traceable" requirement because the action did "not force, require, or even encourage fuel manufacturers or any related entity to introduce the new fuel; it simply permit[ed] them to do so").

Moreover, plaintiff cannot satisfy the "fairly traceable" requirement by claiming that the IRS Determination Letter would "likely put [its] pending DEA religious exemption application at [a] much higher risk of being denied[,]" Pl.'s Reply at 9–11, because plaintiff has not shown that the IRS's § 501(c)(3) determination has or will have any impact on DEA's final decision, and any connection between the two is, at best, speculative  *See Clapper*, 568 U.S. at 413 (holding that plaintiffs, who alleged that the government was unlawfully gathering sensitive communications with their clients under the Foreign Intelligence Surveillance Act of 1978, 50 U.S.C. § 1801 *et seq.*, did not satisfy the "fairly traceable" requirement because they could "only speculate as to whether any (asserted) interception would be under § 1881a or some other authority" under federal law).[8]

For similar reasons, a favorable decision for plaintiff on its RFRA claim against the IRS does not redress plaintiff's ultimate injury—their members' ability lawfully to use Ayahuasca in ceremonies—since granting plaintiff tax-exempt status will not necessarily lead to DEA's approval of plaintiff's CSA exemption application.  To be sure, DEA is subject to the Supreme Court's decision in *O Centro*, and would have to square a denial of plaintiff's application with *O Centro*

---

[8]     Plaintiff maintains, correctly, that "[t]raceability in the Article III standing context '"is not equivalent to a requirement of tort causation[,]"' and is instead "designed to ensure that the injury complained of is 'not the result of the independent action of some third party not before the court,'" Pl.'s Reply at 13 (quoting *Nader v. The Democratic Nat. Comm.*, 555 F.Supp. 2d 137, 149–50 (D.D.C. 2008)), yet ignores how its theory for traceability falls short of satisfying this fundamental standing test.  Bluntly put, plaintiff claims injury from the independent and pending action of DEA regarding plaintiff's application for a CSA exemption, even though the DEA is not party to this lawsuit.

as plaintiff points out, *see* Pl.'s Reply at 15, but granting plaintiff tax-exempt status here would have no effect on how DEA applies *O Centro* to plaintiff's CSA exemption application. *See Clapper*, 568 U.S. at 413 ("[W]e have been reluctant to endorse standing theories that require guesswork as to how independent decisionmakers will exercise their judgment."); *Whitmore v. Arkansas*, 495 U.S. 149, 159–60 (1990) ("It is just not possible for a litigant to prove in advance that the judicial system will lead to any particular result in his case.").

For the foregoing reasons, plaintiff has not satisfied the requirements for standing under Article III as to its RFRA claim, and subject matter jurisdiction is therefore lacking for this Court to adjudicate the merits of this claim.

## IV.    CONCLUSION

For the foregoing reasons, summary judgment must be granted to defendants on Counts I and II.  An Order consistent with this Memorandum Opinion will be entered contemporaneously.

Date:  March 31, 2023

_____
BERYL A. HOWELL
U.S. District Court Judge

15